John H. Eickemeyer (JE-8302)
Daniel C. Green (DG-0059)
VEDDER PRICE P.C.
1633 Broadway, 47th Floor
New York, New York 10019

Daniel J. Standish (*pro hac vice*)
Marc E. Rindner (*pro hac vice*)
Cara Tseng Duffield (*pro hac vice*)
WILEY REIN LLP
1776 K Street NW
Washington, D.C. 20006

*Attorneys for Plaintiff Arch Insurance Company*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **ARCH INSURANCE COMPANY,** | ) |
| **Plaintiff,** | ) |
| v. | ) No. 08-CIV-5252 (GEL) |
|  | ) ECF Case |
| **JOHN D. AGOGLIA, et al.,** | ) |
| **Defendants.** | ) |

**PLAINTIFF ARCH INSURANCE COMPANY'S**
**STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL**
<u>**RULE 56.1 IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**</u>

NEWYORK/#197886.1

Plaintiff Arch Insurance Company ("Arch") submits this statement of undisputed facts pursuant to Local Rule 56.1.

**The Arch Policy**

1. Arch issued an excess directors, officers and corporate liability policy to Refco, Inc. ("Refco"). The Arch Policy has a limit of liability of $10 million excess of $40 million in underlying insurance. See IJX 30 to Declaration of John H. Eickemeyer ("Eickemeyer Decl.").[1]

2. Various other insurers issued underlying insurance policies to Refco. U.S. Specialty Insurance Company issued a primary policy with limits of $10 million excess of applicable retentions (the "Primary Policy"). See IJX 26 to Eickemeyer Decl.

3. Lexington Insurance Company issued a first excess policy with limits of $7.5 million excess of $10 million (the "Lexington Policy"). See IJX 27 to Eickemeyer Decl.

4. Axis Reinsurance Company issued a second excess policy with limits of $10 million excess of $17.5 million (the "Axis Policy"). See IJX 28 to Eickemeyer Decl.

5. Allied World Assurance Company issued a third excess policy with limits of $12.5 million excess of $27.5 million (the "AWAC Policy"). See IJX 29 to Eickemeyer Decl.

6. In general, the Arch Policy applies in conformance with the terms and conditions of the Primary Policy and in conformance with the terms and conditions of the Arch Policy or any other underlying insurance "further limiting or restricting coverage." Arch Policy, IJX 30, Section I.C. The Arch Policy specifically provides that "[i]n no event shall this Policy grant

---

[1] The designation "IJX" ("Insurers' Joint Exhibits") refers to those exhibits relied upon by the insurers in the actions *XL Specialty Insurance Company v. Agoglia, et al.*, No. 08-civ-3821 (GEL) (S.D.N.Y.), *Murphy, et al. v. Allied World Assurance Co. (U.S.), Inc. and Arch Ins. Co.*, No. 08-Civ-4196 (GEL), and the instant action. True and correct copies of the IJX exhibits have been filed in the *XL Specialty* action and are incorporated by reference into the Eickemeyer Declaration.

1

broader coverage than that provided by the most restrictive policy included in the Underlying Insurance." *Id*.

    7.    The Arch Policy contains the following provision:

> If *any* Insured as of August 11, 2005 has any knowledge of or information concerning any act, error, omission, fact, matter or circumstance that might give rise to a Claim under this Policy, the [] Insurer shall not be liable to make any payment under this Policy as a result of a Claim arising out of, based upon or attributable to any such act, error, omission, fact, matter or circumstance.

Arch Policy, IJX 30, Endorsement No. 4 (the "Arch Prior Knowledge Exclusion") (emphasis added). The inclusion of the Arch Prior Knowledge Exclusion in the Arch Policy is consistent with the binder Arch issued to Refco. *See* Ex. J to Eickemeyer Decl.

    8.    The AWAC Policy contains the following exclusion:

> the Insurer shall not be liable for Loss in connection with any claim or claims made against the Insureds . . . alleging, arising out of, based upon, in consequence of, or attributable to facts or circumstances of which *any* Insured had knowledge as of inception and (i) which a reasonable person would suppose might afford valid grounds for a claim which would fall within the scope of the coverage hereunder, or (ii) which indicate the probability of any such claim.

AWAC Policy, IJX 29, Endorsement No. 3 (the "AWAC Prior Knowledge Exclusion") (emphasis added). The inclusion of the AWAC Prior Knowledge Exclusion in the AWAC Policy is consistent with the binder AWAC issued to Refco. *See* Ex. K to Eickemeyer Decl.

**The Underlying Matters**

    9.    Refco conducted its initial public offering on August 11, 2005. The Arch Policy and the AWAC Policy incepted the same day. *See* IJX 29, 30 to Eickemeyer Decl.

    10.    On October 10, 2005, Refco issued a press release announcing that the public should not rely upon certain of Refco's financial statements included in its initial public offering registration statement and prospectus because it had been carrying an undisclosed receivable of

2

$430 million from an entity controlled by its CEO Phillip Bennett. *See* "Refco Announces Undisclosed Affiliate Transaction" (Oct. 10, 2005), Ex. A to Eickemeyer Decl.

