**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- X
ARCH INSURANCE COMPANY, :
                                  :

          Plaintiff, :
                                  :

       v. :
                                    :

JOHN D. AGOGLIA, PHILLIP R. BENNETT, :
LEO R. BEITMAN, EDWIN L. COX, :
SUKHMEET DHILLON, THOMAS H. :     No. 08-CIV-5252 (GEL)
DITTMER, NATHAN GANTCHER, :     ECF Case
STEPHEN GRADY, TONE GRANT, :
THOMAS HACKL, DAVID V. HARKINS, :
SCOTT L. JAECKEL, DENNIS A. KLEJNA, :     **ANSWER OF DEFENDANTS**
THOMAS H. LEE, ERIC G. LIPOFF, SANTO :     **WILLIAM M. SEXTON AND**
C. MAGGIO, PETER MCCARTHY, JOSEPH :     **GERALD SHERER_____**
MURPHY, FRANK MUTTERER, RICHARD :
N. OUTRIDGE, RONALD L. O'KELLEY, :
SCOTT A. SCHOEN, WILLIAM M. :
SEXTON, GERALD SHERER, PHILIP :
SILVERMAN, AND ROBERT C. TROSTEN, :
                                    :

         Defendants. :
--------------------------------------------------------- X

FRIEDMAN & WITTENSTEIN
A Professional Corporation

600 Lexington Avenue
New York, New York 10022
Telephone:    (212) 750-8700
Facsimile:    (212) 223-8391
Email:       ikline@friedmanwittenstein.com

*Attorneys for Defendants William M. Sexton*
*and Gerald M. Sherer*

Defendants William M. Sexton ("Sexton") and Gerald M. Sherer ("Sherer"), by and through their attorneys, Friedman & Wittenstein, A Professional Corporation, state as follows for their Answer to the Complaint of Plaintiff Arch Insurance Company ("Arch"), dated February 21, 2008, in the above-captioned action (the "Complaint"):

1.      Deny each and every allegation contained in paragraph 4 of the Complaint, except admit that Arch issued an excess directors, officers and corporate liability insurance policy to Refco, Inc. ("Refco") for the period from August 11, 2005 to August 11, 2006 (the "Arch Policy") and that numerous lawsuits and investigations have been initiated against Refco and certain individuals, and refer to the Underlying Matters for the allegations contained therein. Admit that Arch purports to seek a declaration from this Court resolving the dispute in their favor; and aver that Arch is entitled to no relief.

2.      Deny each and every allegation contained in paragraph 2 of the Complaint, except admit that Arch's first lawsuit in the Supreme Court of the State of New York, New York County seeking a declaration regarding the parties' rights and responsibilities under the Arch Policy was dismissed by Justice Freedman in an opinion dated February 20, 2007, and refer to Justice Freedman's opinion for the contents thereof.

3.      Deny any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 3 of the Complaint; otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, except admit, upon information and belief, that three Refco executives, Phillip R. Bennett ("Bennett"), Robert C. Trosten ("Trosten") and Santo C. Maggio ("Maggio"), have pled guilty to various criminal charges, and refer to Justice Freedman's opinion for the contents thereof.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, except admit that Arch avers that the Court has jurisdiction to resolve an actual controversy between Arch and the Defendants pursuant to the New York Declaratory Judgment Act, CPLR § 3001.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, except admit that Arch avers that the Court has *in personam* jurisdiction over Sexton and Sherer pursuant to CPLR §§ 301 and 302 and admit that Sexton and Sherer are former officers of Refco and that they transacted business in New York or otherwise engaged in a sufficient course of conduct in the State to make the exercise of personal jurisdiction proper, and admit that Sexton and Sherer have an ongoing contractual relationship with Arch, and admit that Sexton and Sherer, among other defendants, have sought coverage under the Arch Policy in connection with the Underlying Matters and that Arch has denied coverage, and refer to the Arch Policy for the contents thereof, and admit that numerous lawsuits and investigations have been initiated against Refco and certain individuals, and refer to the Underlying Matters for the allegations contained therein.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, except admit that Arch avers that venue is appropriate pursuant to CPLR § 503.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except admit, upon information and belief, that Arch is an insurance company.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, except admit, upon information and belief, that Bennett is the former Chairman, President and CEO of Refco, and that in October 2005, Bennett was asked by the Refco Board of Directors to take a leave of absence.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, except admit, upon information and belief, that Defendant Stephen Grady served as Chief Operating Officer of Refco Global Futures LLC.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, except admit, upon information and belief, that Defendant David V. Harkins served as a director of Refco.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, except admit, upon information and belief, that Defendant Scott L. Jaeckel served as a director of Refco.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, except admit, upon information and belief, that Defendant Dennis A. Klejna served as Executive Vice President and General Counsel of Refco.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, except admit, upon information and belief, that Defendant Thomas H. Lee served as a director of Refco.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, except admit, upon information and belief, that Defendant Maggio served as President and CEO of Refco Securities, LLC and President of Refco Capital Markets, Ltd.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, except admit, upon information and

belief, that Defendant Joseph Murphy served as President of Refco during October and November of 2005.

