UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                    :

ARCH INSURANCE COMPANY,          :

               Plaintiff,      :    No. 08 Civ. 5252 (GEL)
                            :    ECF Case

    -v-                       :

JOHN D. AGOGLIA, PHILLIP R. BENNETT,  :
LEO R. BREITMAN, EDWIN L. COX,    :
SUKHMEET DHILLON, THOMAS H. DITTMER,:
NATHAN GANTCHER, STEPHEN GRADY,   :   **ANSWER AND**
TONE N. GRANT, THOMAS HACKL,      :   **COUNTERCLAIMS**
DAVID V. HARKINS, SCOTT L. JAECKEL,  :   **OF DEFENDANTS**
DENNIS A. KLEJNA, THOMAS A. LEE,   :   **JOHN D. AGOGLIA**
ERIC G. LIPOFF, SANTO C. MAGGIO,   :   **AND PETER MCCARTHY**
PETER McCARTHY, JOSEPH MURPHY,   :
FRANK MUTTERER, RICHARD N. OUTRIDGE, :
RONALD L. O'KELLEY, SCOTT A. SCHOEN,  :
WILLIAM M. SEXTON, GERALD SHERER,  :
PHILIP SILVERMAN AND          :
ROBERT C. TROSTEN,           :
                            :
              Defendants.   :
-------------------------------------------------------------------X

        Defendants John D. Agoglia ("Agoglia") and Peter McCarthy

("McCarthy"), by and through their attorneys, Gage Spencer & Fleming LLP, state as

follows for their Answer to the First Amended Complaint of plaintiff Arch Insurance

Company ("Arch") in the above-captioned action (the "Complaint"):

        1.    Deny the allegations of paragraph 1 of the Complaint, except admit

that Arch issued an excess directors, officers and corporate liability insurance policy to

Refco, Inc. ("Refco") for the period of August 11, 2005 to August 11, 2006 (the "Arch

Policy"), that a lawsuits have been initiated against Agoglia and McCarthy, and that

Agoglia and McCarthy have tendered those matters to Arch for coverage under the Arch

1

Policy.

2.    Deny knowledge or information sufficient to form a belief as to the truth of the first two sentences of paragraph 2 of the Complaint and deny the balance of the allegations of paragraph 2 of the Complaint.

3.    Deny knowledge or information sufficient to form a belief as to the truth of the first, third and fourth sentences of paragraph 3 of the Complaint and deny the balance of the allegations of paragraph 3 of the Complaint.

4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint.

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8.    Deny the allegations of paragraph 8 of the Complaint except admit that Agoglia served for a period of time as senior vice president of Refco Securities, LLC and resides in New York State.

9.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11.    Deny knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 11 of the Complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint.

23.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint.

24.    Deny the allegations of paragraph 24 except admit that McCarthy served for a period of time as Executive Vice President of Refco Securities, LLC.

25.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint.

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint.

27.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint.

28.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint.

29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint.

33.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint, and refer to the Arch Policy for the contents thereof.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint, except admit that U.S. Specialty Insurance Company ("U.S. Specialty"), Lexington Insurance Company ("Lexington"), Axis Reinsurance Company ("Axis"), and Allied World Assurance Company ("AWAC") have issued underlying insurance policies to Refco, and refer to those policies for the contents thereof.

36.     Deny the allegations of paragraph 36 of the Complaint, except admit that the Arch Policy "follows form" to the primary policy, and refer to the Arch Policy and its endorsements for the contents thereof.

37.     Deny the allegations of paragraph 37 of the Complaint, and refer to the relevant policies for the contents thereof.

38.     Deny the allegations of paragraph 38 of the Complaint, and refer to the relevant policies for the contents thereof.

39.     Deny the allegations of paragraph 39 of the Complaint, and refer to the relevant policies for the contents thereof.

40.     Deny the allegations of paragraph 40 of the Complaint, and refer to the relevant policies for the contents thereof.

