**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x
ARCH INSURANCE COMPANY, :
                                  :
           Plaintiff, :
                                  :
        v. :
                                    :
JOHN D. AGOGLIA, PHILLIP R. BENNETT, :
LEO R. BEITMAN, EDWIN L. COX, :
SUKHMEET DHILLON, THOMAS H. :
DITTMER, NATHAN GANTCHER, :
STEPHEN GRADY, TONE GRANT, :
THOMAS HACKL, DAVID V. HARKINS, :
SCOTT L. JAECKEL, DENNIS A. KLEJNA, :
THOMAS H. LEE, ERIC G. LIPOFF, SANTO :
C. MAGGIO, PETER MCCARTHY, JOSEPH :
MURPHY, FRANK MUTTERER, RONALD :
L. O'KELLEY, RICHARD N. OUTRIDGE, :
SCOTT A. SCHOEN, WILLIAM M. :
SEXTON, GERALD SHERER, PHILIP :
SILVERMAN, AND ROBERT C. TROSTEN, :
                                    :
           Defendants. :
-------------------------------------------------------- x

No. 08-CV-5252

*Electronically Filed*

**ANSWER**
**OF DEFENDANT**

**JOSEPH MURPHY**


John J. Jerome (JJ-2413)
Timothy E. Hoeffner (TH-4195)
SAUL EWING LLP
245 Park Avenue
24th Floor
New York, New York  10167
(212) 672-1915

*Attorneys for Defendant Joseph Murphy*

Defendant Joseph Murphy ("Murphy"), by and through his undersigned attorneys states as follows for his Answer to the First Amended Complaint of plaintiff Arch Insurance Company ("Arch"), removed on June 9, 2008 from the Supreme Court of the State of New York, in the above-captioned action (the "Complaint"):

1.    Denies each and every allegation contained in paragraph 1 of the Complaint, except admits that Arch issued a directors and officers management liability policy (the "Arch Policy") to Refco Inc. ("Refco") for the period of August 11, 2005 to August 11, 2006 and that Murphy has tendered his defense to Arch for coverage resulting from various lawsuits and governmental investigations.

2.    It is admitted that this is the second lawsuit that Arch has filed regarding the Murphy's right to coverage under the Arch Policy and that the first lawsuit was dismissed.  It is further admitted that Arch purports to seek a declaration from this Court resolving the dispute in its favor.  It is denied that Arch is entitled to such relief.  By way of further answer, Arch's characterizations of the Arch Policy and Justice Freedman's opinion are denied, as both the Arch Policy and Justice Freedman's opinion are written documents, the terms of which speak for themselves.  The remaining allegations of this paragraph are denied.

3.    Arch's characterizations of the Arch Policy and Justice Freedman's opinion are denied, as both the Arch Policy and Justice Freedman's opinion are written documents, the terms of which speak for themselves.  Admits, upon information and belief, that three Refco executives, Phillip R. Bennett ("Bennett"), Robert C. Trosten ("Trosten") and Santo C. Maggio ("Maggio"), have pled guilty to various criminal charges.  The remaining allegations of this paragraph are denied as conclusions of law.  By way of further answer, Murphy denies any

involvement or culpability relating to the allegations of wrongdoing contained in paragraph 3 of the Complaint.

<u>**JURISDICTION AND VENUE**</u>

4.     Denies each and every allegation contained in paragraph 4 of the Complaint.

5.     Denies each and every allegation contained in paragraph 5 of the Complaint, except admits that Defendants were directors or officers of Refco, a corporation with its principal place of business in New York, and that certain Defendants seek coverage under the Arch Policy in connection with the Underlying Matters and that Arch has denied coverage, and refer to the Arch Policy for the contents thereof.

6.     Denies each and every allegation contained in paragraph 6 of the Complaint.

<u>**PARTIES**</u>

7.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except admits, upon information and belief, that ARCH is an insurance company.

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, except admits, upon information and belief, that Bennett is the former Chairman, President and CEO of Refco, and that in October 2005, Bennett was asked by the Refco Board of Directors to take a leave of absence.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, except to admit that Defendant Leo R. Breitman served as a Director of Refco.

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, except to admit that Defendant Edwin L. Cox served as a Director of Refco.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, except to admit that Defendant Nathan Gantcher served as a Director of Refco.

