HELEN B. KIM (HK-8757)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone:    310-788-4525
Facsimile:    310-788-4471

-and-

PHILIP A. NEMECEK (PN-3319)
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, NY 10022-2585
Telephone:    212-940-8834
Facsimile:    212-940-8776

*Attorneys for Defendant Dennis A. Klejna*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ARCH INSURANCE COMPANY,

                Plaintiff,

   -against-

JOHN D. AGOGILA, PHILLIP R. BENNETT, LEO R.
BREITMAN, EDWIN L. COX, SUKHMEET DHILLON,
THOMAS DITTMER, NATHAN GANTCHER,
STEPHEN GRADY, TONE GRANT, THOMAS HACKL,
DAVID V. HARKINS, SCOTT L. JAECKEL, DENNIS A.
KLEJNA, THOMAS H. LEE, ERIC G. LIPOFF, SANTO
C. MAGGIO, PETER MCCARTHY, JOSEPH MURPHY,
FRANK MUTTERER, RONALD L. O'KELLEY,
RICHARD N. OUTRIDGE, SCOTT A. SCHOEN,
WILLIAM M. SEXTON, GERALD SHERER, PHILIP
SILVERMAN and ROBERT C. TROSTEN,

                Defendants.
------------------------------------------------------------x

**NO. 08 CIV 5252 (GEL)**

*ELECTRONICALLY FILED*

**ANSWER OF DEFENDANT DENNIS A. KLEJNA**

Defendant Dennis A. Klejna, by and through his attorneys, Katten Muchin Rosenman LLP, states as follows for his Answer to the First Amended Complaint of plaintiff Arch Insurance Company ("Arch"), dated February 22, 2008, in the above-captioned action (the "Complaint"):

1. Denies each and every allegation contained in paragraph 1 of the Complaint, except admits that Arch issued an excess directors, officers and corporate liability insurance policy to Refco Inc. ("Refco") for the period from August 11, 2005 to August 11, 2006 (the "Arch Policy") and that numerous lawsuits and investigations have been initiated against Refco and certain individuals, and refers to the Underlying Matters for the allegations contained therein. Mr. Klejna further admits that Arch purports to seek a declaration from the Court resolving the dispute in its favor; and avers that Arch is entitled to no relief.

2. Denies each and every allegation contained in paragraph 2 of the Complaint, except admits that Arch's first lawsuit in the Supreme Court of the State of New York, New York County seeking a declaration regarding the parties' rights and responsibilities under the Arch Policy was dismissed by Justice Freedman in an opinion dated February 20, 2007, and refers to Justice Freedman's opinion for the contents thereof.

3. Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 3 of the Complaint; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, except admits, upon information and belief, that three Refco executives, Phillip R. Bennett ("Bennett"), Robert C. Trosten ("Trosten") and Santo C. Maggio ("Maggio"), have pled guilty to various criminal charges, and refers to Justice Freedman's opinion for the contents thereof.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, except admits that Arch avers that the Court has jurisdiction to resolve an actual controversy between Arch and the defendants pursuant to the New York Declaratory Judgment Act, CPLR 3001.

5.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, except admits that Arch avers that the Court has *in personam* jurisdiction over Mr. Klejna pursuant to CPLR 301 and 302, admits that Mr. Klejna is a former officer of Refco and that he transacted business in New York or otherwise engaged in a sufficient course of conduct in the State to make the exercise of personal jurisdiction proper, and admits that Mr. Klejna, among other defendants, has sought coverage under the Arch Policy in connection with the Underlying Matters and that Arch has denied coverage, and refers to the Arch Policy for the contents thereof, and admits that numerous lawsuits and investigations have been initiated against Refco and certain individuals, and refers to the Underlying Matters for the allegations contained therein.

6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, except admits that Arch avers that venue is appropriate pursuant to CPLR 503.

7.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except admits, upon information and belief, that Arch is an insurance company.