11. On October 11, 2005, Refco issued a second press release, stating that "the Company believes that the receivable consisted in major part of uncollectible historical obligations owed by unrelated third parties to the Company, that arose as far back as at least 1998. These obligations were transferred periodically to the entity controlled by Mr. Bennett, and the Company's books and records then reflected a receivable from that entity, rather than a receivable from the originating accounts. The fact that the receivable was from a company controlled by Mr. Bennett was hidden at the end of quarterly and annual reporting periods." *See* "Refco Supplements Prior Disclosure" (Oct. 11, 2005), Ex. B to Eickemeyer Decl.

12. On October 17, 2005, Refco filed for Chapter 11 bankruptcy protection. *See* Voluntary Chapter 11 Petition, *In re Refco, Inc.*, No. 05-60006 (RDD) (Bankr. S.D.N.Y. Oct. 17, 2005).

13. Following Refco's October announcements, numerous lawsuits were filed against the former directors and officers of Refco. The lawsuits include *United States v. Bennett, et al.*, No. 05-1192 (S.D.N.Y.) (the "Criminal Action"); *In re Refco, Inc. Securities Litigation*, No. 05-8626 (S.D.N.Y.) (the "Securities Litigation"); *Thomas H. Lee Equity Fund V, L.P. v. Bennett, et al.*, No. 05-9608 (S.D.N.Y.) (the "TH Lee Action"); *American Financial International Group v. Bennett et al.*, No. 05-8988 (S.D.N.Y.) (the "American Financial Action"); *In re Refco Capital Markets Ltd. Brokerage Customer Securities Litigation*, No. 06-643 (S.D.N.Y.) (the "RCM Action"); *VR Global Partners L.P. v. Bennett et al.*, No. 07-8686 (S.D.N.Y.) (the "VR Global Partners Action"); *Capital Management Select Fund Ltd. v. Bennett et al.*, No. 07-8688 (S.D.N.Y.) (the "Capital Management Action"); *Kirschner v. Thomas H. Lee Partners, L.P. et*

3

*al.*, No. 07-7074 (S.D.N.Y.) (the "TH Lee Trustee Action"); *Kirschner v. Grant Thornton LLP et al.*, No. 07-11604 (S.D.N.Y.) (the "Grant Thornton Trustee Action"); *Kirschner v. Agoglia , et al.*, No. 05-60006, Adv. Pro. No. 07-3060 (Bankr. S.D.N.Y.) (the "Agoglia Action"); and *Krys, et al. v. Sugrue, et al.*, No. 08-3065 (GEL) (S.D.N.Y.), No. 08-3086 (GEL) (S.D.N.Y.) (the "Sphinx Action"). *See* IJX 1, 2, 4, 6, 7, 9, 11, 12, 14, 16, 18-19 to Eickemeyer Decl. Collectively, these actions are referenced herein as the "Underlying Matters."

14. Grant is the only defendant seeking coverage under the Arch Policy for the Criminal Action. The operative pleading is the S4 Indictment. *See* IJX 19 to Eickemeyer Decl.

15. The defendants seeking coverage under the Arch Policy for the Securities Litigation include Breitman, Gantcher, Grant, Harkins, Jaeckel, Klejna, Lee, Murphy, O'Kelley, Schoen, Sexton, Sherer, and Silverman. The operative pleading is the second amended complaint. *See* IJX 1 to Eickemeyer Decl.

16. Grant is the only defendant seeking coverage under the Arch Policy for the T.H. Lee Action. The initial complaint is the operative pleading. *See* IJX 14 to Eickemeyer Decl.

17. The defendants seeking coverage under the Arch Policy for the American Financial Action include Mutterer, Sexton and Sherer. The operative pleading is the third amended complaint. *See* IJX 2 to Eickemeyer Decl.

18. The defendants seeking coverage under the Arch Policy for the RCM Action include Grant, Harkins, Jaeckel, Lee, Outridge and Schoen. The operative pleading is the second amended complaint. *See* IJX 6 to Eickemeyer Decl.

19. The defendants seeking coverage under the Arch Policy for the V.R. Global Partners Action include Sexton, Murphy, Silverman, Outridge, Lee, Harkins, Jaeckel and Schoen. The initial complaint is the operative pleading. *See* IJX 16 to Eickemeyer Decl.

4

20. The defendants seeking coverage under the Arch Policy for the Capital Management Action include Sexton, Murphy, Silverman, Outridge, Lee, Harkins, Jaeckel and Schoen. The initial complaint is the operative pleading. *See* IJX 4 to Eickemeyer Decl.

21. The defendants seeking coverage under the Arch Policy for the T.H. Lee Trustee Action include Harkins, Jaeckel, Lee and Schoen. The initial complaint is the operative pleading. *See* IJX 11 to Eickemeyer Decl.

22. The only defendant presently seeking coverage under the Arch Policy for the Grant Thornton Trustee Action is Grant. The initial complaint is the operative pleading. *See* IJX 9 to Eickemeyer Decl.