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, except admit, upon information and belief, that Defendant Ronald L. O'Kelley served as a director of Refco.

29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, except admit, upon information and belief, that Defendant Scott A. Schoen served as a director of Refco.

30.    Deny each and every allegation contained in paragraph 30 of the Complaint, except admit that Sexton served as Executive Vice President and Chief Operating Officer of Refco between August 2004 and October 2005 and that Sexton is a resident of New York.

31.    Deny each and every allegation contained in paragraph 31 of the Complaint, except admit that Sherer joined Refco as Executive Vice President and Chief Financial Officer in January 2005 and that Sherer is a resident of New York.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, except admit, upon information and belief, that Defendant Philip Silverman served as Secretary of Refco.

33.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, except admit, upon information and

belief, that Defendant Trosten served as Executive Vice President and Chief Financial Officer of Refco Group Ltd., LLC.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, except admit that the Arch Policy is a directors, officers and corporate liability policy with a policy period of August 11, 2005 to August 11, 2006 and a limit of $10 million, and refer to the Arch Policy for the contents thereof.

35.     Deny each and every allegation contained in paragraph 35 of the Complaint, except admit that U.S. Specialty Insurance Company ("U.S. Specialty"), Lexington Insurance Company ("Lexington"), Axis Reinsurance Company ("Axis"), and Allied World Assurance Company ("AWAC") have issued underlying insurance policies to Refco, and refer to those policies for the contents thereof.

36.     Deny each and every allegation contained in the first sentence of paragraph 36, except admit that the Arch Policy "follows form" to the primary policy, and refer to the Arch Policy and its endorsements for the contents thereof.  Admit that the second sentence of paragraph 36 of the Complaint purports to quote from the Arch Policy, and refer to the Arch Policy for the contents thereof.

37.     Admit that paragraph 37 of the Complaint purports to quote from the policy issued by U.S. Specialty (the "U.S. Specialty Policy"), and refer to the U.S. Specialty Policy for the contents thereof.

38.     Admit that paragraph 38 of the Complaint purports to quote from the U.S. Specialty Policy, and refer to the U.S. Specialty Policy for the contents thereof.

39.     Admit that paragraph 39 of the Complaint purports to quote from the U.S. Specialty Policy, and refer to the U.S. Specialty Policy for the contents thereof.

40.    Admit that paragraph 40 purports to quote from Endorsement 15 to the U.S. Specialty Policy, and refer to the U.S. Specialty Policy and Endorsement 15 for the contents thereof.

41.    Admit that paragraph 41 purports to quote from Endorsement 11 to the U.S. Specialty Policy, and refer to the U.S. Specialty Policy and Endorsement 11 for the contents thereof.

42.    Admit that paragraph 42 purports to quote from Endorsement 3 to the policy issued by AWAC (the "AWAC Policy"), and refer to the AWAC Policy and Endorsement 3 for the contents thereof.

43.    Admit that paragraph 43 purports to quote from Endorsement 4 to the Arch Policy, and refer to the Arch Policy and Endorsement 4 for the contents thereof.

44.    Admit that paragraph 44 purports to quote from the Arch Policy, and refer to the Arch Policy for the contents thereof.

45.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint, and refer to the Arch Policy for the contents thereof.

46.    Deny each and every allegation contained in paragraph 46 of the Complaint, except admit the allegations contained in the first sentence of paragraph 46, admit that Axis was ordered by the Refco bankruptcy court to advance fees and costs despite its denial of coverage, and admit the third sentence of footnote 3; deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentences of paragraph 46.

47.    Admit, upon information and belief, that the Arch Policy incepted on August 11,

2005, which was the same date as the Refco initial public offering.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint, and refer to the October 10, 2005 press release for the contents thereof.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint, and refer to the October 11, 2005 press release for the contents thereof.

50.     Admit, upon information and belief, that Refco filed for bankruptcy in the Southern District of New York on or about October 17, 2005.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint, and refer to the contents of the third superseding indictment filed on or about January 16, 2007 (the "S3 Indictment") for the contents thereof.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint, except admit, upon information and belief, that Bennett and Trosten pled guilty to various federal charges brought against them in or around February 2008.