41.     Deny the allegations of paragraph 41 of the Complaint, and refer to the relevant policies for the contents thereof.

42.     Deny the allegations of paragraph 42 of the Complaint, and refer to

the relevant policies for the contents thereof.

      43.    Deny the allegations of paragraph 43 of the Complaint, and refer to the relevant policies for the contents thereof.

      44.    Deny the allegations of paragraph 44 of the Complaint, and refer to the relevant policies for the contents thereof.

      45.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint, and refer to the relevant policies for the contents thereof.

      46.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Complaint.

      47.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Complaint.

      48.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Complaint.

      49.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Complaint.

      50.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Complaint, except admit that Refco and certain of its affiliates filed for Chapter 11 bankruptcy protection in or around 2005.

      51.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint.

      52.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 of the Complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the Complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the Complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the Complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 of the Complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Complaint.

64.     Deny knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 64 of the Complaint.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the Complaint.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 of the Complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the Complaint.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 of the Complaint.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the Complaint.

70.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 of the Complaint.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the Complaint.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 of the Complaint.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 of the Complaint.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 of the Complaint.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 of the Complaint.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 of the Complaint.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 of the Complaint.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 of the Complaint.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 of the Complaint.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 of the Complaint.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 of the Complaint.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 of the Complaint.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 of the Complaint.

84.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 of the Complaint.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 of the Complaint.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 of the Complaint.

87.     Deny knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 87 of the Complaint.

88.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 of the Complaint.

89.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 of the Complaint.

90.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 of the Complaint.

91.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 of the Complaint.

92.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 of the Complaint.

93.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 of the Complaint.

94.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94 of the Complaint.

95.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95 of the Complaint.

96.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 of the Complaint.

97.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 of the Complaint.

98.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98 of the Complaint.

99.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99 of the Complaint.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100 of the Complaint.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 101 of the Complaint.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102 of the Complaint.

103.    Admit the allegations of paragraph 103 of the Complaint.

104.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104 of the Complaint, except admit that Agoglia and McCarthy were named as defendants in that action and refer to the complaint in that action for the contents thereof.

105.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 105 of the Complaint, except admit that Agoglia and McCarthy provided notice of that action to Arch.

106.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 106 of the Complaint.

107.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 107 of the Complaint.

108.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 108 of the Complaint.

109.    Deny knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 109 of the Complaint.

110.    No response is required for paragraph 110 of the Complaint.

111.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 111 of the Complaint.

112.    No response is required for paragraph 112 of the Complaint.

## COUNT I

113.    Repeat and reallege each response to paragraphs 1 through 112 above.

114.    Deny the allegations of paragraph 114 of the Complaint.

115.    Deny the allegations of paragraph 115 of the Complaint.

116.    Deny the allegations of paragraph 116 of the Complaint.

## COUNT II

117.    Repeat and reallege each response to paragraphs 1 through 116 above.

118.    Deny the allegations of paragraph 118 of the Complaint.

119.    Deny the allegations of paragraph 119 of the Complaint.

120.    Deny the allegations of paragraph 120 of the Complaint.

## OTHER COVERAGE DEFENSES

121.    Deny the allegations of paragraph 121 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

122.    The Complaint fails to state a cause of action against either Agoglia or McCarthy upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

123. The Complaint is barred as against either Agoglia or McCarthy in whole or in part by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

124. The Complaint is barred as against either Agoglia or McCarthy in whole or in part by the doctrines of res judicata and/or collateral estoppel.

### FOURTH AFFIRMATIVE DEFENSE

125. The Complaint is barred as against either Agoglia or McCarthy in whole or in part by the doctrines of estoppel, waiver, and laches.

### FIFTH AFFIRMATIVE DEFENSE

126. The Complaint is barred as against either Agoglia or McCarthy as a result of Arch's inequitable conduct in connection with its purported denial of coverage under the Arch Policy.