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, except admits, upon information and belief, that Defendant Stephen Grady served as Chief Operating Officer of Refco Global Futures LLC.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, except admits, upon information and belief, that Defendant David V. Harkins served as a Director of Refco.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, except admits, upon information and belief, that Defendant Scott L. Jaeckel served as a Director of Refco.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, except admits, upon information and belief, that Defendant Dennis A. Klejna served as Executive Vice President and General Counsel of Refco.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, except admits, upon information and belief, that Defendant Thomas H. Lee served as a Director of Refco.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, except admits, upon information and belief, that Defendant Maggio served as President and CEO of Refco Securities, LLC and President of Refco Capital Markets, Ltd.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, except admits, upon information and belief, that Defendant Peter McCarthy served as Executive Vice-President of Refco Securities.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint, except admits, that Murphy served as President of Refco from October 2005 to November 28, 2005, when he resigned and served as Chief Executive Officer of Refco Global Futures and

served as President of Refco LLC, the domestic regulated futures entity of Refco, and that Murphy is a resident of New Jersey.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, except admits, upon information and belief, that Defendant Ronald L. O'Kelley served as a Director of Refco.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, except admits, upon information and belief, that Defendant Scott A. Schoen served as a Director of Refco.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, except admits, upon information and belief, that William M. Sexton served as Executive Vice President and Chief Operating Officer of Refco between August 2004 and October 2005 and that Sexton is a resident of New York.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, except admits, upon information and belief, that Gerald Sherer joined Refco as Executive Vice President and Chief Financial Officer in January 2005.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, except admits, upon information and belief, that Defendant Philip Silverman served as Secretary of Refco.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, except admits, upon information and belief, that Defendant Trosten served as Executive Vice President and Chief Financial Officer of Refco Group Ltd., LLC.

## FACTUAL ALLEGATIONS

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, except admits that the Arch Policy is a directors and officers management liability policy with a policy period of August 11, 2005 to August 11, 2006 and a limit of $10 million, and refers to the Arch Policy for the contents thereof.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that U.S. Specialty Insurance Company ("U.S. Specialty"), Lexington Insurance Company ("Lexington"), Axis Reinsurance Company ("Axis"), and Allied World Assurance Company ("AWAC") have issued underlying insurance policies to Refco, and refers to those policies for the contents thereof.

36.     Denies each and every allegation contained in the first sentence of paragraph 36, except admit that the Arch Policy "follows form" to the primary policy, and refers to the Arch Policy and its endorsements for the contents thereof.  Admits that the second sentence of paragraph 36 of the Complaint purports to quote from the Arch Policy, and refers to the Arch Policy for the contents thereof.

37.     Admits that paragraph 37 of the Complaint purports to quote from the policy issued by U.S. Specialty (the "U.S. Specialty Policy"), and refers to the U.S. Specialty Policy for the contents thereof.

38.     Admits that paragraph 38 of the Complaint purports to quote from the U.S.

Specialty Policy, and refers to the U.S. Specialty Policy for the contents thereof.

39.    Admits that paragraph 39 of the Complaint purports to quote from the U.S. Specialty Policy, and refers to the U.S. Specialty Policy for the contents thereof.

40.    Admits that paragraph 40 purports to quote from Endorsement 15 to the U.S. Specialty Policy, and refers to the U.S. Specialty Policy and Endorsement 15 for the contents thereof.

41.    Admits that paragraph 41 purports to quote from Endorsement 11 to the U.S. Specialty Policy, and refers to the U.S. Specialty Policy and Endorsement 11 for the contents thereof.

42.    Admits that paragraph 42 of the Complaint purports to quote from the AWAC Policy Endorsement No. 3, and refers to the AWAC Policy and its Endorsement No. 3 for the contents thereof.

43.    Admits that paragraph 43 of the Complaint purports to quote from the Arch Policy Endorsement No. 4, and refers to the Arch Policy and its Endorsement No. 4 for the contents thereof.

44.    Admits that paragraph 44 of the Complaint purports to quote from the Arch Policy, and refers to the Arch Policy for the contents thereof.

45.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint, and refers to the contents of the Arch Policy for the contents thereof.

46.    Denies each and every allegation contained in paragraph 46 of the Complaint, except admits the allegations contained in the first sentence of paragraph 46, admits the allegation in footnote 3 that Axis was ordered by the Refco bankruptcy court to advance fees and

costs despite its denial of coverage, admits the third sentence of footnote 3, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of paragraph 46, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentences of paragraph 46.