8.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, except admits, upon information and belief, that Defendant Bennett is the former Chairman, President and CEO of Refco, and that in October 2005, Bennett was asked by the Refco Board of Directors to take a leave of absence.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, except admits, upon information and belief, that Defendant Stephen Grady served as Chief Operating Officer of Refco Global Futures LLC.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, except admits, upon information and belief, that Defendant David V. Harkins served as a director of Refco.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, except admits, upon information and belief, that Defendant Scott L. Jaeckel served as a director of Refco.

20. Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that Defendant Dennis A. Klejna served as Executive Vice President and General Counsel of Refco.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, except admits, upon information and belief, that Defendant Thomas H. Lee served as a director of Refco.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, except admits, upon information and belief, that Defendant Maggio served as President and CEO of Refco Securities, LLC and President of Refco Capital Markets, Ltd.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, except admits, upon information and belief, that Defendant Joseph Murphy served as President of Refco during October and November of 2005.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, except admits, upon information and belief, that Defendant Ronald L. O'Kelley served as a director of Refco.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, except admits, upon information and belief, that Defendant Scott A. Schoen served as a director of Refco.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, except admits, upon information and belief, that Sexton served as Executive Vice President and Chief Operating Officer of Refco.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, except admits, upon information and belief, that Sherer served as Executive Vice President and Chief Financial Officer of Refco.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, except admits, upon information and belief, that Defendant Philip Silverman served as Secretary of Refco.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, except admits, upon information and belief, that Defendant Trosten served as Executive Vice President and Chief Financial Officer of Refco Group Ltd., LLC.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, except admits that the Arch Policy is a directors, officers and corporate liability policy with a policy period of August 11, 2005 to August 11, 2006 and a limit of $10 million, and refers to the Arch Policy for the contents thereof.

35. Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that U.S. Specialty Insurance Company ("U.S. Specialty"), Lexington Insurance Company ("Lexington"), Axis Reinsurance Company ("Axis") and Allied World Assurance Company ("AWAC") issued underlying insurance policies to Refco, and refers to those policies for the contents thereof.

36. Denies each and every allegation contained in the first sentence of paragraph 36, except admits that the Arch Policy "follows form" to the primary policy, and refers to the Arch Policy and its endorsements for the contents thereof. Mr. Klejna further admits that the second sentence of paragraph 36 of the Complaint purports to quote from the Arch Policy, and refers to the Arch Policy for the contents thereof.

37. Admits that paragraph 37 of the Complaint purports to quote from the policy issued by U.S. Specialty (the "U.S. Specialty Policy"), and refers to the U.S. Specialty Policy for the contents thereof.

6

38. Admits that paragraph 38 of the Complaint purports to quote from the U.S. Specialty Policy, and refers to the U.S. Specialty Policy for the contents thereof.

39. Admits that paragraph 39 of the Complaint purports to quote from the U.S. Specialty Policy, and refers to the U.S. Specialty Policy for the contents thereof.

40. Admits that paragraph 40 purports to quote from Endorsement 15 to the U.S. Specialty Policy, and refers to the U.S. Specialty Policy and Endorsement 15 for the contents thereof.

41. Admits that paragraph 41 purports to quote from Endorsement 11 to the U.S. Specialty Policy, and refers to the U.S. Specialty Policy and Endorsement 11 for the contents thereof.

42. Admits that paragraph 42 purports to quote from Endorsement 3 to the policy issued by AWAC (the "AWAC Policy"), and refers to the AWAC Policy and Endorsement 3 for the contents thereof.

43. Admits that paragraph 43 purports to quote from Endorsement 4 to the Arch Policy, and refers to the Arch Policy and Endorsement 4 for the contents thereof.

44. Admits that paragraph 44 purports to quote from the Arch Policy, and refers to the Arch Policy for the contents thereof.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint, and refers to the Arch Policy for the contents thereof.