23. The defendants presently seeking coverage under the Arch Policy for the Agoglia Action include Agoglia, Dhillon, Grant, Lipoff, McCarthy, Murphy, Mutterer, and Sexton. The operative pleading is the initial complaint. *See* IJX 7 to Eickemeyer Decl.

24. The defendants presently seeking coverage under the Arch Policy for the Sphinx Action include Grant, Klejna, Lee, Harkins, Jaeckel and Schoen. The operative pleading is the initial complaint. *See* IJX 12 to Eickemeyer Decl.

**The First Arch Coverage Action**

25. On March 9, 2006, Arch filed a declaratory judgment action in the New York Supreme Court seeking declarations that, based on the Arch and AWAC Prior Knowledge Exclusions, the Arch Policy did not afford coverage for the Underlying Matters that had then been filed, including the Criminal Action, the Securities Litigation, the T.H. Lee Action, the American Financial Action, and the RCM Action. *See* First Amended Complaint, Ex. C to Eickemeyer Decl.

26.     In September 2006, Bennett filed a motion to stay the action in light of his pending criminal trial and subsequently filed a reply brief on the motion to stay.  *See* Ex. D to Eickemeyer Decl., Reply Brief in Support of Bennett Motion to Stay Action.

27.     In addition, a number of former Refco officers (including Grant, Klejna, Murphy, Silverman, Sexton and Sherer) moved to dismiss or stay the action and subsequently filed a reply brief on their motion.  *See* Ex. E to Eickemeyer Decl., Reply Memorandum in Support of Officer Defendants' Motion to Dismiss or Stay Amended Complaint.

28.     In an order dated February 20, 2007, the state court dismissed Arch's coverage action without prejudice.  *See* Feb. 20, 2007 Order, Exhibit F to Eickemeyer Decl.

**The Guilty Pleas**

29.     On January 16, 2007, a third superseding indictment was filed against Bennett in the Criminal Action.  *See* IJX 18 to Eickemeyer Decl.

30.     On February 15, 2008, Bennett pleaded guilty to all charges against him in the Criminal Action as set forth in the third superseding indictment.  *See* IJX 21 to Eickemeyer Decl. The court found that Bennett's guilty plea was made voluntarily and knowingly and that there was a sufficient factual basis for the plea.  *Id*. at 20.

31.     On May 30, 2008 Bennett filed a sentencing memorandum in the Criminal Action.  *See* Ex. G to Eickemeyer Decl.

32.     On July 3, 2008, Bennett was sentenced to a prison term of sixteen years.  *See* IJX 23 to Eickemeyer Decl.

33.     On December 19, 2007, Maggio pleaded guilty to a four-count criminal information charging him with conspiracy, securities fraud and wire fraud.  *See* IJX 20 to Eickemeyer Decl.

6

34. On February 20, 2008, Trosten pleaded guilty to conspiracy, money laundering and securities, wire and bank fraud.  *See* IJX 22 to Eickemeyer Decl.

35. A fourth superseding indictment was filed against Tone Grant in the Criminal Action on February 26, 2008 (the "S4 Indictment").  *See* IJX 19 to Eickemeyer Decl.  On April 17, 2008, a jury found Grant guilty on all counts.  *See* IJX 24 to Eickemeyer Decl.

**The Present Coverage Proceedings**

36. Arch filed this action in the New York Supreme Court on January 4, 2008 and filed its first amended complaint on February 21, 2008.  *See* Ex. A to Jun. 9, 2008 Notice of Removal [Docket Entry #1].

37. On April 17, 2008, Bennett stipulated to the entry of judgment against him on Counts I and II of Arch's first amended complaint.  *See* Stipulation of Judgment against Defendant Phillip R. Bennett, Ex. H to Eickemeyer Decl.  Judgment was entered against Bennett on April 24, 2008.  *See* Judgment Against Phillip R. Bennett, Ex. I to Eickemeyer Decl.

38. On June 4, 2008, Eric Lipoff, one of the defendants in the action, removed the proceedings to this Court.  *See* Jun. 9, 2008 Notice of Removal [Docket Entry #1].

Date:  July 11, 2008

                                     Respectfully submitted,

                                     By:  s/  John H. Eickemeyer_____
                                          John H. Eickemeyer  (JE-8302)
                                          jeickemeyer@vedderprice.com
                                          Daniel C. Green  (DG-0059)
                                          dgreen@vedderprice.com
                                          VEDDER PRICE P.C.
                                          1633 Broadway, 47th Floor
                                          New York, NY 10019
                                          (212) 407-7700

        Daniel J. Standish (*pro hac vice*)
        dstandish@wileyrein.com
        Marc E. Rindner (*pro hac vice*)
        mrindner@wileyrein.com
        Cara Tseng Duffield (*pro hac vice*)
        cduffield@wileyrein.com
        WILEY REIN LLP
        1776 K Street, N.W.
        Washington, D.C. 20006
        (202) 719-7000

        *Counsel for Plaintiff Arch Insurance Company*