53.     Deny any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 53 of the Complaint, and refer to the S3 Indictment for the contents thereof.

54.     Deny any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 54 of the Complaint, and refer to the S3 Indictment for the contents thereof.

55.     Deny any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 55 of the Complaint, and refer to the S3 Indictment for the contents thereof.

56.     Deny any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 56 of the Complaint, and refer to the S3 Indictment for the contents thereof.

57.     Deny any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 57 of the Complaint, and refer to the S3 Indictment for the contents thereof.

58.     Deny any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 58 of the Complaint, and refer to the S3 Indictment for the contents thereof.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint, and refer to the S3 Indictment for the contents thereof.

60.     Deny any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 60 of the Compliant; otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint, except admit, upon information and belief, that Bennett pled guilty to various federal charges, and refer to the transcript of the February 15, 2008 hearing (the "Bennett Transcript") for the contents thereof.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint, except admit, upon information and

belief, that Bennett pled guilty to various federal charges, and refer to the Bennett Transcript for the contents thereof.

62.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, and refer to the S3 Indictment for the contents thereof.

63.    Deny any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 63 of the Complaint; otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint, except admit, upon information and belief, that Trosten pled guilty to various federal charges, and refer to the transcript of the February 20, 2008 hearing (the "Trosten Transcript") for the contents thereof.

64.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint, except admit, upon information and belief, that Trosten pled guilty to various federal charges, and refer to the Trosten Transcript for the contents thereof.

65.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint, except admit, upon information and belief, that Maggio pled guilty to various federal charges, and refer to the criminal Information brought against Maggio (the "Maggio Information") for the contents thereof.

66.    Deny any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 66 of the Complaint; otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint, and refer to the Maggio Information for the contents thereof.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint, and refer to the Maggio Information for the contents thereof.

68.     Deny any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 68 of the Complaint; otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint, except admit, upon information and belief, that Maggio pled guilty to various federal charges, and refer to the transcript of the December 19, 2007 hearing (the "Maggio Transcript") for the contents thereof.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint, except admit, upon information and belief, that Maggio pled guilty to various federal charges, and refer to the Maggio Transcript for the contents thereof.

70.     Deny any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 70 of the Complaint; otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint, except admit, upon information and belief, that Bennett, Trosten, and Maggio pled guilty to various federal charges.

71.     Admit, upon information and belief, that various lawsuits were filed against certain of the Defendants in the above-captioned action beginning on or about October 12, 2005.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint, and refer to the complaint filed in *United*

*States v. Bennett*, No. 05-1720 (S.D.N.Y.) (the "Bennett Criminal Complaint") for the contents

thereof.

73.    Deny any involvement or culpability relating to the allegations of wrongdoing

contained in paragraph 73 of the Complaint; otherwise deny knowledge or information sufficient

to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint, and

refers to the Bennett Criminal Complaint, the S3 Indictment, and the Maggio Information for the

contents thereof.

74.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 74 of the Complaint.

75.    Admit, upon information and belief, the allegations contained in paragraph 75 of

the Complaint.

76.    Deny any involvement or culpability relating to the allegations of wrongdoing

contained in paragraph 76 of the Complaint, except admit that Sexton and Sherer are named as

defendants in the First Amended Consolidated Class Action Complaint ("FAC") and the Second

Amended Consolidated Class Action Complaint ("SAC"), and refer to the FAC and SAC for the

contents thereof.

77.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 77 of the Complaint, except admit, upon information and

belief, notice was provided to Arch on behalf of Sexton and Sherer of certain matters arising out

of Sexton's and Sherer's employment with Refco.

78.    Deny any involvement or culpability relating to the allegations of wrongdoing

contained in paragraph 78 of the Complaint, except admit, upon information and belief, that the

"Derivative Litigation[s]" have been dismissed.

79.    Deny any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 79 of the Complaint; otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint.

80.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint, except admit, upon information and belief, that notice was provided to Arch on behalf of Sexton and Sherer of certain matters arising out of Sexton's and Sherer's employment with Refco.

81.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint.

82.    Deny any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 82 of the Complaint; otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint.

83.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint.

84.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint.

85.    Deny any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 85 of the Complaint; otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint, and refer to the THL Funds Action Complaint for the contents thereof.

86.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint.

87.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint.

88.    Deny any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 88 of the Complaint; otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint.

89.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint.