### SIXTH AFFIRMATIVE DEFENSE

127. The Complaint is barred as against either Agoglia or McCarthy because Arch has acted in bad faith in unilaterally changing the terms of the Arch Policy so as to provide purported grounds to deny coverage after receiving claims under the Policy.

### COUNTERCLAIMS

Agoglia and McCarthy (collectively, the "Counterclaim Plaintiffs"), by and through their attorneys, Gage Spencer & Fleming LLP, allege as follows for their counterclaims against Arch Insurance Company ("Arch"):

### INTRODUCTION

1.    Arch is the fourth excess insurer in the "tower" of Directors and Officers (D&O) liability insurance obtained by Refco Inc. for the policy period August 11, 2005 to August 11, 2006 (the "Policy Period"). The Counterclaim Plaintiffs, along with other former Refco officers and directors insured under the policies (collectively, the "Insureds"), have been named as defendants in one of various civil actions relating to the collapse of Refco.[1] The Insureds have requested coverage for those actions, including defense costs, from the insurers on the D&O "tower."

2.    Arch has denied coverage to the Insureds, and has commenced this action seeking a declaration that its excess D&O corporate liability insurance policy issued to Refco for claims made during the period from August 11, 2005 to August 11, 2006 (the "Arch Policy") does not provide coverage to any of the Insureds in connection with the "Underlying Matters" described in the First Amended Complaint for Declaratory Judgment filed by Arch (the "Complaint," or "Compl.").

3.    None of the grounds alleged in the Complaint provides Arch with a valid basis for refusing coverage to the Counterclaim Plaintiffs. Nonetheless, it is clear that Arch does not intend to honor its contractual obligations to the Counterclaim Plaintiffs under the Arch Policy.

4.    An actual controversy exists between the Counterclaim Plaintiffs and Arch. The Counterclaim Plaintiffs seek a declaration from this Court that the Arch Policy provides coverage for them in the Underlying Matters and the Underlying Actions (defined herein) in accordance with the requirements of the Arch Policy.

---

[1]    Unless specifically noted otherwise, and consistent with the defined terms in the Arch Complaint, the term "Refco" used throughout these Counterclaims refers to Refco, Inc., the company formed pursuant to the August 2005 initial public offering, as well as Refco Group Ltd., LLC, the company through which Refco's business was conducted prior to the initial public offering. The term "Refco" also includes subsidiaries of Refco, Inc. and Refco Group Ltd., LLC.

## JURISDICTION AND VENUE

5.     These counterclaims are brought pursuant to Rule 13 of the Federal Rules of Civil Procedure.

6.     This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the Counterclaim Plaintiffs and Arch, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these counterclaims occurred in this judicial district.

## PARTIES

8.     Counterclaim Plaintiff Agoglia is a former officer of Refco who, at times relevant to this action, served as Executive Vice President and Chief Operating Officer of Refco. Agoglia is a resident of the State of New York.

9.     Counterclaim Plaintiff McCarthy is a former officer of Refco who, at times relevant to this action, served as Executive Vice President and Chief Financial Officer of Refco. McCarthy is a resident of the State of New York.

10.     Upon information and belief, Arch is an insurance company that is organized and exists pursuant to the laws of the State of Missouri.

## GENERAL ALLEGATIONS

### A.     The Underlying Actions

11.     On October 10, 2005, Refco disclosed in a press release that it had been carrying an undisclosed receivable of $430 million from an entity controlled by

15

defendant Phillip R. Bennett ("Bennett"), the Chief Executive Officer of Refco. On October 11, 2005, Refco issued a second press release relating to the $430 million receivable.

12.    On October 17, 2005, Refco and many of its direct and indirect subsidiaries filed voluntary petitions for relief in this Court under Chapter 11 of the United States Bankruptcy Code.