**The Events at Refco**

47.     Admits, upon information and belief, that the Arch Policy incepted on August 11, 2005, which was the same day as the Refco initial public offering.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint, and refers to the October 10, 2005 press release for the contents thereof.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint, and refers to the October 11, 2005 press release for the contents thereof.

50.     Admits, upon information and belief, that Refco filed for bankruptcy in the Southern District of New York on or about October 17, 2005.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint, and refers to the contents of the third superseding indictment filed on or about January 16, 2007 (the "S3 Indictment") for the contents thereof.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint, except admits, upon information and belief, that Bennett and Trosten pled guilty to various federal charges brought against them in or

around February 2008.

53.     Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 53 of the Complaint, and refers to the S3 Indictment for the contents thereof.

54.     Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 54 of the Complaint, and refers to the S3 Indictment for the contents thereof.

55.     Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 55 of the Complaint, and refers to the S3 Indictment for the contents thereof.

56.     Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 56 of the Complaint, and refers to the S3 Indictment for the contents thereof.

57.     Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 57 of the Complaint, and refers to the S3 Indictment for the contents thereof.

58.     Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 58 of the Complaint, and refers to the S3 Indictment for the contents thereof.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint, and refers to the S3 Indictment for the contents thereof.

60.     Denies any involvement or culpability relating to the allegations of wrongdoing

contained in paragraph 60 of the Compliant; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint, except admits, upon information and belief, that Bennett pled guilty to various federal charges, and refers to the transcript of the February 15, 2008 hearing (the "Bennett Transcript") for the contents thereof.

61.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint, except admits, upon information and belief, that Bennett pled guilty to various federal charges, and refers to the Bennett Transcript for the contents thereof.

62.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, and refers to the S3 Indictment for the contents thereof.

63.    Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 63 of the Complaint; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint, except admits, upon information and belief, that Trosten pled guilty to various federal charges, and refers to the transcript of the February 20, 2008 hearing (the "Trosten Transcript") for the contents thereof.

64.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint, except admits, upon information and belief, that Trosten pled guilty to various federal charges, and refers to the Trosten Transcript for the contents thereof.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint, except admits, upon information and belief, that Maggio pled guilty to various federal charges, and refers to the criminal Information brought against Maggio (the "Maggio Information") for the contents thereof.

66.     Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 66 of the Complaint; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint, and refers to the Maggio Information for the contents thereof.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint, and refers to the Maggio Information for the contents thereof.

68.     Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 68 of the Complaint; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint, except admits, upon information and belief, that Maggio pled guilty to various federal charges, and refers to the transcript of the December 19, 2007 hearing (the "Maggio Transcript") for the contents thereof.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint, except admits, upon information and belief, that Maggio pled guilty to various federal charges, and refers to the Maggio Transcript for the contents thereof.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

**The Underlying Matters**

71.    Admits, upon information and belief, that various lawsuits were filed against certain of the defendants in the above-captioned action beginning on or about October 12, 2005.

72.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint, and refers to the complaint filed in *United States v. Bennett*, No. 05-1720 (S.D.N.Y.) (the "Bennett Criminal Complaint") for the contents thereof.

73.    Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 73 of the Complaint; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint, and refers to the Bennett Criminal Complaint, the S3 Indictment, and the Maggio Information for the contents thereof.

74.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint.

75.    Admits, upon information and belief, the allegations contained in paragraph 75 of the Complaint.

76.    Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 76 of the Complaint, except admits that Murphy is named as a defendant in the First Amended Consolidated Class Action Complaint ("FAC") and the Second Amended Consolidated Class Action Complaint ("SAC"), and refers to the FAC and SAC for the contents thereof.

77.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint, except admits, upon information and

belief, notice was provided to Arch on behalf of Murphy of certain matters arising out of Murphy's employment with Refco.

78.     Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 78 of the Complaint, except admits, upon information and belief, that the "Derivative Litigation[s]" have been dismissed.

79.     Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 79 of the Complaint; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint, except admits, upon information and belief, that notice was provided to Arch on behalf of Murphy of certain matters arising out of Murphy's employment with Refco.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint.

82.     Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 82 of the Complaint; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint, and refers to the THL Funds Action Complaint for the contents thereof.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint.