46. Denies each and every allegation contained in paragraph 46 of the Complaint, except admits the allegations contained in the first sentence of paragraph 46, admits that Axis was ordered by the Refco bankruptcy court to advance fees and costs despite its denial of coverage, and admits the third sentence of footnote 3; denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentences of paragraph 46.

47. Admits, upon information and belief, that the Arch Policy incepted on August 11, 2005, which was the same date as the Refco initial public offering.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint, and refers to the October 10, 2005 press release for the contents thereof.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint, and refers to the October 11, 2005 press release for the contents thereof.

50. Admits, upon information and belief, that Refco filed for bankruptcy in the Southern District of New York on or about October 17, 2005.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint, and refers to the contents of the third superseding indictment filed on or about January 16, 2007 (the "S3 Indictment") for the contents thereof.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint, except admits, upon information and belief, that Defendants Bennett and Trosten pled guilty to various federal charges brought against them in or around February 2008.

53. Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 53 of the Complaint, and refers to the S3 Indictment for the contents thereof.

54. Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 54 of the Complaint, and refers to the S3 Indictment for the contents thereof.

55. Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 55 of the Complaint, and refers to the S3 Indictment for the contents thereof.

56. Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 56 of the Complaint, and refers to the S3 Indictment for the contents thereof.

57. Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 57 of the Complaint, and refers to the S3 Indictment for the contents thereof.

58. Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 58 of the Complaint, and refers to the S3 Indictment for the contents thereof.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint, and refers to the S3 Indictment for the contents thereof.

60. Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 60 of the Compliant; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint, except admits, upon information and belief, that Defendant Bennett pled guilty to various federal charges, and refers to the transcript of the February 15, 2008 hearing (the "Bennett Transcript") for the contents thereof.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint, except admits, upon information and belief, that Defendant Bennett pled guilty to various federal charges, and refers to the Bennett Transcript for the contents thereof.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, and refers to the S3 Indictment for the contents thereof.

63. Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 63 of the Complaint; otherwise denies knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint, except admits, upon information and belief, that Defendant Trosten pled guilty to various federal charges, and refers to the transcript of the February 20, 2008 hearing (the "Trosten Transcript") for the contents thereof.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint, except admits, upon information and belief, that Defendant Trosten pled guilty to various federal charges, and refers to the Trosten Transcript for the contents thereof.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint, except admits, upon information and belief, that Defendant Maggio pled guilty to various federal charges, and refers to the criminal Information brought against Maggio (the "Maggio Information") for the contents thereof.

66.     Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 66 of the Complaint; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint, and refers to the Maggio Information for the contents thereof.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint, and refers to the Maggio Information for the contents thereof.

68.     Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 68 of the Complaint; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint, except admits, upon information and belief, that Defendant Maggio pled guilty to various federal charges, and refers to the transcript of the December 19, 2007 hearing (the "Maggio Transcript") for the contents thereof.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint, except admits, upon information and

belief, that Defendant Maggio pled guilty to various federal charges, and refers to the Maggio Transcript for the contents thereof.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

71. Admits, upon information and belief, that various lawsuits were filed against certain of the Defendants in the above-captioned action beginning on or about October 12, 2005.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint, and refers to the complaint filed in *United States v. Bennett*, No. 05-1720 (S.D.N.Y.) (the "Bennett Criminal Complaint") for the contents thereof.

73. Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 73 of the Complaint; otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint, and refers to the Bennett Criminal Complaint, the S3 Indictment, and the Maggio Information for the contents thereof.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint.

75. Admits, upon information and belief, the allegations contained in paragraph 75 of the Complaint.

76. Denies any involvement or culpability relating to the allegations of wrongdoing contained in paragraph 76 of the Complaint, except admits that Mr. Klejna is named as a defendant in the First Amended Consolidated Class Action Complaint ("FAC") and the Second Amended Consolidated Class Action Complaint ("SAC"), and refers to the FAC and SAC for the contents thereof.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint, except admits, upon information and

belief, notice was provided to Arch on behalf of Mr. Klejna of certain matters arising out of Mr. Klejna's employment with Refco.

78. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint.

79. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint.

80. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint.

81. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint.

83. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint.

84. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint.

85. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint, and refers to the THL Funds Action Complaint for the contents thereof.

86. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint.

87. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint.

88. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint.

89. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint.

90. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint.

91. Denies knowledge or information sufficient to form a belief as to the truth contained in paragraph 91 of the Complaint.

92. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Complaint.

93. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Complaint.

94. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Complaint.

95. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint.

96. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Complaint.

97. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Complaint.

98. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Complaint.

99. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Complaint.

100. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Complaint.

101. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Complaint.

102. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint.

103. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint.

104. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint.

105. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint.

106. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Complaint.

107. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Complaint.

108. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Complaint.

109. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Complaint.

110. No response is required for paragraph 110 of the Complaint.

111. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Complaint.

112. No response is required for paragraph 112 of the Complaint.

## COUNT I

113. Repeats and realleges each response to paragraphs 1 through 112 above.

114. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of the Complaint.

115. Denies each and every allegation contained in paragraph 115 of the Complaint.

116. Admits that Arch seeks a declaration resolving this dispute in its favor, and avers that Arch is entitled to no such relief.

## COUNT II

117. Repeats and realleges each response to paragraphs 1 through 116 above.

118. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the Complaint.

119. Denies each and every allegation contained in paragraph 119 of the Complaint.

120. Admits that Arch seeks a declaration resolving this dispute in its favor, and avers that Arch is entitled to no such relief.

## OTHER COVERAGE DEFENSES

121. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 121 of the Complaint, and denies each and every allegation contained in the second sentence of paragraph 121 of the Complaint.

## FIRST DEFENSE

122. Arch fails to state a claim against Mr. Klejna upon which relief can be granted.

## SECOND DEFENSE

123. Upon information and belief, Arch's claims against Mr. Klejna are barred, in whole or in part, by the doctrine of laches.

## THIRD DEFENSE

124. Upon information and belief, Arch's claims against Mr. Klejna are barred, in whole or in part, by the doctrine of waiver.

## FOURTH DEFENSE

125. Upon information and belief, Arch's claims against Mr. Klejna are barred, in whole or in part, by the doctrine of estoppel.

## FIFTH DEFENSE

126. Upon information and belief, Arch's claims against Mr. Klejna are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH DEFENSE

127.    Upon information and belief, Arch's claims against Mr. Klejna are barred as a result of Arch's inequitable conduct in connection with its purported denial of coverage under the Arch Policy.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Dennis A. Klejna respectfully requests entry of judgment in his favor as follows:

1. Dismissing the Complaint with prejudice;

2. Awarding Mr. Klejna his attorneys' fees and costs and disbursements resulting from this action; and

3. Granting such other and further relief as the Court may deem proper.

### JURY DEMAND

Mr. Klejna hereby demands trial by jury on all issues in the Complaint so triable.

Dated:  New York, New York
        July 28, 2008

>                   HELEN B. KIM
>                   KATTEN MUCHIN ROSENMAN LLP
>
>                   /s/ Helen B. Kim
>                   Helen B. Kim (HK-8757)
>                   2029 Century Park East, Suite 2600
>                   Los Angeles, CA 90027
>                   Telephone: (310) 788-4525
>                   Facsimile: (310) 788-4471
>
>                   PHILIP A. NEMECEK
>                   KATTEN MUCHIN ROSENMAN LLP
>                   Philip A. Nemecek (PN-3319)
>                   575 Madison Avenue
>                   New York, NY  10022-2585
>                   Telephone:   212-940-8834
>                   Facsimile:   212-940-8776
>
>                   *Attorneys for Defendant Dennis A. Klejna*

31450407