90.    Admit, upon information and belief, the allegations contained in paragraph 90 of the Complaint.

91.    Deny any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 91 of the Complaint; otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Complaint, and refer to the second amended complaint for the contents thereof, except admit that Sexton and Sherer were named as defendants in the action.

92.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Complaint, except admit, upon information and belief, that Sexton and Sherer provided notice of the action to Arch.

93.    Admit, upon information and belief, the allegations contained in paragraph 93 of the Complaint.

94.    Deny any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 94 of the Complaint; otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Complaint.

95.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint, except admit, upon information and belief, that Sexton and Sherer provided notice of this action to Arch.

96.    Deny any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 96 of the Complaint; otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in the Complaint, except admit, upon information and belief, that on or about October 9, 2007 actions entitled *VR Global Partners L.P., et al. v. Bennett, et al.,* Case No. 07-8686 (S.D.N.Y.) and *Capital Management Select Fund Ltd., et al. v. Bennett, et al.*, Case No. 07-8688 (S.D.N.Y.) were brought against various defendants including Sexton and were consolidated with the Global Management Litigation on or around November 20, 2007, and that Sexton provided notice of these actions to Arch.

97.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Complaint.

98.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Complaint.

99.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Complaint.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Complaint.

101.    Deny any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 101 of the Complaint; otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Complaint.

102.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint.

103.     Admit, upon information and belief, the truth of the allegations contained in paragraph 103 of the Complaint.

104.     Deny any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 104 of the Complaint; otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint, except admit that Sexton was named a defendant in this action and refer to the complaint in such action for the contents thereof.

105.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint, except admit that Sexton provided notice of this action to Arch.

106.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Complaint.

107.     Deny any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 107 of the Complaint; otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Complaint.

108.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Complaint.

109.     Deny any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 109 of the Complaint; otherwise deny knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Complaint.

110.    No response is required for paragraph 110 of the Complaint.

111.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Complaint.

112.    No response is required for paragraph 112 of the Complaint.

## COUNT I

113.    Repeat and reallege each response to paragraphs 1 through 112 above.

114.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of the Complaint.

115.    Deny each and every allegation contained in paragraph 115 of the Complaint.

116.    Admit that Arch seeks a declaration resolving this dispute in its favor, and aver that Arch is entitled to no such relief.

## COUNT II

117.    Repeat and reallege each response to paragraphs 1 through 116 above.

118.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the Complaint.

119.    Deny each and every allegation contained in paragraph 119 of the Complaint.

120.    Admit that Arch seeks a declaration resolving this dispute in its favor, and aver that Arch is entitled to no such relief.

## OTHER COVERAGE DEFENSES

121.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 121 of the Complaint.  Deny each and every allegation contained in the second sentence of paragraph 121 of the Complaint.

## FIRST DEFENSE

122.    Arch fails to state a claim against Sexton and Sherer upon which relief can be granted.

## SECOND DEFENSE

123.    Upon information and belief, Arch's claims against Sexton and Sherer are barred, in whole or in part, by the doctrine of laches.

## THIRD DEFENSE

124.    Upon information and belief, Arch's claims against Sexton and Sherer are barred, in whole or in part, by the doctrine of waiver.

## FOURTH DEFENSE

125.    Upon information and belief, Arch's claims against Sexton and Sherer are barred, in whole or in part, by the doctrine of estoppel.

## FIFTH DEFENSE

126.    Upon information and belief, Arch's claims against Sexton and Sherer are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH DEFENSE

127.    Upon information and belief, Arch's claims against Sexton and Sherer are barred as a result of Arch's inequitable conduct in connection with its purported denial of coverage under the Arch Policy.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants William M. Sexton and Gerald M. Sherer respectfully request entry of judgment in their favor as follows:

1.    Dismissing the Complaint with prejudice;

2.    Awarding the Defendants their attorneys' fees and costs and disbursements resulting from this action; and

3.    Granting such other and further relief as the Court may deem proper.

## JURY DEMAND

Sexton and Sherer hereby demand trial by jury on all issues in the Complaint so triable.

Dated: July 28, 2008
      New York, New York

**FRIEDMAN & WITTENSTEIN**
**A Professional Corporation**


By:  /s/ Ivan Kline
      Stuart I. Friedman
        sfriedman@friedmanwittenstein.com
      Ivan Kline
        ikline@friedmanwittenstein.com

600 Lexington Avenue
New York, New York 10022
Telephone:    (212) 750-8700
Facsimile:    (212) 223-8391

*Attorneys for Defendants William M. Sexton*
*and Gerald M. Sherer*