13.    These events in October 2005 led to a series of civil lawsuits, government investigations and criminal proceedings against certain of the Insureds. Upon information and belief, on or about January 16, 2007, a federal Grand Jury returned a third superseding indictment against three Refco executives – Bennett, Robert Trosten ("Trosten") and Tone Grant ("Grant") – containing charges of, inter alia, securities fraud. Also, upon information and belief, a criminal information was filed against a fourth Refco executive, Santo Maggio ("Maggio"), containing similar charges.

14.    Upon information and belief, Maggio pleaded guilty to various federal charges in December 2007, and Bennett and Trosten pleaded guilty to various federal charges in February 2008. Also, upon information and belief, Grant was found guilty of various federal charges in April 2008.

15.    The Counterclaim Plaintiffs have not been charged with any crimes. However, solely on account of their services to Refco, the Counterclaim Plaintiffs (along with other Insureds) have been named as defendants in an action captioned Kirschner v. Agoglia, et al., Adv. Proc. No. 07-3060 (RDD) (Bankr. S.D.N.Y.) (hereinafter the "Underlying Action" or, including the other litigations involving other Insureds, the "Underlying Actions").

16.    The Counterclaim Plaintiffs properly gave notice of the Underlying Action to the insurers on the Refco "tower" of liability insurance, including Arch, and requested coverage from such insurers under the policies described below.

**B.    The Refco "Tower" of D&O Insurance**

17.    As indicated above, Refco procured a "tower" of D&O insurance coverage.  Such coverage consists of a primary policy and five excess policies for the period beginning August 11, 2005 to August 11, 2006 (the "policy period").

The U.S. Specialty Policy

18.    U.S. Specialty Insurance Company ("U.S. Specialty") issued the primary policy, Directors, Officers and Corporate Liability Insurance Policy No. 24-MGU-05-A10821, to Refco for the policy period with a $10 million limit of liability (the "U. S. Specialty Policy").

19.    The U.S. Specialty Policy provides directors and officers with coverage for "Loss arising from Claims . . . against the Insured Persons for Wrongful Acts."

20.    Upon information and belief, U.S. Specialty recognized its coverage obligations to the Counterclaim Plaintiffs as well as other Insureds.  Upon information and belief, after obtaining approval from this Court to comply with the terms of its policy and advance defense costs to Insureds, U.S. Specialty paid the defense costs of the Insureds until the limits of the U.S. Specialty Policy were exhausted in early 2007.

The Lexington Policy

21.    Lexington Insurance Company ("Lexington") issued the first excess policy above the U.S. Specialty Policy, Directors and Officers Liability and

Corporation Reimbursement Follow Form Excess Liability Policy No. 1620926, to Refco for the policy period with a $7.5 million limit of liability in excess of $10 million (the "Lexington Policy").

22.    The Lexington Policy "follows form" with the U.S. Specialty Policy.

23.    Upon information and belief, Lexington complied with its duties under the Lexington Policy and paid the defense costs of the Insureds in connection with the Underlying Actions until the limits of the Lexington Policy were exhausted in July 2007.

The Axis Policy

24.    Axis is the second excess insurer on the Refco "tower" of D&O liability insurance.  Axis issued the second excess policy above the Lexington Policy, SecurExcess Policy No. RNN 506300, to Refco for the policy period with a $10 million limit of liability in excess of $17.5 million (the "Axis Policy").

25.    Like the Lexington Policy, the Axis Policy also "follows form" to the U.S. Specialty Policy.

26.    Upon information and belief, Axis was ordered by the United States Bankruptcy Court for the Southern District of New York to advance defense costs despite its denial of coverage, and the Axis Policy has now been exhausted by reason of advancement.

The AWAC Policy

27.    Allied World Assurance Company ("AWAC") is the third excess insurer on the Refco "tower" of D&O liability insurance.  The AWAC Policy, Excess

Directors and Officers Insurance and Company Reimbursement Policy No. AW0418197, was issued to Refco for the policy period with a $12.5 million limit of liability in excess of $27.5 million.