88.     Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 88 of the Complaint; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint.

89.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint.

90.     Admits, upon information and belief, the allegations contained in paragraph 90 of the Complaint.

91.     Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 91 of the Complaint; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Complaint, and refers to the second amended complaint for the contents thereof.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Complaint, except admits, upon information and belief, that Murphy provided notice of the action to Arch.

93.    Admits, upon information and belief, the allegations contained in paragraph 93 of the Complaint.

94.    Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 94 of the Complaint; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Complaint.

95.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint, except admits, upon information and belief, that Murphy provided notice of this action to Arch.

96.    Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 96 of the Complaint; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in the Complaint, except admits, upon information and belief, that on or about October 9, 2007 *VR Global Partners L.P., et al. v. Bennett, et al.,* Case No. 07-8686 (S.D.N.Y.) and *Capital Management Select Fund Ltd., et al. v. Bennett, et al.*, Case No. 07-8688 (S.D.N.Y.) were brought against various defendants including Murphy and were consolidated with the Global Management Litigation on or around November 20, 2007, except admits that Murphy provided notice of this action to Arch.

97.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Complaint.

98.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Complaint.

99.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Complaint.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Complaint.

101.    Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 101 of the Complaint; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Complaint.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint.

103.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint.

104.    Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 104 of the Complaint; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint, except admits that Murphy was named a defendant in this action and refers to the complaint in such action for the contents thereof.

105.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint, except admit that Murphy provided notice of this action to Arch.

106.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Complaint.

107.    Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 107 of the Complaint; otherwise denies knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Complaint.

108.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Complaint.

109.    Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 109 of the Complaint; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Complaint.

110.    No response is required for paragraph 110 of the Complaint.

111.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Complaint.

112.    No response is required for paragraph 112 of the Complaint.

## <u>COUNT I</u>

113.    Repeats and realleges each response to paragraphs 1 through 112 above.

114.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of the Complaint.

115.    Denies each and every allegation contained in paragraph 115 of the Complaint.

116.    Denies each and every allegation contained in paragraph 116 of the Complaint, except it is admitted that Arch purports to seek the declaration requested, but it is denied that Arch is entitled to such relief.

## OTHER COVERAGE DEFENSES

121.     Denies each and every allegation contained in paragraph 121 of the Complaint, except it is admitted that Arch purports to seek the declaration requested.

### FIRST DEFENSE

139.     Arch fails to state a claim against Joseph Murphy upon which relief can be granted.

### SECOND DEFENSE

140.     Upon information and belief, Arch's claims against Joseph Murphy are barred, in whole or in part, by the doctrine of laches.

### THIRD DEFENSE

141.     Upon information and belief, Arch's claims against Joseph Murphy are barred, in whole or in part, by the doctrine of waiver.

### FOURTH DEFENSE

142.     Upon information and belief, Arch's claims against Joseph Murphy are barred, in whole or in part, by the doctrine of estoppel.

### FIFTH DEFENSE

143.     Upon information and belief, Arch's claims against Joseph Murphy are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH DEFENSE

144.     Upon information and belief, Arch's claims against Joseph Murphy are barred as a result of Arch's inequitable conduct in connection with its purported denial of coverage under the Arch Policy.

## **PRAYER FOR RELIEF**

WHEREFORE, Joseph Murphy respectfully requests entry of judgment in his favor as follows:

1.    Dismissing the Complaint with prejudice;

2.    Awarding the Defendants their attorneys' fees and costs and disbursements resulting from this action; and

3.    Granting such other and further relief as the Court may deem proper.

Respectfully submitted,


/s/ Timothy E. Hoeffner

John J. Jerome (JJ-2413)
Timothy E. Hoeffner (TH-4195)
SAUL EWING LLP
245 Park Avenue
24th Floor
New York, New York  10167
(212) 672-1915

*Attorneys for Defendant Joseph Murphy*

## JURY DEMAND

Joseph Murphy hereby demands trial by jury on all issues in the Complaint or in the

Counterclaims so triable.

Dated: July 28, 2008
      New York, New York


/s/ Timothy E. Hoeffner

John J. Jerome (JJ-2413)
Timothy E. Hoeffner (TH-4195)
SAUL EWING LLP
245 Park Avenue
24th Floor
New York, New York  10167
(212) 672-1915

*Attorneys for Defendant Joseph Murphy*