28.     The AWAC Policy also "follows form" to the U.S. Specialty Policy.

29.     Upon information and belief, in a proceeding commenced by various of the Insureds in the Bankruptcy Court, AWAC was ordered, pending a final determination of coverage or until further order, to advance defense costs despite its denial of coverage. Upon information and belief, at present, the AWAC Policy is being depleted.

The Arch Policy

30.     Arch Insurance Company ("Arch") is the fourth excess insurer in the Refco "tower" of D&O liability insurance. The Arch Policy, Excess Insurance Policy No. DOX0009322-00, was issued to Refco for the policy period with a $10 million limit of liability in excess of $40 million.

31.     The Arch Policy also "follows form" to the U.S. Specialty Policy.

32.     The Insureds have requested coverage for the Underlying Actions, including advancement of their defense costs, from Arch.   Upon information and belief, Arch has denied coverage to the Insureds, and it has refused to advance any defense costs.

33.     Upon information and belief, various Insureds have, therefore, sought a declaration, inter alia, that both the AWAC and Arch Policies provide coverage for them for the Underlying Actions.

Other Excess Insurance

34.    There is one additional excess policy above (i.e., in excess of) the Arch Policy in the Refco D&O liability insurance "tower."

35.    By letter dated March 9, 2006 and in subsequent correspondence, Arch has denied coverage for the Insureds under the Arch Policy.

36.    In the letter of March 9, 2006, Arch denied coverage based upon (1) the "Prior Knowledge Exclusion Endorsement" that Arch understood would be contained in the AWAC Policy, "when issued," (2) the purported "Inverted Representation Endorsement" that Arch understood would be contained in the AWAC Policy, (3) Endorsement No. 4 to the Arch Policy, described as the "Arch Prior Knowledge or Information Exclusion," (4) the Lexington Policy's definition of "Loss," which Arch construed as precluding coverage for defense costs, and (5) the Axis Warranty Letter.

37.    The March 9, 2006 letter from Arch asserts that Phillip "Bennett, at the time of the inception of the [Arch] Policy, had knowledge of or information concerning any act, error, omission, fact, matter or circumstance that might give rise to a Claim," which knowledge is grounds for denial on each of the bases described above.

38.    Arch reiterated its denial of coverage, as initially outlined in its March 9, 2006 letter, by subsequent letter dated May 22, 2006.

39.    Bennett's knowledge of any facts or circumstances that might afford grounds for a claim within the scope of the Arch Policy does not provide a basis for Arch to deny coverage as to the Insureds.

40.    Based upon its denials of coverage, as set forth above, Arch has asserted that it has no obligation to advance the Insureds' defense costs.

## COUNT I
### (Declaratory Relief)

41.    Counterclaim Plaintiffs repeat and reallege paragraphs 1 through 40 of these Counterclaims as if fully set forth herein.

42.    Pursuant to the terms of the Arch Policy, Arch is contractually obligated to provide coverage to Counterclaim Plaintiffs for all Loss (as defined in the U.S. Specialty Policy) arising from the Underlying Actions, including but not limited to defense costs, once coverage is triggered.

43.    As of the present date, Arch has denied and continues to deny its contractual obligations and has denied coverage under the Arch Policy.

44.    None of the grounds asserted by Arch for the denial of coverage under the Arch Policy provides a valid basis for denying coverage to Counterclaim Plaintiffs.

45.    Upon information and belief, Refco paid all premiums for the Arch Policy and has performed all of the terms and conditions of the Arch Policy on its part to be performed, unless otherwise excused.

46.    Counterclaim Plaintiffs, as Insureds under the Arch Policy, and therefore, parties to the insurance contract, have performed all the terms and conditions of the Arch Policy on their part to be performed, unless otherwise excused.

47.    At all relevant times mentioned herein, the Arch Policy was, and is, in full force and effect.

48.    An actual controversy exists between Arch and the Counterclaim Plaintiffs as to whether the Counterclaim Plaintiffs are entitled to coverage for the Underlying Actions under the Arch Policy, and judicial resolution of the parties' rights and obligations is necessary.

49.    This Court should issue a judgment declaring that the Counterclaim Plaintiffs are entitled to coverage under the Arch Policy for Loss arising out of the Underlying Actions.

## COUNT II
### (Injunctive Relief)

50.    Counterclaim Plaintiffs repeat and reallege paragraphs 1 through 49 of these Counterclaims as if fully set forth herein.

51.    Arch is or will become obligated to make payments to the Counterclaim Plaintiffs for Losses in the Underlying Actions in accordance with the Arch Policy.

52.    Arch has expressed its refusal to make such payments.

53.    The Counterclaim Plaintiffs are entitled to permanent injunctive relief requiring Arch to make payments for Losses, including defense costs, in accordance with Arch's contractual obligations.

## COUNT III
### (Breach of Contract)

54.    Counterclaim Plaintiffs repeat and reallege paragraphs 1 through 53 of these Counterclaims as if fully set forth herein.

55.    Pursuant to the terms of the Arch Policy, Arch is contractually obligated to provide coverage to the Counterclaim Plaintiffs for all Loss (as defined in the

U.S. Specialty Policy) arising from the Underlying Actions upon exhaustion of the limits of liability of the underlying U.S. Specialty Policy, the Lexington Policy, the Axis Policy and the AWAC Policy.

56. As of the present date, Arch has denied its contractual obligations and has denied coverage under the Arch Policy.

57. Upon information and belief, Refco paid all premiums for the Arch Policy and has performed all of the terms and conditions of the Arch Policy on its part to be performed, unless otherwise excused.

58. Counterclaim Plaintiffs, as Insureds under the Arch Policy, have performed all the terms and conditions of the Arch Policy on their part to be performed, unless otherwise excused.

59. At all relevant times mentioned herein, the Arch Policy was, and is, in full force and effect.

60. None of the grounds asserted by Arch for the denial of coverage under the Arch Policy provides a valid basis for denying coverage to Counterclaim Plaintiffs.

61. By denying coverage to Counterclaim Plaintiffs for the Underlying Actions, Arch has breached the Arch Policy.

62. Counterclaim Plaintiffs have suffered and continue to suffer damages as a direct and consequential result of Arch's breach of its contractual duties and obligations under the Arch Policy.

63. Counterclaim Plaintiffs are entitled to recover their damages from Arch under the terms of the Arch Policy in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaim Plaintiffs John D. Agoglia and Peter McCarthy respectfully request entry of judgment in their favor as follows:

1.    Dismissing the Complaint with prejudice;

2.    On Count I of the Counterclaims, declaring that the Counterclaim Plaintiffs are entitled to coverage under the Arch Policy for Losses arising out of the Underlying Action, including but not limited to defense costs;

3.    On Count II of the Counterclaims, requiring Arch to make payments to the Counterclaim Plaintiffs for Losses, including defense costs, in the Underlying Action, in accordance with the Arch Policy;

4.    On Count III of the Counterclaims, awarding Counterclaim Plaintiffs damages against Arch for its breach of the Arch Policy;

5.    Awarding the Counterclaim Plaintiffs their attorneys' fees and costs and disbursements of this action; and

6.    Granting such other and further relief as the Court may deem proper.

**JURY DEMAND**

Agoglia and McCarthy hereby demand trial by jury on all issues in the Complaint or in the Counterclaims so triable.

Dated: July 28, 2008
     New York, New York

GAGE SPENCER & FLEMING LLP

By: _____
        William B. Fleming

410 Park Avenue
Suite 900
New York, New York 10022
Telephone:    (212) 768-4900
Facsimile:    (212) 768-3629

*Attorneys for Defendants John D. Agoglia
and Peter McCarthy*