John H. Eickemeyer (JE-8302)
Daniel C. Green (DG-0059)
VEDDER PRICE P.C.
1633 Broadway, 47th Floor
New York, New York 10019

Daniel J. Standish (*pro hac vice*)
Marc E. Rindner (*pro hac vice*)
Cara Tseng Duffield (*pro hac vice*)
WILEY REIN LLP
1776 K Street NW
Washington, D.C. 20006

*Attorneys for Plaintiff Arch Insurance Company*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ARCH INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 08-CIV-5252 (GEL)** |
| ) | **ECF Case** |
| **JOHN D. AGOGLIA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

    Annexed hereto are true copies of filings originally made in the Supreme Court of the State of New York, County of New York, in the action *Arch Insurance Co. v. Agoglia, et al.*, Index No. 08/600029, which was removed to this Court on or around June 9, 2008.

    The record is supplemented by the undersigned counsel for the plaintiff Arch Insurance Company, pursuant to a letter from such counsel which was So Ordered by the Court on July 21, 2008 and entered into the docket on July 22, where it was assigned ECF No. 26.  The supplementary filings are as follows:

| Document Number | Document Title |
|---|---|
| | |
| 1. | Summons and Complaint (and Exhibits A-G thereto) |
| 2. | Amended Summons and First Amended Complaint for Declaratory Judgment (and Exhibits A-J thereto) |

1

| 3. | Affidavit of Service of Summons and Complaint and of Amended Summons and Complaint Upon Enumerated Defendants (and Exhibits 1-15 thereto) |
| --- | --- |
| 4. | Request for Judicial Intervention |
| 5. | Statement in Support of Request for Assignment to Commercial Division (and Exhibit A thereto) |
| 6. | Notice of Motion for the *Pro Hac Vice* Admission of Cara Tseng Duffield, Marc E. Rindner and Daniel J. Standish |
| 7. | Affirmation of Daniel C. Green in Support of the *Pro Hac Vice* Admission of Cara Tseng Duffield, Marc E. Rindner and Daniel J. Standish (and Exhibits 1-3 thereto) |
| 8. | Affidavit of Service of Enumerated Filings Upon Defendant Cox |
| 9. | So Ordered Stipulated Order for Entry of Judgment against Defendant Phillip R. Bennett with annexed Judgment Entered by Clerk |
| 10. | Notice of Discontinuance as to Defendant Cox |
| 11. | Stipulation of Partial Discontinuance with Prejudice as against Defendant Trosten |
| 12. | Notice of Motion and Affirmation of Richard Cashman (and Exhibits A-Z thereto) |
| 13. | Memorandum of Law in Support of the Insureds' Motion to Dismiss the First Amended Complaint for Declaratory Judgment |
| 14. | Corrected Notice of Motion |
| 15. | Corrected Memorandum of Law in Support of the Insureds' Motion to Dismiss the First Amended Complaint for Declaratory Judgment |
| 16. | Notice of Appearance of Zuckerman Spaeder LLP on Behalf of Defendant Grant |
| 17. | Notice of Motion for Admission *Pro Hac Vice* of Norman L. Eisen and Affirmation of Laura E. Neish in Support Thereof |
| 18. | Affirmation of John H. Eickemeyer in Support of Arch Insurance Company's Opposition to Certain Defendants' Motion to Dismiss the First Amended Complaint (and Exhibits A-M thereto) |

| 19. | Plaintiff Arch Insurance Company's Opposition to Certain Defendants' Motion to Dismiss the First Amended Complaint |
|-----|------------------------------------------------------------------------------------------------------------------------|
| 20. | Notice of Entry of So Ordered Stipulated Order for Entry of Judgment against Defendant Phillip R. Bennett (annexed as Exhibit A thereto) |
| 21. | Corrected Affidavit of Service of Notice of Entry Upon Enumerated Defendants |
| 22. | Reply Affirmation of Richard Cashman (and Exhibits A-D thereto) |
| 23. | Reply Memorandum of Law in Support of the Insureds' Motion to Dismiss the First Amended Complaint for Declaratory Judgment |
| 24. | Affidavit of Service of Summons and Complaint and of Amended Summons and Complaint upon Defendants Dhillon and Lipoff |
| 25. | Notice of Motion for Voluntary Discontinuance as Against Defendants Thomas H. Dittmer and Stephen Grady; Affirmation of Daniel C. Green in Support of Motion for Voluntary Discontinuance as Against Defendants Thomas H. Dittmer and Stephen Grady |
| 26. | So Ordered Stipulation of Partial Discontinuance with Prejudice as against Defendant Maggio |
| 27. | Order Granting *Pro Hac Vice* Admission of Cara Tseng Duffield, Marc E. Rindner, and Daniel J. Standish |
| 28. | Order Granting *Pro Hac Vice* Admission of Norman Eisen |
| 29. | Notice of Filing of Notice of Removal (annexed as Exhibit A thereto) |

NEWYORK/#198626.1

Date:  July 31, 2008

Respectfully submitted,


By:    s/  John H. Eickemeyer
     John H. Eickemeyer  (JE-8302)
     jeickemeyer@vedderprice.com
     Daniel C. Green  (DG-0059)
     dgreen@vedderprice.com
     VEDDER PRICE P.C.
     1633 Broadway, 47th Floor
     New York, NY 10019
     (212) 407-7700

     Daniel J. Standish (*pro hac vice*)
     dstandish@wileyrein.com
     Marc E. Rindner (*pro hac vice*)
     mrindner@wileyrein.com
     Cara Tseng Duffield (*pro hac vice*)
     cduffield@wileyrein.com
     WILEY REIN LLP
     1776 K Street, N.W.
     Washington, D.C. 20006
     (202) 719-7000

     *Counsel for Plaintiff Arch Insurance Company*

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ARCH INSURANCE COMPANY,                    )
                                            )
              Plaintiff,                     )         Index No.: 08/600029
                                            )
v.                                          )
                                            )
JOHN D. AGOGLIA, PHILLIP R.                 )         **STATEMENT IN SUPPORT OF**
BENNETT, LEO R. BREITMAN, EDWIN             )         **REQUEST FOR ASSIGNMENT TO**
L. COX, SUKHMEET DHILLON,                   )         <u>**COMMERCIAL DIVISION**</u>
THOMAS H. DITTMER, NATHAN                   )
GANTCHER, STEPHEN GRADY, TONE               )
GRANT, THOMAS HACKL, DAVID V.               )
HARKINS, SCOTT L. JAECKEL,                  )
DENNIS A. KLEJNA, THOMAS H. LEE,            )
ERIC G. LIPOFF, SANTO C. MAGGIO,            )
PETER MCCARTHY, JOSEPH                      )
MURPHY, FRANK MUTTERER,                     )
RICHARD N. OUTRIDGE, RONALD L.              )
O'KELLEY, SCOTT A. SCHOEN,                  )
WILLIAM M. SEXTON, GERALD                   )
SHERER, PHILIP SILVERMAN and                )
ROBERT C. TROSTEN                           )
                                            )
              Defendants.                    )
                                            )

Vedder Price, P.C., counsel for Arch Insurance Company, the plaintiff in this matter,

submits this statement and annexes a copy of the pleadings as Exhibit A hereto, pursuant to

Section 202.70(d)(2) of the Uniform Rules of the Trial Courts, in support of the request of said

party for the assignment of this matter to the Commercial Division of this court.

     (1)    I have reviewed the standards for assignment of cases to the Commercial Division

set forth in Section 202.70. This case meets those standards. I therefore request that this case be

assigned to the Division.

(2)     The sums at issue in this case (exclusive of punitive damages, interest, costs disbursements, and counsel fees claims) are equal to or in excess of the monetary threshold of the Division in this county as set out in Subdivision (a) of said Section, or equitable or declaratory relief is sought, in that the insurance policy at issue herein provides for $10 million of coverage.

(3)     This case falls within the standards set out in Subdivision (b) of the Section and does not come within the groups of cases set out in subdivision (c) that will not be heard in the Division, in that plaintiff is seeking declaratory relief relating to "commercial insurance coverage (e.g. directors and officers…)."  §202.70(b)(10).

Dated: New York, New York.
     March 12, 2008

Respectfully submitted,

VEDDER PRICE P.C.

By: _____
    John H. Eickemeyer, Esq.
    Daniel C. Green, Esq.
    1633 Broadway, 47th Floor
    New York, New York  10019
    (212) 407-7700

*Attorneys for Plaintiff*
*Arch Insurance Company*

# Exhibit A

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK

ARCH INSURANCE COMPANY,                    )
                                           )
                  Plaintiff,               )        Index No.: 08/600029
                                           )
        v.                                 )
                                           )
JOHN D. AGOGLIA, PHILLIP R.                )        **AMENDED SUMMONS**
BENNETT, LEO R. BREITMAN, EDWIN            )
L. COX, SUKHMEET DHILLON,                  )
THOMAS H. DITTMER, NATHAN                  )
GANTCHER, STEPHEN GRADY, TONE              )
GRANT, THOMAS HACKL, DAVID V.              )
HARKINS, SCOTT L. JAECKEL,                 )
DENNIS A. KLEJNA, THOMAS H. LEE,           )
ERIC G. LIPOFF, SANTO C. MAGGIO,           )
PETER MCCARTHY, JOSEPH                     )
MURPHY, FRANK MUTTERER,                    )
RICHARD N. OUTRIDGE, RONALD L.             )
O'KELLEY, SCOTT A. SCHOEN,                 )
WILLIAM M. SEXTON, GERALD                  )
SHERER, PHILIP SILVERMAN and               )
ROBERT C. TROSTEN                          )
                                           )
                  Defendants.              )
                                           )

NEW YORK
COUNTY CLERK'S OFFICE

FEB 22 2008

NOT COMPARED
WITH COPY FILE

## TO THE ABOVE NAMED DEFENDANTS:

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve

a copy of your answer, or if the Complaint is not served with this summons, to serve a notice of

appearance on plaintiff's attorneys, within twenty (20) days after the service of this summons,

exclusive of the day of service (or within thirty (30) days after the service is complete if this

summons is not personally delivered to you in the State of New York); and in case of your

failure to appear or answer, judgment will be taken against you by default for the relief

demanded in the Complaint.  Plaintiff designates New York County as the place of trial.

The basis for venue is that plaintiff Arch Insurance Company's principal place of business is located at One Liberty Plaza, 53rd Floor, New York, NY 10006, and the County of New York is therefore the proper venue for trial pursuant to CPLR §503(a).

Dated:  February 21, 2008

Respectfully submitted,

VEDDER PRICE P.C.

By: _____
John H. Eickemeyer
Daniel C. Green

1633 Broadway
47th Floor
New York, New York 10019

(212) 407-7700

Of Counsel:

Daniel J. Standish
Marc E. Rindner
Cara Tseng Duffield
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
202-719-7000

*Attorneys for Plaintiff*
*Arch Insurance Company*

To:

John D. Agoglia
3 Sweet Hollow Ct.
St. James, NY 11780

Phillip R. Bennett
125 Colt Lane
Gladstone, NJ  07934

NEWYORK/#191889.1

Leo R. Breitman
7767 Wind Key Drive
Boca Raton, FL 33434

Edwin L. Cox
c/o Brian O'Connor, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

Sukhmeet Dhillon
1 Upper Vintage
Laguna Niguel, CA 92677-9202

Thomas H. Dittmer
150 S. Wacker Drive, Suite 1200
Chicago, IL 60606-4201

Nathan Gantcher
86 Birchall Drive
Scarsdale, NY 10583

Stephen Grady
c/o Lawrence J. Kotler, Esq.
Duane, Morris & Heckscher LLP
30 South 17th Street
Philadelphia, PA 19103

Tone Grant
680 North Lake Shore Drive, Apt. 1620
Chicago, IL 60611

Thomas Hackl
c/o Avraham C. Moskowitz, Esq.
Moskowitz and Book, LLP
1372 Broadway
New York, NY 10018

David V. Harkins
Corn Point Road
Marblehead, MA 01945

Scott L. Jaeckel
151 Tremont Street, Apt. 25E
Boston, MA 02111-1123

3

Dennis A. Klejna
2301 E Street NW, Apt. A1010
Washington, DC 20037-2829

Thomas H. Lee
322 E. 57th Street
New York, NY 10022

Eric G. Lipoff
c/o Stephen M. Ray, Esq.
Robert A. Greenfield, Esq.
Stutman, Treister & Glatt PC
1901 Avenue of Stars, 12th Floor
Los Angeles, CA 90067

Santo C. Maggio
1825 8th Street South
Naples, FL 34102

Peter McCarthy
38 South Bridge Street
Poughkeepsie, NY 12601

Joseph Murphy
1038 Bloom Street
Hoboken, NJ 07030

Frank Mutterer
c/o Lawrence S. Lustberg, Esq.
Gibbons P.C.
One Gateway Center
Newark, NJ 07102

Ronald L. O'Kelley
6001 Trophy Drive, Apt. 1002
Naples, FL 34110

Richard N. Outridge
24 Pennbrook Dr.
Lincoln University, PA 19352

Scott A. Schoen
191 Kings Grant Road
Weston, MA 02493

4

William M. Sexton
c/o Stuart I. Friedman, Esq.
Ivan Kline, Esq.
Friedman & Wittenstein, P.C.
600 Lexington Avenue
New York, NY 10022

Gerald Sherer
333 Central Park West, Apt. 81
New York, NY  10025-7145

Philip Silverman
3 Edie Drive
Marlboro, NJ 07746

Robert C. Trosten
895 Scioto Drive
Franklin Lakes, NJ 07417

NEWYORK/#191889.1

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK

| | |
|---|---|
| ARCH INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JOHN D. AGOGLIA, PHILLIP R. BENNETT, LEO R. BREITMAN, EDWIN L. COX, SUKHMEET DHILLON, THOMAS H. DITTMER, NATHAN GANTCHER, STEPHEN GRADY, TONE GRANT, THOMAS HACKL, DAVID V. HARKINS, SCOTT L. JAECKEL, DENNIS A. KLEJNA, THOMAS H. LEE, ERIC G. LIPOFF, SANTO C. MAGGIO, PETER MCCARTHY, JOSEPH MURPHY, FRANK MUTTERER, RICHARD N. OUTRIDGE, RONALD L. O'KELLEY, SCOTT A. SCHOEN, WILLIAM M. SEXTON, GERALD SHERER, PHILIP SILVERMAN and ROBERT C. TROSTEN,<br><br>Defendants. | Index No.: 08-600029<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT** |

NEW YORK COUNTY CLERK'S OFFICE

FEB 22 2008

NOT COMPARED WITH COPY FILE

In support of its first amended complaint against defendants, plaintiff Arch Insurance Company ("Arch") alleges as follows:

## INTRODUCTION

1. Arch issued an excess directors, officers and corporate liability insurance policy to Refco, Inc. ("Refco") for the period from August 11, 2005 to August 11, 2006 (the "Arch Policy"). Since August 11, 2005, numerous lawsuits and governmental and/or regulatory investigations (the "Underlying Matters") involving certain individuals insured under the Arch Policy have been instituted and various of those individuals have tendered the Underlying

Matters to Arch for coverage under the Arch Policy.  Arch brings this action against the defendants named herein ("Defendants") to seek a declaration that the Arch Policy affords no coverage for the Defendants in connection with the Underlying Matters.

2.  This is the second lawsuit that Arch has filed in this court for a declaration regarding the parties' rights and responsibilities under the Arch Policy.  The first lawsuit (Index No. 600805/06) was dismissed without prejudice by Justice Freedman in an opinion dated February 20, 2007 based on two factors that no longer exist.  First, the Arch Policy contains a limit of liability that is $10 million excess of $40 million in underlying limits, and Justice Freedman ruled that it was entirely speculative whether the Underlying Matters would ever generate losses that would implicate the Arch Policy.  Since that ruling, the limits of the underlying policies have been depleted at a voracious pace.  As of the filing of this first amended complaint, the underlying insurers have advanced approximately $27.5 million in attorneys' fees and costs, and the bevy of law firms representing the individual insureds is generating over $2 million per month in additional fees and costs.  Thus, contrary to the position that the individual insureds advanced before this Court when Arch filed its first action, it is far from speculative whether, setting aside the dispositive coverage issues that Arch outlines in this complaint based on the unique terms of its Policy, the Arch limit will be implicated.

3.  Justice Freedman also held that Arch could not proceed with the first action because the question whether any insured had knowledge of facts or circumstances that might give rise to a claim as of the Arch Policy inception date – key issue for purposes of the exclusions that form the basis for Arch's denial of coverage – would overlap with issues that were not yet adjudicated in the Underlying Matters.  That impediment no longer exists.  Beginning on December 19, 2007, three former executives of Refco – namely, its former Chairman, President and Chief

2

Executive Officer, Phillip R. Bennett, its former Chief Financial Officer, Robert C. Trosten, and

its former Executive Vice President, Santo C. Maggio – pleaded guilty to a number of federal

charges, including conspiracy, securities, wire and bank fraud, making false filings with the SEC,

making false statements to Refco's auditors and money laundering. In connection with their

guilty pleas, Bennett, Trosten and Maggio, all of whom are insureds under the Arch Policy, each

admitted that he knew of and participated in the wrongdoing that is at the heart of the allegations

in the Underlying Matters. These guilty pleas and related admissions of fact, which establish

that Bennett, Trosten and Maggio knew of the wrongdoing at the time of the inception of the

Arch Policy, trigger the applicability of the exclusions identified in this amended complaint as to

all of the Defendants in this action with respect to the Underlying Matters without regard to the

outcome of any unresolved proceeding involving any other Defendant. Thus, the second ground

for the dismissal of Arch's first action no longer exists.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction to resolve an actual controversy between Arch and the

Defendants pursuant to the New York Declaratory Judgment Act, CPLR § 3001.

5.  Personal jurisdiction over Defendants is proper pursuant to CPLR § 301 and § 302.

Defendants possess sufficient minimum contacts with the state of New York to render the

exercise of jurisdiction by a New York court permissible under traditional notions of fair play

and substantial justice. Defendants were directors or officers of Refco, a corporation with its

principal place of business in New York.[1] As directors and/or officers of Refco, Defendants

---

[1] "Refco", as used herein, refers to Refco, Inc., the publicly-traded company formed in
connection with an August 2005 initial public offering, Refco Group Ltd., LLC ("RGL"), the
company through which Refco, Inc.'s business primarily was conducted prior to the offering, and
the subsidiaries of Refco, Inc. and Refco Group Ltd., LLC.

transacted business in the state of New York. In addition, some or all of Defendants seek coverage under the Arch Policy for the Underlying Matters. Accordingly, Defendants have an ongoing contractual relationship with Arch, a corporation with its principal place of business in New York. Finally, most of the lawsuits comprising the Underlying Matters were filed in the federal courts located in New York. These lawsuits allege that Defendants committed acts in the state of New York and/or acts outside the state of New York that could reasonably be expected to have consequences in the state of New York.

6. Venue is proper in this County under CPLR § 503 because Arch has its principal place of business in this County.

## PARTIES

7. Arch is an insurance company that is organized and exists pursuant to the laws of the state of Missouri. Arch has its principal place of business in New York County, New York.

8. Defendant John D. Agoglia ("Agoglia") served as a senior vice president at Refco Securities, LLC, a subsidiary of Refco, Inc., at times relevant to this action. Upon information and belief, Agoglia is a citizen of New York.

9. Defendant Phillip R. Bennett ("Bennett") served as the Chairman, President and Chief Executive Officer of Refco until October 2005, when he took a leave of absence at the request of the Refco board of directors. Upon information and belief, Bennett is a citizen of New Jersey.

10. Defendant Leo R. Breitman ("Breitman") served as a director of Refco at times relevant to this action. Upon information and belief, Breitman is a citizen of Florida.

11. Defendant Edwin L. Cox ("Cox") served as a director of Refco Group Ltd., LLC at times relevant to this action. Upon information and belief, Cox is a citizen of Texas.

4

12. Defendant Sukhmeet Dhillon ("Dhillon") served as Executive Vice President of Refco Group Ltd., LLC and as Executive Vice President of the entity that became Refco LLC, during times relevant to this complaint. Upon information and belief, Dhillon is a citizen of California.

13. Thomas H. Dittmer ("Dittmer") served as Chairman and CEO of Refco during times relevant to this action. Upon information and belief, Dittmer is a citizen of Illinois.

14. Defendant Nathan Gantcher ("Gantcher") served as a director of Refco at times relevant to this action. Upon information and belief, Gantcher is a citizen of New York.

15. Defendant Stephen Grady ("Grady") was COO of Refco Global Futures LLC, a Refco subsidiary, during times relevant to this action. Upon information and belief, Grady is a citizen of New Jersey.

16. Defendant Tone Grant ("Grant") served as President of Refco Group Ltd., LLC at times relevant to this action. Upon information and belief, Grant is a citizen of Illinois.

17. Defendant Thomas Hackl ("Hackl") served as Executive Vice President of RGL at times relevant to this action. Upon information and belief, Hackl is a citizen of Geneva, Switzerland.

18. Defendant David V. Harkins ("Harkins") served as a Director of Refco at times relevant to this action. Upon information and belief, Harkins is a citizen of Massachusetts.

19. Defendant Scott L. Jaeckel ("Jaeckel") served as a Director of Refco at times relevant to this action. Upon information and belief, Jaeckel is a citizen of Massachusetts.

20. Defendant Dennis A. Klejna ("Klejna") served as Executive Vice President and General Counsel of Refco Group Ltd., LLC at times relevant to this action. Upon information and belief, Klejna is a citizen of Washington, D.C.

21. Defendant Thomas H. Lee ("Lee") served as a Director of Refco at times relevant to this action. Upon information and belief, Lee is a citizen of New York.

22. Defendant Eric G. Lipoff ("Lipoff ") served as Executive Vice President of a Refco subsidiary at times relevant to this action. Upon information and belief, Lipoff is a citizen of California.

23. Defendant Santo C. Maggio ("Maggio") served as an Executive Vice President of Refco and as President and Chief Executive Officer of Refco Securities, LLC and Refco Capital Markets, Ltd. at times relevant to this action. Upon information and belief, Maggio is a citizen of Florida.

24. Defendant Peter McCarthy ("McCarthy") served as Executive Vice-President of Refco Securities at times relevant to this action. Upon information and belief, McCarthy is a citizen of New Jersey.

25. Defendant Joseph Murphy ("Murphy") served as President of Refco from October 2005 to November 28, 2005, when he resigned. Murphy also served as Chief Executive Officer of Refco Global Futures and President of Refco, LLC at times relevant to this action. Upon information and belief, Murphy is a citizen of New Jersey.

26. Defendant Frank Mutterer ("Mutterer") served as Controller of Refco Group Ltd., LLC, during times relevant to this action. Upon information and belief, Mutterer is a citizen of New Jersey.

27. Defendant Richard N. Outridge ("Outridge") served as CFO of Refco Capital Management at times relevant to this action. Upon information and belief, Outridge is a citizen of Pennsylvania.

28. Defendant Ronald L. O'Kelley ("O'Kelley") served as a Director of Refco at times relevant to this action. Upon information and belief, O'Kelley is a citizen of Florida.

29. Defendant Scott A. Schoen ("Schoen") served as a Director of Refco at times relevant to this action. Upon information and belief, Schoen is a citizen of Massachusetts.

30. Defendant William M. Sexton ("Sexton") served as Executive Vice President and Chief Operating Officer of Refco at times relevant to this action. Upon information and belief, Sexton is a citizen of Iowa.

31. Defendant Gerald Sherer ("Sherer") served as Executive Vice President and Chief Financial Officer of Refco at times relevant to this action. Upon information and belief, Sherer is a citizen of New York.

32. Defendant Philip Silverman ("Silverman") served as Secretary of Refco at times relevant to this action. Upon information and belief, Silverman is a citizen of New Jersey.

33. Robert C. Trosten ("Trosten") served as Executive Vice President and Chief Financial Officer of Refco Group Ltd., LLC at times relevant to this action. Upon information and belief, Trosten is a citizen of New Jersey.

## FACTUAL ALLEGATIONS

### The Arch Policy

34. The Arch Policy is an excess directors, officers and corporate liability policy. It has a policy period of August 11, 2005 to August 11, 2006 and a limit of liability of $10 million excess of $40 million in underlying insurance. A copy of the Arch Policy is attached as Exhibit A.

35. Various other insurers issued underlying insurance policies to Refco. U.S. Specialty Insurance Company issued a primary policy with limits of $10 million excess of applicable retentions (the "Primary Policy"). A copy of the Primary Policy is attached as Exhibit B. Lexington Insurance Company issued a first excess policy with limits of $7.5 million excess of

7

$10 million (the "Lexington Policy"). A copy of the Lexington Policy is attached as Exhibit C.

Axis Reinsurance Company issued a second excess policy with limits of $10 million excess of

$17.5 million (the "Axis Policy"). A copy of the Axis Policy is attached as Exhibit D. Allied

World Assurance Company issued a third excess policy with limits of $12.5 million excess of

$27.5 million (the "AWAC Policy"). A copy of the AWAC Policy is attached as Exhibit E.

Each of the underlying policies has a policy period of August 11, 2005 to August 11, 2006.

36. In general, the Arch Policy applies in conformance with the terms and conditions of

the Primary Policy and in conformance with the terms and conditions in the Arch Policy or any

other underlying insurance "further limiting or restricting coverage." Arch Policy, Section I.C.

The Arch Policy provides that "[i]n no event shall this Policy grant broader coverage than that

provided by the most restrictive policy included in the Underlying Insurance." *Id.* The Arch

Policy provides that coverage thereunder applies only after exhaustion of the **Underlying Limit**

solely as a result of actual payment under the **Underlying Insurance** in connection with

**Claim(s)**. *Id.*, Section I.B.[2]

37. Subject to all of its terms and conditions, the Arch Policy affords five types of

specified coverage. First, the Arch Policy affords specified coverage to **Insured Persons** for

"**Loss** arising from **Claims** first made during the **Policy Period** . . . for **Wrongful Acts**, except

when and to the extent that the **Company** has paid such **Loss** to or on behalf of the **Insured**

**Persons** as indemnification or advancement." Primary Policy, Insuring Agreement (A).

**Insured Persons** is defined in relevant part as "any past, present or future director or officer of

---

[2]  Policy language appearing herein in bold typeface is defined in the policy being quoted, and
appears in bold typeface in that policy.

8

the **Company** . . . ."  Primary Policy, Definition F(1).  The "**Company**" is Refco Inc. and its

subsidiaries.  Primary Policy, Definitions (C), (H), (O), Declarations Item 1.

38. Second, subject to all of its terms and conditions, the Arch Policy affords specified

coverage to the Company for "**Loss** arising from . . . **Claims** first made during the **Policy**

**Period** . . . against the **Insured Persons** for **Wrongful Acts**, if the **Company** has paid such **Loss**

to or on behalf of the **Insured Persons** as indemnification or advancement."  Primary Policy,

Insuring Agreement (B)(1).

39. Third, subject to all of its terms and conditions, the Arch Policy affords specified

coverage to the Company for "**Loss** arising from **Securities Claims** first made during the **Policy**

**Period** . . . against the **Company** for **Wrongful Acts**."  Primary Policy, Insuring Agreement

(B)(2).

40. Fourth, subject to all of its terms and conditions, the Arch Policy affords specified

coverage to the "**Controlling Shareholder**," defined as Bennett, for "**Loss** arising from a

**Securities Claim** first made during the **Policy Period** . . . against such **Controlling Shareholder**

for **Wrongful Acts**, provided, that one or more **Insured Persons** and/or the **Company** are and

remain co-defendants in such **Securities Claim** along with such **Controlling Shareholder**."

Primary Policy, Endorsement No. 15.

41. Fifth, subject to all of its terms and conditions, the Arch Policy affords specified

coverage to the Company for "all **Derivative Demand Investigation Costs** incurred by the

**Company** as a result of a **Derivative Demand** first received by the **Company's** Board of

Directors and reported in writing to the Insurer during the **Policy Period** . . . up to the amount of

the **Derivative Demand Investigation Costs Sub-Limit**" of $250,000.  Primary Policy,

Endorsement No. 11.

9

42. The AWAC Policy contains the following provision: "It is hereby understood and agreed that the **Insurer** shall not be liable for **Loss** in connection with any claim or claims made against the **Insureds** alleging, arising out of, based upon, in consequence of, or attributable to facts or circumstances of which any Insured had knowledge as of inception and (i) which a reasonable person would suppose might afford valid grounds for a claim which would fall within the scope of the coverage hereunder; or (ii) which indicate the probability of any such claim." AWAC Policy, Endorsement No. 3 ("AWAC Prior Knowledge Exclusion").

43. The Arch Policy contains the following provision: "If any **Insured** as of August 11, 2005 has any knowledge of or information concerning any act, error, omission, fact, matter or circumstance that might give rise to a **Claim** under this Policy, the **Excess Insurer** shall not be liable to make any payment under this Policy as a result of a **Claim** arising out of, based upon or attributable to any such act, error, omission, fact, matter or circumstance." Arch Policy, Endorsement No. 4 (the "Arch Prior Knowledge or Information Exclusion").

44. The Arch Policy defines **Insured(s)** as "any person(s) or entity(ies) that are entitled to coverage under the **Followed Policy** at its inception." Arch Policy, § III.B. The "Followed Policy" is the Primary Policy. Arch Policy, § III.C.; Declarations, Item 4.

45. The Arch Policy and underlying insurance policies contain other terms, conditions and limitations that may ultimately be implicated in this action.

46. Defense Costs have been advanced to certain Defendants under the Primary Policy, the Lexington Policy and the Axis Policy.[3] As of the filing of this first amended complaint, the

---

[3] The coverage defenses that Arch advances in this action are unique to the Arch Policy; thus, the fact that U.S. Specialty and Lexington advanced fees and costs has no bearing on the coverage issues presented in this case. Axis was ordered by the Refco bankruptcy court to advance fees and costs despite its denial of coverage based on its unique policy provisions and

10

advancement of defense costs has exhausted the $10 million limit of the Primary Policy, the

$7.5 million limit of the Lexington Policy, and the $10 million limit of the Axis Policy. The law

firms representing the defendants in the Underlying Matters are currently generating attorneys'

fees and costs in the vicinity of $2 million *per month*. Thus, it is far from conjectural that the

Arch Policy limits will be implicated unless this Court promptly adjudicates the coverage issues

presented in this case.

**The Events at Refco**

47. The Arch Policy incepted on August 11, 2005. On the same day, Refco conducted its

initial public offering.

48. On October 10, 2005, Refco issued a press release. The press release announced that

the Company had been carrying an undisclosed receivable of $430 million from an entity

controlled by Bennett. Refco stated that "[b]ased on the results of the review to date, the

Company believes that the receivable was the result of the assumption by an entity controlled by

Mr. Bennett of certain historical obligations owed by unrelated third parties to the Company,

which may have been uncollectible." Moreover, Refco stated that although the receivable "was

reflected on the Company's prior period financials, as well as on the Company's May 31, 2005

balance sheet," the receivable "was not shown as a related party transaction in any such

financials. For that reason, and after consultation by the Audit Committee with the Company's

independent accountants, the Company determined, on October 9, 2005, that its financial

statements, as of, and for the periods ended, February 28, 2002, February 28, 2003, February 28,

---

contrary to the language in the operative policies. Axis has appealed that order to the United
States District Court for the Southern District of New York.

2004, February 28, 2005, and May 31, 2005, taken as a whole, for each of Refco Inc., Refco Group Ltd., LLC and Refco Finance, Inc. should no longer be relied upon."

49. On October 11, 2005, Refco issued a second press release. The press release announced that Bennett had repaid the $430 million receivable in full. The press release also provided further information on the nature of the receivable: "Based on the results of the internal investigation to date, the Company believes that the receivable consisted in major part of uncollectible historical obligations owed by unrelated third parties to the Company, that arose as far back as at least 1998. These obligations were transferred periodically to the entity controlled by Mr. Bennett, and the Company's books and records then reflected a receivable from that entity, rather than a receivable from the originating accounts. The fact that the receivable was from a company controlled by Mr. Bennett was hidden at the end of quarterly and annual reporting periods by reason of transfers to a third party customer account that we currently believe is unaffiliated with Mr. Bennett or anyone else at the Company."

50. On October 17, 2005, Refco and certain of its unregulated subsidiaries filed for Chapter 11 bankruptcy protection.

51. On January 16, 2007, a federal grand jury returned a third superseding indictment against Bennett, Trosten and Grant (the "S3 Indictment"). The S3 Indictment charged Bennett, Trosten and Grant with securities fraud, conspiracy to commit securities fraud, wire fraud, bank fraud and money laundering. The S3 Indictment also charged Bennett with making false filings with the SEC and making false statements to Refco's auditors. A copy of the S3 Indictment is attached hereto as Exhibit F.

52. On February 15, 2008, Bennett, who is an **Insured** under the Arch Policy, pleaded guilty to all charges against him in the S3 Indictment. Five days later, on February 20, 2008,

Trosten, who also is an **Insured** under the Arch Policy, similarly pleaded guilty to charges of conspiracy, securities, wire and bank fraud and money laundering.

53. The S3 Indictment charged that, beginning in the mid 1990's, Bennett, Trosten and their co-conspirators engaged in a scheme to mask the true financial performance of Refco. Specifically,

> [s]tarting at least as early as the mid 1990s, BENNETT and GRANT schemed to hide the true financial health of Refco from its banks, counterparties, auditors, and investors. Starting at least as early as the late 1990s, BENNETT and GRANT embarked on a strategy to mask the true performance of Refco's business in order to sell the company for their own benefit and that of Refco's other owners. To that end, over the ensuing years, BENNETT, TROSTEN, GRANT and others known and unknown systematically (1) covered up both Refco's own losses and customer losses for which Refco became responsible; (2) moved Refco operating expenses off the company's books; and (3) padded Refco's revenues, all in an effort to mislead Refco's banks, counterparties, auditors and investors, with the goals of keeping Refco in business and then selling it for the maximum benefit to its owners and senior management.

S3 Indictment, ¶ 7.

54. According to the S3 Indictment, in furtherance of the scheme, Bennett, Trosten and their co-conspirators made and caused Refco and others on its behalf to make false and fraudulent statements to Refco's banks, counterparties, customers, auditors and investors, and to create false audited financial statements and false public filings with the SEC.

55. The S3 Indictment charged that the scheme permitted Refco to engage in, among other things, Refco's August 2005 initial public offering of stock, in which the public purchased approximately $583 million of Refco common stock based on a false and fraudulent registration statement.  S3 Indictment, ¶ 8.

56. According to the S3 Indictment, the scheme was hatched in 1997, when Refco directly and indirectly incurred a series of substantial trading losses that threatened the continued

13

viability of its business. S3 Indictment, ¶ 9. In response to those losses, Bennett, Trosten and others moved losses and expenses out of Refco and into Refco Group Holdings, Inc. ("RGHI"), an entity that owned Refco and that was owned by, among others, Bennett and Grant, in an effort to mask Refco's financial condition. This strategy increased the debt owed by RGHI to Refco (the "RGHI Receivable"), which ultimately grew to over $1 billion. *Id.*

57. The S3 Indictment charged that, beginning as early as February 1998, Bennett and others directed a series of transactions every year designed to hide the "huge and growing" RGHI Receivable from, among others, Refco's auditors, by temporarily paying down all or part of the RGHI Receivable over Refco's fiscal year-end and replacing it with a receivable from one or more other entities not related to Bennett or Refco. S3 Indictment at ¶ 21. Bennett and others caused this cover-up to occur "at every fiscal year-end from at least the fiscal year-end on February 28, 1998 through the fiscal year-end on February 29, 2004." *Id.* Beginning in 2004, Bennett and others began causing these cover-up transactions to occur at the ends of Refco's quarterly reporting periods. *Id.* at ¶ 46.

58. The S3 Indictment further charged that Bennett, Trosten and others participated in a scheme to defraud participants in the 2004 leveraged buyout of Refco, which was led by private equity fund Thomas H. Lee Partners, by misleading the fund and purchasers of the $600 million in notes and $800 million in bank debt about the true financial health of Refco. S3 Indictment, ¶ 34.

59. Based on these and other allegations, the S3 Indictment charged Bennett as follows:

| Count | Charge |
|-------|--------|
| 1 | Conspiracy to commit securities fraud, wire fraud, to make false filings with the SEC, to make material misstatements to auditors, bank fraud and money laundering |

14

| Count | Charge |
|-------|--------|
| 2 | Securities fraud in connection with the sale of 9% Senior Subordinated Notes due 2012 |
| 3 | Securities fraud in connection with the purchase and sale of Refco common stock |
| 4 | False filing with the SEC in connection with the filing of Refco's Form 10-K under the Exchange of 1934 on July 19, 2005 |
| 5, 6 | False filing with the SEC in connection with the filing of certain registration statements under the Securities Act of 1933 on April 6, 2005 and August 8, 2005 |
| 7 – 13 | Wire fraud in connection with certain electronic communications between June 22, 2004 and August 5, 2005, including the transmission of Refco's Form 10-K on July 19, 2005 and its registration statements on April 6, 2005 and August 8, 2005 |
| 14 | Material misstatements to auditors |
| 15 | Bank fraud in connection with the 2004 leverage buyout transaction |
| 16 – 20 | Money laundering in connection with proceeds of the 2004 leverage buyout transaction |

60. On February 15, 2008, Bennett pleaded guilty to all twenty counts against him in the S3 Indictment. A copy of the transcript of the hearing ("2/15 Tr.") is attached hereto as Exhibit G. During the hearing at which Bennett pleaded guilty, the following exchange occurred between the Court and Bennett:

> THE COURT: Mr. Bennett, did you commit the crimes for which you've been charged?
>
> THE DEFENDANT: I did, your honor.
>
> THE COURT: Would you tell me in your own words what you did?

15

THE DEFENDANT: Your Honor, during the period that I served as CEO of Refco, I agreed with other Refco executives to enter into a series of transactions at the end of Refco's financial reporting periods to make it appear as if a receivable due to Refco from Refco Upholdings, Inc. [sic], a related party, was instead due from an independent third-party customer.

The IGHI [sic] receivable was composed of, amongst other things, historical customer losses, bad debts, and expenses that IGHI [sic] had incurred on behalf of Refco.

I, along with other Refco executives, have caused Refco to enter into these transactions in order to conceal the size and nature of the IGHI [sic] receivable. We concealed the receivable from, amongst others, Refco's auditors, Thomas H. Lee Partners, various lenders who, in 2004, participated in Refco's senior secured credit facility, and the issuance of 9 percent senior subordinated notes, and also investors in Refco's common stock.

Among the lenders to whom I knowingly caused the IGHI [sic] receivable to be misrepresented was HSBC Bank, referenced in Count Fifteen of the indictment. I and other Refco executives also used the interstate wires to accomplish these acts within this district, as referenced in Counts Seven through Thirteen. Furthermore, I caused funds obtained from the transaction with Thomas H. Lee Partners, referenced in paragraph 34 of the indictment, to be wired to various parties receiving proceeds from the transaction, as referenced in Counts Sixteen through Twenty, knowing that this money had been unlawfully obtained.

The IGHI [sic] receivable and related party transaction used to conceal it were material information that Refco investors and lenders would have wanted to have known prior to investing in or lending money to Refco. While I believed that I would be able to pay the IGHI [sic] receivable down over time, and did, in fact, ultimately pay [sic] off the receivable balance in its entirety, I knew that obtaining funds from Refco's investors and lenders based on misleading financial statements was also wrong.

I also caused Refco to file documents with the SEC, namely S1, S4, and 10-K that did not disclose the full extent of the IGHI [sic] receivable or the transactions used to conceal it; and, thus, were false and misleading with respect to material facts. I knew that failing to disclose these facts in public filings and in connection with Refco's sale and registration of Refco's notes and common stock was wrong , and I deeply regret having done so.

16

Your Honor, I take full responsibility for my actions . . . .

2/15 Tr. at 16-20.

61.  At the conclusion of the February 15, 2008 hearing, the Court found that Bennett

pleaded guilty knowingly and voluntarily:

> THE COURT:  Mr. Bennett, I'm satisfied that you understand the
> nature of the charges against you and the consequences of your
> plea; and that your plea is made voluntarily and knowingly; and
> that there is a sufficient factual basis for it.  Accordingly, I will
> accept your plea of guilty . . . .

2/15 Tr. at 20.

62. The S3 Indictment charged Trosten as follows:

| Count | Charge |
| --- | --- |
| 1 | Conspiracy to commit securities fraud, wire fraud, to make false filings with the SEC, to make material misstatements to auditors, bank fraud and money laundering |
| 2 | Securities fraud in connection with the sale of 9% Senior Subordinated Notes due 2012 |
| 7, 8 | Wire fraud in connection with certain electronic communications between June 22, 2004 and August 3, 2004 5, 2005, including e-mails to representatives of Thomas H. Lee Partners |
| 15 | Bank fraud in connection with the 2004 leverage buyout transaction |
| 17-18 | Money laundering in connection with proceeds of the 2004 leverage buyout transaction |

63. On February 20, 2008, Trosten pleaded guilty to Counts 1, 2, 7, 15 and 17 against

him in the S3 Indictment.  A copy of the transcript of the hearing ("2/20 Tr.") is attached hereto

as Exhibit H.  During the hearing at which Trosten pleaded guilty, the following exchange

occurred between the Court and Trosten:

THE COURT: Mr. Trosten, did you commit the offenses that you are pleading guilty to?

THE DEFENDANT: I did, your honor.

THE COURT: Would you tell me, please, what you did?

*       *       *

THE DEFENDANT: Your Honor, while I was employed at Refco, I agreed with other Refco executives to hide the true nature of Refco's finances on Refco's financial statements. I knew that Refco's financial statements did not accurately reflect Refco's financial condition, because the financial statements did not disclose the full amount that Refco Group Holdings, Inc., a related party, owed to Refco. I understood that the RGHI receivable was underreported because Phillip Bennett, Refco's chief executive officer, and other Refco executives, including me, were involved in a series of transaction at the end of Refco's financial reporting periods to make it appear as if a receivable was due from third-party customers rather than from a related party.

The RGHI receivable was composed of, amongst other things, historic customer losses, bad debts, and expenses that RGHI incurred on behalf of Refco.

In addition, I participated in a number of transactions that padded or inflated Refco's income. For example, I participated in transactions that shifted expenses off the books of Refco and onto the books of Refco Group Holdings, Inc.

I, along with other Refco executives, agreed to conceal the true size and nature of the RGHI receivable from, amongst others, Refco's auditors, Thomas H. Lee Partners; HSBC, which, in 2004, participated in Refco's senior secured credit facility, as referenced in . . . paragraph 41 and Count Fifteen of the indictment; and investors who purchased bonds that Refco issued in 2004, as referenced in Count Two of the indictment.

I left the company in August 2004, one year before the IPO of Refco. I and other executives used the interstate wires to accomplish these acts within this district, as referenced in Count Seven of the indictment.

Furthermore, I received funds obtained from the transaction with Thomas H. Lee Partners, referenced in paragraph 34 of the indictment, which I knew were proceeds from unlawful activity, as referenced in Count Seventeen.

18

The RGHI receivable and transactions used to conceal it were material information that Refco investors and lenders would have wanted to know before investing in or lending money to Refco.

I knew that obtaining funds from Refco investors and lenders based on misleading financial information was wrong . . . .

Your Honor, I take full responsibility for my actions and my conduct . . . .

2/20 Tr. at 17-20.

64. At the conclusion of the February 20, 2008 hearing, the Court found that Trosten pleaded guilty knowingly and voluntarily:

THE COURT: Mr. Trosten, I am satisfied that you understand the nature of the charges against you and the consequences of your plea, and that your plea is made voluntarily and knowingly, and that there is a factual basis for your. I will, therefore, accept your plea of guilty.

2/20 Tr. at 20.

65. Meanwhile, on December 19, 2007, Maggio, who is an **Insured** under the Arch Policy, pleaded guilty to a four-count criminal information (the "Maggio Information") charging him with conspiracy, securities fraud and wire fraud. A copy of the Maggio Information is attached hereto as Exhibit I.

66. The Maggio Information, which included nearly all of the same charges of misconduct as the S3Indictment, charged that Maggio was one of Bennett's and Trosten's co-conspirators and that he participated in the conduct underlying the conspiracy. In particular, the Maggio Information charged that Maggio participated in the scheme to hide the RGHI Receivable and to mask the true financial condition of Refco in the several years prior to the August 11, 2005 initial public offering.

67. Based on these and other allegations, the Maggio Information charged Maggio as follows:

19

| Count | Charge |
|-------|--------|
| 1 | Conspiracy to commit securities fraud, wire fraud, to make false filings with the SEC, to make material misstatements to auditors, bank fraud and money laundering |
| 2 | Securities fraud in connection with the sale of 9% Senior Subordinated Notes due 2012 |
| 3 | Securities fraud in connection with the purchase and sale of Refco common stock |
| 4 | Wire fraud in connection with the electronic transmission of Refco's Form 10-K on July 19, 2005 |

68. On December 19, 2007, Maggio pleaded guilty to every count in the Maggio

Information. A copy of the transcript of the hearing ("12/19 Tr.") is attached hereto as Exhibit J.

During the hearing at which Maggio pleaded guilty, the following exchange occurred between

the Court and Maggio:

> THE COURT: Did you commit the offenses for which you have been charged, Mr. Maggio?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Tell me what you did.
>
> *     *     *
>
> THE DEFENDANT: Your Honor, from the late 1990s to October 2005 I was a senior executive at Revko [sic] Ink [sic]. During that period I participated with others to hide the true financial health of Revko [sic] from banks, counter-parties, auditors and investors. With my knowledge and active participation Revko's [sic] substantial losses were covered up as revenues padded [sic] and certain operating expenses were moved off its book. Among the acts I personally engaged in [sic] the signing of loan agreements referencing paragraphs 61-D [loan agreement signed in furtherance of the conspiracy on or about February 20, 2004] and 61-P [loan agreement signed in furtherance of the conspiracy on or about February 23, 2005] of the indictment.
>
> As a result of my conduct and that of my coconspirators false financial statements were issued to obtain debt financing

20

from the public including 9 percent senior subordinated notes referenced in Count Two of the indictment.

To consummate the sale of 57 percent of Revko [sic] to a group headed by Thomas H. Lee in 2004 and to obtain $800 million in bank financing the same year and to effect the Revko [sic] initial public offering in 2005. [sic] Moreover, with my knowledge false financial statements were filed with the SEC including form 10K referencing Count Four.  The mails and interstate wires were used as part of the fraudulent scheme.

I deeply regret my conduct and the harm that it has caused.

THE COURT:  First of all, with respect to all of the activities that you've indicate you participated in it knowingly?

THE DEFENDANT:  Yes.

12/19 Tr. at 17-18.

69. At the conclusion of the December 19, 2007 hearing, the Court found that Maggio pleaded guilty knowingly and voluntarily:

Based on defendant's allocution and the recommendations by the government I find that the defendant understands the nature, the charges and consequences of his guilty plea.  I also find that the plea is voluntary and that there is a factual basis for the plea.  I, therefore, recommend that the plea be accepted . . . .

12/19 Tr. at 20.

70. As demonstrated by each of their guilty pleas to counts that alleged their knowledge of, *inter alia*, efforts to hide the RGHI Receivable from the investing public prior to 2005, Bennett, Trosten and Maggio, as of August 11, 2005, had knowledge of or information concerning acts, errors, omissions, facts, matters or circumstances that might give rise to a Claim under the AWAC Policy or the Arch Policy.

**The Underlying Matters**

71. Beginning on October 12, 2005, various lawsuits were filed against the Defendants.

72. A criminal complaint was filed against Bennett (the "Bennett Criminal Complaint") on October 12, 2005 in *United States v. Bennett*, No. 05-1720 (S.D.N.Y.).

73. The Bennett Criminal Complaint alleged that Bennett knowingly "hid from investors in [Refco's] August 2005 initial public offering of stock . . . the existence of hundreds of millions of dollars of related party transactions between Refco and a company controlled by Bennett, including causing Refco to file a false and fraudulent S-1 registration statement with the Securities and Exchange Commission." Bennett Criminal Complaint, ¶ 9. A federal grand jury in New York subsequently returned a criminal "Indictment" against Bennett that was filed on or about November 10, 2005 in *United States v. Bennett, et al.*, No. 05-1192 (S.D.N.Y.). This indictment repeated and expanded upon the allegations in the Bennett Criminal Complaint. On or about October 24, 2006, the grand jury returned a "Superseding Indictment" that named both Bennett and Trosten, and a "Second Superseding Indictment" against them on or about November 16, 2006. On January 16, 2007, a "Third Superseding Indictment" – referred to above as the "Bennett Indictment" – that added Grant as a defendant was filed. On December 19, 2007, the Information against Maggio was filed. Each of these filings alleged, among other things, that the defendant(s) named therein engaged in a scheme to hide the RGHI receivable from the investing public. Collectively, the proceedings initiated by these filings will be referred to herein as the "Criminal Proceedings".

74. The Bennett Criminal Complaint was tendered to Arch for coverage under the Arch Policy on or about October 13, 2005, and the Indictment, the Superseding Indictment, the Second Superseding Indictment and/or the Third Superseding Indictment were tendered to Arch for coverage under the Arch Policy thereafter.

75. The suits *Mazur et al. v. Refco, Inc., et al.*, No. 05-8626 (S.D.N.Y.), *Frontpoint Fin. Serv., Inc. v. Refco, Inc., et al.*, No. 05-8663 (S.D.N.Y.), *Lieber v. Refco, Inc., et al.*, No. 05-8667 (S.D.N.Y.), *Weiss v. Refco, Inc., et al.*, No. 05-8691 (S.D.N.Y.), *Glaubach v. Refco, Inc., et al.*, No. 05-8692 (S.D.N.Y.), *Gross v. Refco, Inc., et al.*, No. 05-8697 (S.D.N.Y.), *Salamone v. Refco, Inc. et al.*, No. 05-8716 (S.D.N.Y.), *RD Partners LLC v. Refco, Inc., et al.*, No. 05-8737 (S.D.N.Y.), *Wakefield v. Refco, Inc., et al.*, No. 05-8742 (S.D.N.Y.), *Gaugler v. Bennett, et al.*, No. 05-8886 (S.D.N.Y.), *Baker v. Bennett, et al.*, No. 05-8923 (S.D.N.Y.), *Nathanson v. Bennett, et al.*, No. 05-8926 (S.D.N.Y.), *Becker v. Refco, Inc., et al.*, No. 05-8929 (S.D.N.Y.), *Mettupatti v. Bennett, et al.*, No. 05-9048 (S.D.N.Y.), *Weiss v. Bennett, et al.*, No. 05-9126 (S.D.N.Y.), *Weit v. Bennett, et al.*, No. 05-9611 (S.D.N.Y.), *Esses v. Bennett, et al.*, No. 05-9654 (S.D.N.Y.), *City of Pontiac General Employees Retirement System v. Bennett et al.*, No. 05-9941 (S.D.N.Y.), *Gensheimer v. Bennett*, No. 05-10318 (S.D.N.Y) and *Teachers' Retirement System of the State of Illinois et al. v. Lee, et al.*, No. 05-10403 (S.D.N.Y.) are purported class action securities fraud lawsuits that have been consolidated for pre-trial purposes under Case No. 05-8626 (the "Securities Litigation"). The First Amended Consolidated Class Action Complaint ("FAC") was filed in the consolidated proceedings on May 5, 2006, and the Second Amended Consolidated Class Action Complaint was filed on or about December 3, 2007.

76. The FAC and SAC allege that Refco's initial public offering registration statement and prospectus were materially false and misleading. Specifically, they allege that the registration statement and prospectus failed to disclose the existence of the RGHI Receivable. The FAC further alleges that the Refco financial statements incorporated in Refco's registration statement and prospectus were inaccurate because they failed to disclose the related-party transactions between Refco and RGHI designed to hide the RGHI Receivable. Included among

23

the defendants named in the SAC are Bennett, Sherer, Sexton, Maggio, Murphy, Silverman, Klejna, Trosten, Grant, O'Kelley, Breitman, Gantcher, Lee, Harkins, Jaeckel, and Schoen.

77. Beginning on or about October 14, 2005, some of the lawsuits comprising the Securities Litigation were tendered to Arch for coverage under the Arch Policy. The FAC was tendered to Arch by letter dated April 28, 2006.

78. The suits *David Fine v. Bennett, et al.*, No. 05-8701 (S.D.N.Y), and *Mehta v. Bennett, et al.*, No. 05-8748 (S.D.N.Y.), which were shareholder derivative actions (the "Derivative Litigation"), have been dismissed. Bennett, Sherer, Breitman, Gantcher, Harkins, Jaeckel, Lee, O'Kelley, Schoen, Sexton and Murphy, among others, were named as defendants in the Derivative Litigation.

79. The complaints in the Derivative Litigation alleged that Refco's initial public offering registration statement and prospectus were materially false and misleading. Specifically, the complaints alleged that the registration statement and prospectus failed to disclose the existence of the RGHI Receivable. The complaints further alleged that the Refco financial statements incorporated in its registration statement and prospectus were inaccurate because they failed to disclose the related-party transactions between Refco and RGHI that were designed to hide the RGHI Receivable.

80. The *Mehta* complaint was tendered to Arch for coverage under the Arch Policy on or about October 17, 2005.

81. The suit *Bawag P.S.K. Bank v. Refco Inc., et al.*, No. 05-60006 (S.D.N.Y. Bankr.), Adv. No. 05-03161, was filed on November 16, 2005 (the "Bawag Action"). The Bawag Action names Bennett (among others) as a defendant.

24

82. The complaint in the Bawag Action alleges that the plaintiff was fraudulently induced to loan approximately $420 million to Bennett on October 10, 2005. The complaint alleges that Bennett failed to disclose that he sought the loan to pay off the RGHI Receivable, a "related-party receivable resulting from the assumption by an entity controlled by Mr. Bennett of certain historical obligations owed by unrelated third parties to Refco [that] likely was impaired and not collectible." Bawag Action Complaint, § 17. The complaint alleges that Bennett "knew that if BAWAG had been aware of any of the key facts set forth in [Refco's] October 10, 2005 Press Release, BAWAG would not have made the Loan." *Id.*, § 30.

83. The Bawag Action was tendered to Arch for coverage under the Arch Policy on or about November 30, 2005.

84. The suit *Thomas H. Lee Equity Fund V, L.P., et al. v. Bennett, et al.*, No. 05-9608 (S.D.N.Y.), was filed on November 14, 2005 (the "THL Funds Action"). The THL Funds Action names Bennett, Grant and Maggio, among others, as defendants.

85. The complaint in the THL Funds Action alleges that in June 2004, the plaintiffs invested approximately $507 million in Refco. The complaint alleges that despite the plaintiffs' due diligence efforts, they were unaware that "Bennett intentionally and deliberately engaged in accounting fraud in order to mask a group of largely worthless receivables, bad debts and questionable obligations that, if accurately portrayed on the Company's financial statements, would have materially reduced Refco's value." THL Funds Action Complaint, § 4. Specifically, the complaint alleges that Bennett "nowhere disclosed to the THL Funds that what appeared to be a good and valid receivable from a third-party customer was actually a receivable from RGHI, an entity controlled by Bennett, representing hundreds of million dollars [sic] of customer losses and obligations that would never be repaid to the Company." *Id.*, § 30. The complaint alleges

that the Refco financial statements provided to the plaintiffs during their due diligence review in 2003 and 2004 were materially false and misleading.

86. The THL Funds Action was tendered to Arch for coverage under the Arch Policy on or about February 13, 2006.

87. The complaint in *Unovalores Ltd. v. Bennett*, No. L1564-05 (Sup. Ct. of New Jersey, Somerset County, Law Division) (the "Unovalores Action") was filed in New Jersey state court on or about November 1, 2005.

88. The plaintiff in the Unovalores Action, which identifies itself as a Refco Capital account holder, names only Mr. Bennett as a defendant. Plaintiff alleges that it entered into a Repurchase Transaction with Refco on August 31, 2005, in reliance upon representations in Refco's registration statement and other filings concerning Refco's financial health. Those representations were false, according to the complaint, because they concealed massive receivables owed by an entity controlled by Mr. Bennett and at least one-half billion dollars of related party transactions with Mr. Bennett.

89. The Unovalores Action was tendered to Arch for coverage under the Arch Policy on or about February 13, 2006.

90. The complaint in *American Financial International Group v. Refco, Inc., et al.*, No. 05-8988 (S.D.N.Y.) (the "American Financial Action"), was filed in the Southern District of New York on or about October 21, 2005, an amended complaint was filed on April 13, 2006, and a second amended complaint was filed on June 30, 2006.

91. The plaintiff in the American Financial Action identifies itself as a Delaware LLC that traded currencies through an account at Refco F/X Associates, LLC ("RefcoFX"). The suit is a purported class action brought on behalf of all persons who traded currencies through, or had

26

currency trading accounts with, RefcoFX from August 11, 2005 through the date the amended

complaint was filed and who have been damaged. Included among the defendants named in the

second amended complaint are Bennett, Sherer, Sexton, Maggio, Trosten, Mutterer and

Silverman. The second amended complaint generally alleges the same conduct that is the subject

of the Criminal Proceedings and the Securities Litigation.

92. The complaint in the American Financial Action was tendered to Arch for coverage

under the Arch Policy on or about October 25, 2005, and the amended complaint was tendered to

Arch in May 2006.

93. The complaint in *Global Management Worldwide Limited v. Philip R. Bennett, et al.*,

No. 06-0643 (S.D.N.Y.) (the "Global Management Litigation"), was filed in the Southern

District of New York on or about January 26, 2006, and a Consolidated Amended Class Action

Complaint was filed in September 2006.

94. The plaintiff in the Global Management Litigation identifies itself as a corporation

organized under the laws of Nassau, the Bahamas, that was a brokerage customer of Refco

Capital Markets, Ltd. ("RCM"). The suit is a purported class action brought on behalf of all

brokerage customers of RCM who, at any time from October 17, 2000 to October 17, 2005,

entrusted securities to RCM and/or Refco Securities, LLC, directly or indirectly, as custodian

and broker for safe-keeping, and continued to hold positions with RCM on October 17, 2005 or

thereafter. Plaintiffs generally allege that, during the purported class period, Refco, either

directly or through its affiliates, incurred billions of dollars in losses, and tried to hide those

losses by surreptitiously selling securities held by RCM in custody for class members. Plaintiffs

allege that the financial statements filed by Refco with the SEC during the purported class period

were false and misleading because they fraudulently omitted these losses, as well as the scheme

to hide the losses by selling securities stolen from plaintiffs and by building up and hiding the RGHI Receivable. Plaintiffs further allege that they relied upon these false and misleading financial statements and the purported financial integrity of Refco in entrusting securities to RCM.

95. The Global Management Litigation was tendered to Arch for coverage under the Arch Policy on or about March 14, 2006.

96. On or about October 9, 2007, two separate lawsuits were brought by seven investment entities that maintained accounts at RCM: (1) *VR Global Partners L.P., et al. v. Bennett, et al.,* Case No. 07-8686 (S.D.N.Y.) and (2) *Capital Management Select Fund Ltd., et al., v. Bennett, et al.,* Case No. 07-8688 (S.D.N.Y.). The complaints, which were tendered to Arch in October 2007, also allege that Refco insiders schemed to hide the RGHI Receivable, thereby inducing plaintiffs to maintain accounts at RCM, and converted securities owned by plaintiffs to hide losses incurred by Refco. The defendants in the *VR Global* and *Capital Management* litigations include Bennett, Sexton, Maggio, Murphy, Silverman, Trosten, Grant, Lee, Harkins, Jaeckel, Schoen and Outridge. By order dated November 20, 2007, the Global Management Litigation was consolidated for pre-trial purposes with the *VR Global* and *Capital Management* litigations. The consolidated proceedings will be referred to herein as the "RCM Brokerage Customer Securities Litigation."

97. The complaint in *Kirschner v. Thomas H. Lee Partners, L.P.,* No. 07-7074 (S.D.N.Y) (the "Trustee/THL Partners Litigation"), was filed in the Southern District of New York on or about August 8, 2007.

98. The plaintiff in the Trustee/THL Partners Litigation identifies himself as the trustee of the Refco Litigation Trust ("Trustee"). The individual defendants named in the complaint are

28

Lee, Harkins, Jaeckel, and Schoen.  The Trustee generally alleges that the individual defendants breached fiduciary duties owed to Refco by failing to inform themselves of Refco's true financial state – including efforts to hide the RGHI Receivable – before making business decisions on behalf of Refco.

99. The complaint in the Trustee/THL Partners Litigation was tendered to Arch for coverage under the Arch Policy by letter dated August 16, 2007.

100.    The complaint in *Kirschner v. Grant Thornton LLP, et al.*, No. 2007L008818 (Cook County, Ill.) (the "Grant Thornton Litigation"), was filed in Illinois state court on August 21, 2007, and was removed to federal court on or about September 19, 2007 as Case No. 07-cv-05306 (N.D. Ill.).

101.    The Grant Thornton Litigation was brought by the Trustee.  The individual defendants named in the complaint include Bennett, Maggio, Trosten, and Grant.  The Trustee generally alleges that these defendants engaged in a scheme to hide Refco's true financial condition, which included efforts to hide the RGHI Receivable.

102.    The complaint in the Grant Thornton Litigation was tendered to Arch for coverage under the Arch Policy by letter dated September 20, 2007.

103.    The complaint in *Kirschner v. Agoglia, et al.*, Adv. Pro. No. 07-3060 (Bankr. S.D.N.Y.) (the "Agoglia Litigation"), was filed on or about October 15, 2007.

104.    The Agoglia Litigation was brought by the Trustee.  The individual defendants named in the complaint are Agoglia, Bennett, Cox, Dittmer, Dhillon, Grady, Grant, Lipoff, Maggio, McCarthy, Murphy, Mutterer, Sexton, and Trosten.  The Trustee alleges that Bennett and others "orchestrated a massive financial fraud designed to inflate Refco's financial position artificially until such time as it could be sold", Compl. ¶ 59, a fraud that included the hiding of

29

the RGHI Receivable. The Trustee seeks to recover transfers made to defendants under avoidance provisions of the Bankruptcy Code and to recover the value of the transfers under a theory of unjust enrichment.

105.    The complaint in the Agoglia Litigation was tendered to Arch for coverage under the Arch Policy by letters dated November 8 and November 21, 2007.

106.    The complaint in *Kirschner v. Thomas Hackl, et al.*, No. 07-9238 (S.D.N.Y.) (the "Hackl Litigation"), was filed on or about October 15, 2007.

107.    The Hackl Litigation was brought by the Trustee. The only individual defendant named in the complaint is Hackl. The Trustee alleges that Bennett, Hackl and others engaged in a scheme to hide the true financial condition of Refco, including efforts to hide the RGHI Receivable, and seeks recovery from Hackl under counts alleging, *inter alia,* breach of fiduciary duty, civil conspiracy, aiding and abetting fraud, and unjust enrichment.

108.    The complaint in *Kirschner v. Bennett, et al.*, Case No. 602869 (New York County, New York) (the "Trustee/Bennett Litigation"), was filed in the Supreme Court of New York on or about August 27, 2007, and was removed to federal court on or about September 17, 2007 as Case No. 07- 08165 (S.D.N.Y.).

109.    The plaintiff in the Trustee/Bennett Litigation identifies himself as the trustee of the Refco Private Actions Trust and assignee of all claims related to Refco belonging to, among others, certain former Refco customers who maintained accounts at, and entrusted funds to, RCM. The individual defendants named in the complaint are Bennett, Maggio, Trosten and Grant. The complaint alleges, *inter alia,* that these defendants engaged in a scheme to hide Refco's true financial condition, including engaging in steps to hide the RGHI Receivable. This

30

conduct allegedly induced RCM customers to entrust assets with RCM, which allegedly were later converted for Refco's use.

110.    The Trustee/THL Partners Litigation, the Grant Thornton Litigation, the Trustee/Bennett Litigation, the Agoglia Litigation and the Hackl Litigation are collectively referred to herein as the "Trustee Litigation."

111.    Upon information and belief, various governmental and/or regulatory investigations of or proceedings involving one or more of the defendants (the "Regulatory Matters") are ongoing, and one or more of the defendants has sought or may seek coverage for such matters.

112.    The proceedings discussed above, including the Criminal Proceedings, the Securities Litigation, the Derivative Litigation, the Bawag Action, the THL Funds Action, the Unovalores Action, the American Financial Action, the RCM Brokerage Customer Securities Litigation, the Trustee Litigation, and the Regulatory Matters, collectively are referenced herein as the "Underlying Matters."

## COUNT I

## DECLARATORY JUDGMENT THAT THE AWAC PRIOR KNOWLEDGE EXCLUSION BARS COVERAGE FOR THE UNDERLYING MATTERS

113.    Arch incorporates by reference each of the allegations of paragraphs 1 through 112 above.

114.    As of August 11, 2005, Bennett, Trosten and Maggio possessed knowledge of facts and circumstances that a reasonable person would suppose might afford valid grounds for a claim or that would indicate the probability of any such claim.

31

115.    The Underlying Matters consist of Claims alleging, arising out of, based upon, in consequence of, or attributable to such facts and circumstances.

116.    Arch seeks a declaration that based upon the AWAC Prior Knowledge Exclusion, the Arch Policy does not provide coverage for any loss arising out of the Underlying Matters.

## COUNT II

## DECLARATORY JUDGMENT THAT THE
## ARCH PRIOR KNOWLEDGE OR INFORMATION EXCLUSION
## BARS COVERAGE FOR THE UNDERLYING MATTERS

117.    Arch incorporates by reference each of the allegations of paragraphs 1 through 116 above.

118.    As of August 11, 2005, Bennett, Trosten and Maggio possessed knowledge or information concerning acts, errors, omissions, facts, matters or circumstances that might give rise to a Claim under the Arch Policy.

119.    The Underlying Matters consist of Claims arising out of, based upon, or attributable to such acts, errors, omissions, facts, matters or circumstances.

120.    Arch seeks a declaration that, based upon the Arch Prior Knowledge or Information Exclusion, the Arch Policy does not provide coverage for any loss arising out of the Underlying Matters.

## OTHER COVERAGE DEFENSES

121.    Other Arch Policy terms and conditions may ultimately be implicated. Nothing in this Complaint should be construed as a waiver by Arch of any other coverage defenses under the Arch Policy or underlying policies with respect to any claim or potential claim and Arch reserves the right to raise all other terms and conditions of the Arch Policy and underlying policies as defenses to coverage as appropriate.

WHEREFORE, Arch requests that the Court enter a declaration and judgment in its favor:

A.   Declaring that, for the reasons set forth in Count I, the Arch Policy does not provide coverage to any Defendant for any Loss incurred in connection with the Underlying Matters;

B.   Declaring that, for the reasons set forth in Count II, the Arch Policy does not provide coverage to any Defendant for any Loss incurred in connection with the Underlying Matters;

C.   Awarding Arch such additional declaratory and other relief as shall be found to be appropriate under the circumstances; and

D.   Awarding Arch its fees and costs incurred in prosecuting this action.

Dated: February 21, 2008                    Respectfully submitted,


                                            VEDDER PRICE P.C.


                                            By: _____
                                                 John H. Eickemeyer
                                                 Daniel C. Green

                                            1633 Broadway
                                            47th Floor
                                            New York, New York  10019
                                            (212) 407-7700


                                            Of Counsel:

                                            Daniel J. Standish
                                            Marc E. Rindner
                                            Cara Tseng Duffield
                                            WILEY REIN LLP
                                            1776 K Street, NW
                                            Washington, DC 20006
                                            (202) 719-7000


                                            *Attorneys for Plaintiff*
                                            *Arch Insurance Company*


                                            33

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK  )

FRANCINE TORMEY, being sworn, says:

I am not a party to the action, am over 18 years of age and reside in Queens, New York.

On March 14, 2008, I caused a true copy of the within **STATEMENT IN SUPPORT OF REQUEST FOR ASSIGNMENT TO COMMERCIAL DIVISION** to be served by U.S. mail upon the following:

| |
|---|
| William Flemming<br>Gage Spencer & Fleming, LLP<br>410 Park Avenue<br>New York, NY 10022<br>(212) 768-4900<br><br>*Attorneys for Defendants John D. Agoglia and Peter J. McCarthy* |
| Jeffrey T. Golenbock<br>Golenbock Eisman Assor Bell & Pesko LLP<br>437 Madison Avenue<br>New York, NY 10022<br>(212) 907-7373<br><br>*Attorneys for Defendant Phillip R. Bennett* |
| Paul A. Ferrillo<br>Weil Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>(212) 310-8372<br><br>*Attorneys for Defendants Leo R. Breitman, Nathan Gantcher, David V. Harkins,<br>Scott L. Jaekel, Thomas H.Lee, Ronald L. O'Kelley, and Scott A. Schoen* |

Brian O'Connor
Willkie Farr & Gallagher, LLP
787 Seventh Avenue
New York, NY  10019
(212) 728-8251

*Attorneys for Defendant Edwin Cox*

---

Neil A. Goteiner
Farella, Braun & Martel
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4485

*Attorneys for Defendants Sukhmeet Dillon and Eric Lipoff*

---

Thomas C. Wolford
Neal Gerber & Eisenberg, LLP
2 North LaSalle Street
Chicago, IL  60602
(312) 269-5675

*Attorneys for Defendant Thomas H. Dittmer*

---

Lawrence J. Kotler
Duane Morris & Heckscher, LLP
30 South 17th Street
Philadelphia, PA  19103
(215) 979-1514

*Attorneys for Defendant Stephen Grady*

---

William A. Schreiner, Jr., Esq.
Zuckerman Spaeder LLP
1800 M Street, NW, Suite 1000
Washington, D.C.  20036
(202) 778-1858

*Attorneys for Defendant Tone Grant*

Helen Kim
Katten Muchin Rosenman, LLP
2029 Century Park East, Suite 2600
Los Angeles, CA  90067
(310) 788-4525

*Attorneys for Defendant Dennis Klejna*

---

Scott E. Hershman
Hunton & Williams
200 Park Avenue, 43rd Floor
New York, NY  10166
(212) 309-1053

*Attorneys for Defendant Santo C. Maggio*

---

John R. Jerome
Saul Ewing, LLP
245 Park Avenue
24th Floor
New York, NY  10167

*Attorneys for Defendant Joseph Murphy*

---

Janet Costello
Gibbons, P.C.
One Gateway Center
Newark, NJ  07102
973-596-4825

*Attorneys for Defendant Frank Mutterer*

---

Claire P. Gutekunst
Proskauer Rose, LLP
1585 Broadway
New York, NY  10036
(212) 969-3421

*Attorneys for Defendant Richard N. Outridge*

Ivan Kline
Friedman & Wittenstein, P.C.
600 Lexington Avenue
New York, NY 10022
(212) 750-8700

*Attorneys for Defendants William M. Sexton and Gerald Sherer*

Richard Cashman
Heller Ehrman, LLP
Times Square Tower
7 Times Square
New York, NY 10036
(212) 847-8796

*Attorneys for Defendant Philip Silverman*

Barbara Moses
Morvillo, Abramowitz, Grand, Iason & Silberberg, PC
565 Fifth Avenue
New York, NY 10017
(212) 880-9540

*Attorneys for Defendant Robert C. Trosten*

FRANCINE TORMEY

Sworn to before me this
14th day of March, 2008

Notary Public

NANCY J. NEUBAUER
Notary Public, State of New York
No. 01NE5041602
Qualified in New York County
Commission Expires April 10, 2011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

ARCH INSURANCE COMPANY, )
                             )
         Plaintiff, )      Index No.: 08/600029
                             )
v.                                )
                             )
JOHN D. AGOGLIA, PHILLIP R. )    **NOTICE OF MOTION FOR THE *PRO***
BENNETT, LEO R. BREITMAN, EDWIN )    ***HAC VICE* ADMISSION OF**
L. COX, SUKHMEET DHILLON, )    **CARA TSENG DUFFIELD,**
THOMAS H. DITTMER, NATHAN )    **MARC E. RINDNER AND**
GANTCHER, STEPHEN GRADY, TONE )    **DANIEL J. STANDISH**
GRANT, THOMAS HACKL, DAVID V. )
HARKINS, SCOTT L. JAECKEL, )
DENNIS A. KLEJNA, THOMAS H. LEE, )
ERIC G. LIPOFF, SANTO C. MAGGIO, )
PETER MCCARTHY, JOSEPH )
MURPHY, FRANK MUTTERER, )
RICHARD N. OUTRIDGE, RONALD L. )
O'KELLEY, SCOTT A. SCHOEN, )
WILLIAM M. SEXTON, GERALD )
SHERER, PHILIP SILVERMAN and )
ROBERT C. TROSTEN )
                             )
         Defendants. )

---

**PLEASE TAKE NOTICE** that, upon the accompanying affirmation of Daniel C. Green,

sworn to March 10, 2008, the affidavits of Cara Tseng Duffield, Esq., Marc E. Rindner, Esq.,

and Daniel J. Standish, Esq., with exhibits, annexed thereto, and all the papers and proceedings

heretofore had herein, Plaintiff Arch Insurance Company ("Arch") will move this Court, on the

4th day of April, 2008, at 9:30 a.m., at Room 130 of the Supreme Court of New York, County of

New York, 60 Centre Street, New York, New York, for an Order pursuant to 22 NYCRR §

520.11 admitting Cara Tseng Duffield, Esq., Marc E. Rindner, Esq., and Daniel J. Standish, Esq.

*pro hac vice* as counsel for Arch in this action, together with such other and further relief as the

court may deem just and proper.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to C.P.L.R. 2214(b), opposing

papers, if any, must be served on the undersigned no later than March 28, 2008.

Dated: New York, New York.
      March 14, 2008

Respectfully submitted,

VEDDER PRICE P.C.

By:_____

    John H. Eickemeyer, Esq.
    Daniel C. Green, Esq.
    1633 Broadway, 47th Floor
    New York, New York  10019
    (212) 407-7700

    *Attorneys for Plaintiff*
    *Arch Insurance Company*

TO:

William Flemming
Gage Spencer & Fleming, LLP
410 Park Avenue
New York, NY  10022
(212) 768-4900
*Attorneys for Defendants John D. Agoglia and Peter J. McCarthy*

Jeffrey T. Golenbock
Golenbock Eisman Assor Bell & Pesko LLP
437 Madison Avenue
New York, NY  10022
(212) 907-7373
*Attorneys for Defendant Phillip R. Bennett*

Paul A. Ferrillo
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153
(212) 310-8372
*Attorneys for Defendants Leo R. Breitman, Nathan Gantcher, David V. Harkins,*
*Scott L. Jaekel, Thomas H.Lee, Ronald L. O'Kelley, and Scott A. Schoen*

Brian O'Connor
Willkie Farr & Gallagher, LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8251
*Attorneys for Defendant Edwin Cox*

Neil A. Goteiner
Farella, Braun & Martel
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4485
*Attorneys for Defendants Sukhmeet Dillon and Eric Lipoff*

Thomas C. Wolford
Neal Gerber & Eisenberg, LLP
2 North LaSalle Street
Chicago, IL 60602
(312) 269-5675
*Attorneys for Defendant Thomas H. Dittmer*

Lawrence J. Kotler
Duane Morris & Heckscher, LLP
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1514
*Attorneys for Defendant Stephen Grady*

William A. Schreiner, Jr., Esq.
Zuckerman Spaeder LLP
1800 M Street, NW, Suite 1000
Washington, D.C. 20036
(202) 778-1858
*Attorneys for Defendant Tone Grant*

Helen Kim
Katten Muchin Rosenman, LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
(310) 788-4525
*Attorneys for Defendant Dennis Klejna*

Scott E. Hershman
Hunton & Williams
200 Park Avenue, 43rd Floor
New York, NY 10166
(212) 309-1053
*Attorneys for Defendant Santo C. Maggio*

John R. Jerome
Saul Ewing, LLP
245 Park Avenue
24th Floor
New York, NY 10167
*Attorneys for Defendant Joseph Murphy*

Janet Costello
Gibbons, P.C.
One Gateway Center
Newark, NJ 07102
973-596-4825
*Attorneys for Defendant Frank Mutterer*

Claire P. Gutekunst
Proskauer Rose, LLP
1585 Broadway
New York, NY 10036
(212) 969-3421
*Attorneys for Defendant Richard N. Outridge*

Ivan Kline
Friedman & Wittenstein, P.C.
600 Lexington Avenue
New York, NY 10022
(212) 750-8700
*Attorneys for Defendants William M. Sexton and Gerald Sherer*

Richard Cashman
Heller Ehrman, LLP
Times Square Tower
7 Times Square
New York, NY 10036
(212) 847-8796
*Attorneys for Defendant Philip Silverman*

Barbara Moses
Morvillo, Abramowitz, Grand, Iason & Silberberg, PC
565 Fifth Avenue
New York, NY 10017
(212) 880-9540
*Attorneys for Defendant Robert C. Trosten*

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                            ) ss.:
COUNTY OF NEW YORK   )

FRANCINE TORMEY, being sworn, says:

I am not a party to the action, am over 18 years of age and reside in Queens, New York.

On March 14, 2008, I caused a true copy of the within **NOTICE OF MOTION** to be served by U.S. mail upon the following:

William Flemming
Gage Spencer & Fleming, LLP
410 Park Avenue
New York, NY  10022
(212) 768-4900

*Attorneys for Defendants John D. Agoglia and Peter J. McCarthy*

---

Jeffrey T. Golenbock
Golenbock Eisman Assor Bell & Pesko LLP
437 Madison Avenue
New York, NY  10022
(212) 907-7373

*Attorneys for Defendant Phillip R. Bennett*

---

Paul A. Ferrillo
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153
(212) 310-8372

*Attorneys for Defendants Leo R. Breitman, Nathan Gantcher, David V. Harkins, Scott L. Jaekel, Thomas H.Lee, Ronald L. O'Kelley, and Scott A. Schoen*

Brian O'Connor
Willkie Farr & Gallagher, LLP
787 Seventh Avenue
New York, NY  10019
(212) 728-8251

*Attorneys for Defendant Edwin Cox*

Neil A. Goteiner
Farella, Braun & Martel
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4485

*Attorneys for Defendants Sukhmeet Dillon and Eric Lipoff*

Thomas C. Wolford
Neal Gerber & Eisenberg, LLP
2 North LaSalle Street
Chicago, IL  60602
(312) 269-5675

*Attorneys for Defendant Thomas H. Dittmer*

Lawrence J. Kotler
Duane Morris & Heckscher, LLP
30 South 17th Street
Philadelphia, PA  19103
(215) 979-1514

*Attorneys for Defendant Stephen Grady*

William A. Schreiner, Jr., Esq.
Zuckerman Spaeder LLP
1800 M Street, NW, Suite 1000
Washington, D.C.  20036
(202) 778-1858

*Attorneys for Defendant Tone Grant*

Helen Kim
Katten Muchin Rosenman, LLP
2029 Century Park East, Suite 2600
Los Angeles, CA  90067
(310) 788-4525

*Attorneys for Defendant Dennis Klejna*

Scott E. Hershman
Hunton & Williams
200 Park Avenue, 43rd Floor
New York, NY  10166
(212) 309-1053

*Attorneys for Defendant Santo C. Maggio*

John R. Jerome
Saul Ewing, LLP
245 Park Avenue
24th Floor
New York, NY  10167

*Attorneys for Defendant Joseph Murphy*

Janet Costello
Gibbons, P.C.
One Gateway Center
Newark, NJ  07102
973-596-4825

*Attorneys for Defendant Frank Mutterer*

Claire P. Gutekunst
Proskauer Rose, LLP
1585 Broadway
New York, NY  10036
(212) 969-3421

*Attorneys for Defendant Richard N. Outridge*

Ivan Kline
Friedman & Wittenstein, P.C.
600 Lexington Avenue
New York, NY 10022
(212) 750-8700

*Attorneys for Defendants William M. Sexton and Gerald Sherer*

Richard Cashman
Heller Ehrman, LLP
Times Square Tower
7 Times Square
New York, NY 10036
(212) 847-8796

*Attorneys for Defendant Philip Silverman*

Barbara Moses
Morvillo, Abramowitz, Grand, Iason & Silberberg, PC
565 Fifth Avenue
New York, NY 10017
(212) 880-9540

*Attorneys for Defendant Robert C. Trosten*

FRANCINE TORMEY

Sworn to before me this
14th day of March, 2008

Notary Public

NANCY J. NEUBAUER
Notary Public, State of New York
No. 01NE5041602
Qualified in New York County
Commission Expires April 10, 2011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

_____

ARCH INSURANCE COMPANY,

      Plaintiff,

v.

JOHN D. AGOGLIA, PHILLIP R.
BENNETT, LEO R. BREITMAN, EDWIN
L. COX, SUKHMEET DHILLON,
THOMAS H. DITTMER, NATHAN
GANTCHER, STEPHEN GRADY, TONE
GRANT, THOMAS HACKL, DAVID V.
HARKINS, SCOTT L. JAECKEL,
DENNIS A. KLEJNA, THOMAS H. LEE,
ERIC G. LIPOFF, SANTO C. MAGGIO,
PETER MCCARTHY, JOSEPH
MURPHY, FRANK MUTTERER,
RICHARD N. OUTRIDGE, RONALD L.
O'KELLEY, SCOTT A. SCHOEN,
WILLIAM M. SEXTON, GERALD
SHERER, PHILIP SILVERMAN and
ROBERT C. TROSTEN

      Defendants.

_____

Index No.: 08/600029

**AFFIRMATION OF DANIEL C. GREEN IN SUPPORT OF THE *PRO HAC VICE* ADMISSION OF CARA TSENG DUFFIELD, MARC E. RINDNER AND DANIEL J. STANDISH**

NYS SUPREME COURT
RECEIVED
MAR 1 4 2008
IAS MOTION
SUPPORT OFFICE

**FILED**

JUN 0 2 2008

COUNTY CLERK'S OFFICE
NEW YORK

      Daniel C. Green, an attorney duly admitted to practice law before the courts of this State, under the penalties of perjury, hereby affirms as follows:

      1.    I am an attorney with Vedder Price P.C., attorneys of record for Arch Insurance Company ("Arch") herein.  I make this affirmation in support of the motion for *pro hac vice* admission of Cara Tseng Duffield, Esq., Marc E. Rindner, Esq., and Daniel J. Standish, Esq., and in compliance with Section 520.11 of the Rules of the Court of Appeals.

2.    Accompanying this affirmation as Exhibits 1, 2 and 3, respectively, are the affidavits of: Cara Tseng Duffield, Esq., duly sworn the 28th day of February, 2008; Marc E. Rindner, Esq., duly sworn the 28th day of February, 2008; and Daniel J. Standish, Esq., duly sworn the 4th day of March, 2008.

3.    As their affidavits show, Ms. Tseng Duffield and Messrs. Rindner and Standish are members in good standing of the Bar of the District of Columbia.

4.    By allowing Ms. Duffield and Messrs. Rindner and Standish to be admitted *pro hac vice*, they can appear, in association with me, to represent their client, a party in the above-entitled proceeding before this Court.

5.    I will keep Ms. Duffield and Messrs. Rindner and Standish apprised of all matters pertaining to this case, and all papers in connection therewith should be served upon me.

6.    There has been no prior request for this relief in this action.

WHEREFORE, it is prayed that the Court grant the relief requested in the Notice of Motion, granting leave to Cara Tseng Duffield, Esq., Marc E. Rindner, Esq., and Daniel J. Standish, Esq., to make appearances before this Court *pro hac vice* with the undersigned counsel on behalf of Arch and for such other and further relief as the Court deems just and proper.

Dated: March 10, 2008

_____
Daniel C. Green

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                            ) ss.:
COUNTY OF NEW YORK  )

    FRANCINE TORMEY, being sworn, says:

    I am not a party to the action, am over 18 years of age and reside in Queens, New York.

    On March 14, 2008, I caused a true copy of the within **AFFIRMATION OF DANIEL C. GREEN WITH ACCOMPANYING AFFIDAVITS OF CARA TSENG DUFFIELD, MARC E. RINDNER AND DANIEL J. STANDISH** to be served by U.S. mail upon the following:

| |
|---|
| William Flemming<br>Gage Spencer & Fleming, LLP<br>410 Park Avenue<br>New York, NY 10022<br>(212) 768-4900<br><br>*Attorneys for Defendants John D. Agoglia and Peter J. McCarthy* |
| Jeffrey T. Golenbock<br>Golenbock Eisman Assor Bell & Pesko LLP<br>437 Madison Avenue<br>New York, NY 10022<br>(212) 907-7373<br><br>*Attorneys for Defendant Phillip R. Bennett* |
| Paul A. Ferrillo<br>Weil Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>(212) 310-8372<br><br>*Attorneys for Defendants Leo R. Breitman, Nathan Gantcher, David V. Harkins, Scott L. Jaekel, Thomas H. Lee, Ronald L. O'Kelley, and Scott A. Schoen* |

Brian O'Connor
Willkie Farr & Gallagher, LLP
787 Seventh Avenue
New York, NY  10019
(212) 728-8251

*Attorneys for Defendant Edwin Cox*

Neil A. Goteiner
Farella, Braun & Martel
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4485

*Attorneys for Defendants Sukhmeet Dillon and Eric Lipoff*

Thomas C. Wolford
Neal Gerber & Eisenberg, LLP
2 North LaSalle Street
Chicago, IL  60602
(312) 269-5675

*Attorneys for Defendant Thomas H. Dittmer*

Lawrence J. Kotler
Duane Morris & Heckscher, LLP
30 South 17th Street
Philadelphia, PA  19103
(215) 979-1514

*Attorneys for Defendant Stephen Grady*

William A. Schreiner, Jr., Esq.
Zuckerman Spaeder LLP
1800 M Street, NW, Suite 1000
Washington, D.C.  20036
(202) 778-1858

*Attorneys for Defendant Tone Grant*

Helen Kim
Katten Muchin Rosenman, LLP
2029 Century Park East, Suite 2600
Los Angeles, CA  90067
(310) 788-4525

*Attorneys for Defendant Dennis Klejna*

Scott E. Hershman
Hunton & Williams
200 Park Avenue, 43rd Floor
New York, NY  10166
(212) 309-1053

*Attorneys for Defendant Santo C. Maggio*

John R. Jerome
Saul Ewing, LLP
245 Park Avenue
24th Floor
New York, NY  10167

*Attorneys for Defendant Joseph Murphy*

Janet Costello
Gibbons, P.C.
One Gateway Center
Newark, NJ  07102
973-596-4825

*Attorneys for Defendant Frank Mutterer*

Claire P. Gutekunst
Proskauer Rose, LLP
1585 Broadway
New York, NY  10036
(212) 969-3421

*Attorneys for Defendant Richard N. Outridge*

Ivan Kline
Friedman & Wittenstein, P.C.
600 Lexington Avenue
New York, NY  10022
(212) 750-8700

*Attorneys for Defendants William M. Sexton and Gerald Sherer*

---

Richard Cashman
Heller Ehrman, LLP
Times Square Tower
7 Times Square
New York, NY  10036
(212) 847-8796

*Attorneys for Defendant Philip Silverman*

---

Barbara Moses
Morvillo, Abramowitz, Grand, Iason  & Silberberg, PC
565 Fifth Avenue
New York, NY  10017
(212) 880-9540

*Attorneys for Defendant Robert C. Trosten*

FRANCINE TORMEY

Sworn to before me this
11th day of March, 2008

Notary Public

NANCY J. NEUBAUER
Notary Public, State of New York
No. 01NE5041602
Qualified in New York County
Commission Expires April 10, 2011

# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |
|---|---|
| ARCH INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN D. AGOGLIA, PHILLIP R. | ) |
| BENNETT, LEO R. BREITMAN, EDWIN | ) |
| L. COX, SUKHMEET DHILLON, | ) |
| THOMAS H. DITTMER, NATHAN | ) |
| GANTCHER, STEPHEN GRADY, TONE | ) |
| GRANT, THOMAS HACKL, DAVID V. | ) |
| HARKINS, SCOTT L. JAECKEL, | ) |
| DENNIS A. KLEJNA, THOMAS H. LEE, | ) |
| ERIC G. LIPOFF, SANTO C. MAGGIO, | ) |
| PETER MCCARTHY, JOSEPH | ) |
| MURPHY, FRANK MUTTERER, | ) |
| RICHARD N. OUTRIDGE, RONALD L. | ) |
| O'KELLEY, SCOTT A. SCHOEN, | ) |
| WILLIAM M. SEXTON, GERALD | ) |
| SHERER, PHILIP SILVERMAN and | ) |
| ROBERT C. TROSTEN | ) |
| | ) |
| Defendants. | ) |
| | ) |

Index No.: 08/600029

**AFFIDAVIT OF
CARA TSENG DUFFIELD
IN SUPPORT OF HER
*PRO HAC VICE* ADMISSION**

DISTRICT OF COLUMBIA    :
                                          :    SS.:
                                          :

**CARA TSENG DUFFIELD,** being duly sworn, deposes and says:

1.     I am an associate at Wiley Rein, LLP, resident in its Washington, D.C. office.  I am counsel for Arch Insurance Company ("Arch") in connection with matters in issue in this proceeding.  Arch has requested that I represent it before this Court.  Accordingly, I hereby respectfully seek admission *pro hac vice* to participate as co-counsel for Arch in this matter,

together with John H. Eickemeyer, Esq., and Daniel C. Green, Esq., of Vedder, Price, Kaufman & Kammholz, P.C., upon whom all papers should be served.

2.     I am a member in good standing of the Bar of the District of Columbia, as evidenced by the Certificate of Good Standing attached hereto as Exhibit A. I have not been the subject of any disciplinary proceedings or criminal charges by any Bar or court during the last five years.

3.     I have not been denied admission to the courts of any state or to any federal court during the last five years.

4.     I am familiar with, and shall comply with, the standards of professional conduct imposed upon members of the Bar of the State of New York, including the rules of court governing the conduct of attorneys and the Disciplinary Rules of the Code of Professional Responsibility.

_____
Cara Tseng Duffield

Sworn to and subscribed before me
on this the 2 8 day of February , 2008.

_____
Notary Public
My commission expires 6-14-10

# Exhibit A



### District of Columbia Court of Appeals
#### Committee on Admissions
#### 500 Indiana Avenue, N.W. — Room 4200
#### Washington, D. C. 20001
#### 202 / 879-2710

I, GARLAND PINKSTON, JR., Clerk of the District of Columbia Court of Appeals, do hereby certify that

CARA T. DUFFIELD

was on the __13TH__ day of __SEPTEMBER, 2002__ duly qualified and admitted as an attorney and counselor and entitled to practice before this Court and is, on the date indicated below, an active member in good standing of this Bar.

In Testimony Whereof, I have hereunto subscribed my name and affixed the seal of this Court at the City of Washington, D.C., on February 28, 2008.

GARLAND PINKSTON, JR., CLERK

By: _N. Charles_

Deputy Clerk

# Exhibit 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | | |
|---|---|---|
| ARCH INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Index No.: 08/600029 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN D. AGOGLIA, PHILLIP R. | ) | **AFFIDAVIT OF** |
| BENNETT, LEO R. BREITMAN, EDWIN | ) | **MARC E. RINDNER** |
| L. COX, SUKHMEET DHILLON, | ) | **IN SUPPORT OF HIS** |
| THOMAS H. DITTMER, NATHAN | ) | ***PRO HAC VICE* ADMISSION** |
| GANTCHER, STEPHEN GRADY, TONE | ) | |
| GRANT, THOMAS HACKL, DAVID V. | ) | |
| HARKINS, SCOTT L. JAECKEL, | ) | |
| DENNIS A. KLEJNA, THOMAS H. LEE, | ) | |
| ERIC G. LIPOFF, SANTO C. MAGGIO, | ) | |
| PETER MCCARTHY, JOSEPH | ) | |
| MURPHY, FRANK MUTTERER, | ) | |
| RICHARD N. OUTRIDGE, RONALD L. | ) | |
| O'KELLEY, SCOTT A. SCHOEN, | ) | |
| WILLIAM M. SEXTON, GERALD | ) | |
| SHERER, PHILIP SILVERMAN and | ) | |
| ROBERT C. TROSTEN | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

DISTRICT OF COLUMBIA      :
                          :  SS.:
                          :

**MARC E. RINDNER,** being duly sworn, deposes and says:

1.      I am a partner at Wiley Rein, LLP, resident in its Washington, D.C. office.  I am

counsel for Arch Insurance Company ("Arch") in connection with matters in issue in this

proceeding.  Arch has requested that I represent it before this Court.  Accordingly, I hereby

respectfully seek admission *pro hac vice* to participate as co-counsel for Arch in this matter,

together with John H. Eickemeyer, Esq., and Daniel C. Green, Esq., of Vedder, Price, Kaufman & Kammholz, P.C., upon whom all papers should be served.

2.    I am a member in good standing of the Bar of the District of Columbia, as evidenced by the Certificate of Good Standing attached hereto as Exhibit A. I have not been the subject of any disciplinary proceedings or criminal charges by any Bar or court during the last five years.

3.    I have not been denied admission to the courts of any state or to any federal court during the last five years.

4.    I am familiar with, and shall comply with, the standards of professional conduct imposed upon members of the Bar of the State of New York, including the rules of court governing the conduct of attorneys and the Disciplinary Rules of the Code of Professional Responsibility.

_____
Marc E. Rindner

Sworn to and subscribed before me
on this the 2<u>8</u> day of February , 2008.

_____
Notary Public
My Commission Expires 6-14-10

# Exhibit A



# District of Columbia Court of Appeals
## Committee on Admissions
### 500 Indiana Avenue, N.W. — Room 4200
### Washington, D. C. 20001
### 202 / 879-2710

I, GARLAND PINKSTON, JR., Clerk of the District of Columbia

Court of Appeals, do hereby certify that

MARC E. RINDNER

was on the    16th    day of    December, 1998

duly qualified and admitted as an attorney and counselor and

entitled to practice before this Court and is, on the date

indicated below, an active member in good standing of this Bar.

                    In Testimony Whereof, I have
                    hereunto subscribed my name
                    and affixed the seal of this
                    Court at the City of
                    Washington,    D.C.,    on
                    February 15, 2008.


                    GARLAND PINKSTON, JR., CLERK


                    By: _N. Charles_____
                           Deputy Clerk

# Exhibit 3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

_____

ARCH INSURANCE COMPANY,                 )
                                        )
                Plaintiff,              )          Index No.: 08/600029
                                        )
        v.                              )
                                        )
JOHN D. AGOGLIA, PHILLIP R.             )          **AFFIDAVIT OF**
BENNETT, LEO R. BREITMAN, EDWIN         )          **DANIEL J. STANDISH**
L. COX, SUKHMEET DHILLON,               )          **IN SUPPORT OF HIS**
THOMAS H. DITTMER, NATHAN               )          ***PRO HAC VICE* ADMISSION**
GANTCHER, STEPHEN GRADY, TONE           )
GRANT, THOMAS HACKL, DAVID V.           )
HARKINS, SCOTT L. JAECKEL,              )
DENNIS A. KLEJNA, THOMAS H. LEE,        )
ERIC G. LIPOFF, SANTO C. MAGGIO,        )
PETER MCCARTHY, JOSEPH                  )
MURPHY, FRANK MUTTERER,                 )
RICHARD N. OUTRIDGE, RONALD L.          )
O'KELLEY, SCOTT A. SCHOEN,              )
WILLIAM M. SEXTON, GERALD               )
SHERER, PHILIP SILVERMAN and            )
ROBERT C. TROSTEN                       )
                                        )
                Defendants.             )
_____ )


DISTRICT OF COLUMBIA      :
                          :  SS.:
                          :


**DANIEL J. STANDISH,** being duly sworn, deposes and says:

1.      I am a partner at Wiley Rein LLP, resident in its Washington, D.C. office. I am

counsel for Arch Insurance Company ("Arch") in connection with matters in issue in this

proceeding. Arch has requested that I represent it before this Court. Accordingly, I hereby

respectfully seek admission *pro hac vice* to participate as co-counsel for Arch in this matter,

together with John H. Eickemeyer, Esq., and Daniel C. Green, Esq., of Vedder, Price, Kaufman & Kammholz, P.C., upon whom all papers should be served.

2.     I am a member in good standing of the Bar of the District of Columbia, as evidenced by the Certificate of Good Standing attached hereto as Exhibit A.  I have not been the subject of any disciplinary proceedings or criminal charges by any Bar or court during the last five years.

3.     I have not been denied admission to the courts of any state or to any federal court during the last five years.

4.     I am familiar with, and shall comply with, the standards of professional conduct imposed upon members of the Bar of the State of New York, including the rules of court governing the conduct of attorneys and the Disciplinary Rules of the Code of Professional Responsibility.

Daniel J. Standish

Sworn to and subscribed before me
on this the 4th day of March, 2008.

Notary Public

My Commission expires 6-14-10

# Exhibit A



### District of Columbia Court of Appeals
#### Committee on Admissions
500 Indiana Avenue, N.W. — Room 4200
Washington, D. C.  20001
202 / 879-2710

I, GARLAND PINKSTON, JR., Clerk of the District of Columbia Court of Appeals, do hereby certify that

DANIEL J. STANDISH

was on the   24TH   day of   JUNE, 1988

duly qualified and admitted as an attorney and counselor and entitled to practice before this Court and is, on the date indicated below, an active member in good standing of this Bar.

In Testimony Whereof, I have hereunto subscribed my name and affixed the seal of this Court at the City of Washington, D.C., on February 28, 2008.

GARLAND PINKSTON, JR., CLERK

By: _M Charles_
          Deputy Clerk

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |
|---|---|
| ARCH INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | )    Index No.: 08/600029 |
| | ) |
| v. | ) |
| | ) |
| JOHN D. AGOGLIA, PHILLIP R. BENNETT, LEO R. BREITMAN, EDWIN L. COX, SUKHMEET DHILLON, THOMAS H. DITTMER, NATHAN GANTCHER, STEPHEN GRADY, TONE GRANT, THOMAS HACKL, DAVID V. HARKINS, SCOTT L. JAECKEL, DENNIS A. KLEJNA, THOMAS H. LEE, ERIC G. LIPOFF, SANTO C. MAGGIO, PETER MCCARTHY, JOSEPH MURPHY, FRANK MUTTERER, RICHARD N. OUTRIDGE, RONALD L. O'KELLEY, SCOTT A. SCHOEN, WILLIAM M. SEXTON, GERALD SHERER, PHILIP SILVERMAN and ROBERT C. TROSTEN | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

**FILED**
MAR 2 1 2008
COUNTY CLERK'S OFFICE

### AFFIDAVIT OF SERVICE

|  |  |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss.: |
| COUNTY OF NEW YORK | ) |

TINA FOSSETTA, being sworn, says:

I am not a party to the action, am over 18 years of age and reside in Queens, New York.

On March 21, 2008, I caused true copies of the following filings made by plaintiff Arch Insurance Company within this action to be served upon Defendant Edwin Cox, through his attorney Martin R. Bennett, of Kugle Skelton & Bennett, PC, by depositing same, enclosed in a wrapper bearing the address 130 E. Corsicana, Ste. 302, Athens, Texas 75751, into the custody of an overnight delivery service for overnight delivery prior to the latest time designated by the service for such delivery:

- **REQUEST FOR JUDICIAL INTERVENTION**

- **STATEMENT IN SUPPORT OF REQUEST FOR ASSIGNMENT TO COMMERCIAL DIVISION**

- **NOTICE OF MOTION**

- **AFFIRMATION OF DANIEL C. GREEN WITH ACCOMPANYING AFFIDAVITS OF CARA TSENG DUFFIELD, MARC E. RINDNER AND DANIEL J. STANDISH**

TINA FOSSETTA

Sworn to before me this
21 5th day of March, 2008

Notary Public

Linda S. Dobson
Notary Public, State of New York
No. 01D06018206
Qualified in Queens County
Commission Expires January 04, 20 11

312405

2008 JUN 26 P 2: 21

COURTESY
COPY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| ARCH INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) Index No.: 08/600029 |
| | ) |
| v. | ) |
| | ) |
| JOHN D. AGOGLIA, *et al.*, | ) **STIPULATED ORDER FOR ENTRY** |
| | ) **OF JUDGMENT AGAINST** |
| Defendants. | ) **DEFENDANT PHILLIP R. BENNETT** |
| | ) |
| | ) |
| | ) |

Plaintiff Arch Insurance Company ("Arch") and Defendant Phillip R. Bennett ("Bennett"), by and through their undersigned attorneys, jointly file this Stipulated Order for Entry of Judgment against Defendant Phillip R. Bennett.

**WHEREAS,** Bennett previously sought coverage under the "Arch Policy" for the "Underlying Matters," as those terms are defined in the First Amended Complaint for Declaratory Judgment (the "FAC") filed by Arch on February 22, 2008;

**WHEREAS,** Bennett has since acknowledged that he is not entitled to any coverage under the Arch Policy for the Underlying Matters or for any action, proceeding, investigation or other matter based upon, arising out of, or involving the facts and circumstances underlying or alleged in any of the Underlying Matters;

**NOW, THEREFORE,** Arch and Bennett stipulate and agree as follows:

1.    Bennett waived formal service of process under C.P.L.R. 308 and acknowledged service and receipt of Arch's Amended Summons and the FAC on February 28, 2008;

2.    Bennett stipulates and agrees that the Arch Policy does not afford him any coverage whatsoever for any of the Underlying Matters or for any action, proceeding, investigation or other matter based upon, arising out of, or involving the facts and circumstances underlying or alleged in any of the Underlying Matters;

**FILED**
APR 2 4 2008

NEW YORK
COUNTY CLERK'S OFFICE

3.    Bennett stipulates, agrees and consents to the entry of judgment against him on Counts I and II of the FAC in the form annexed hereto as Exhibit A;

4.    Bennett waives any right to appeal the judgment entered against him pursuant to this stipulation;

5.    Arch and Bennett stipulate and agree that each party is to bear its or his respective attorneys' fees and costs incurred in connection with this action and any other coverage litigation between the parties.

Date:    April 17, 2008                              Respectfully submitted,

Jeffrey T. Golenbock                                 John H. Eickemeyer
GOLENBOCK EISMAN ASSOR BELL                          Daniel C. Green
   & PESKOE                                          VEDDER PRICE P.C.
437 Madison Avenue                                   1633 Broadway, 47th Floor
New York, NY  10022                                  New York, New York 10019
(212) 907-7373                                       (212) 407-7700

*Attorneys for Defendant Phillip R. Bennett*

                                                     Daniel J. Standish
                                                     Marc E. Rindner
                                                     Cara Tseng Duffield
                                                     WILEY REIN LLP
                                                     1776 K Street, N.W.
                                                     Washington, D.C. 20006
                                                     (202) 719-7000

                                                     *Attorneys for Plaintiff Arch Insurance Company*

**SO ORDERED**, this _21_ day of _April_, 2008

**By:** _____

2008 JUN ___ P 2 24          3 ! 2 4 I 9

**FILED**
APR 2 4 2008
NEW YORK
COUNTY CLERK'S OFFICE

-2-

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |  |
|---|---|---|
| ARCH INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Index No.: 08/600029 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN D. AGOGLIA, *et al.*, | ) | **[PROPOSED] JUDGMENT AGAINST** |
| | ) | **DEFENDANT PHILLIP R. BENNETT** |
| Defendants. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

Before the Court is Plaintiff Arch Insurance Company ("Arch") and Defendant Phillip R.

Bennett ("Bennett")'s Stipulated Order for Entry of Judgment against Defendant Phillip R.

Bennett. The Parties' Stipulated Order having been "so ordered" and entered by the Court, it is

hereby adjudged and declared that:

1.  Bennett waived formal service of process under C.P.L.R. 308 and acknowledged service and receipt of Arch's Amended Summons and the FAC on February 28, 2008;

2.  Pursuant to the Parties' stipulation, Bennett is not entitled to any coverage whatsoever under the Arch Policy for any of the Underlying Matters or for any action, proceeding, investigation or other matter based upon, arising out of, or involving the facts and circumstances underlying or alleged in any of the Underlying Matters;

3.  Pursuant to the Parties' stipulation, judgment is entered against Bennett on Count I of the FAC;

4.  Pursuant to the Parties' stipulation, judgment is entered against Bennett on Count II of the FAC;

5.  Bennett has waived any right to appeal the judgment entered against him; and

6.  Each party shall bear its or his respective attorneys' fees and costs incurred in connection with this action and any other coverage litigation between the parties.

By: _____
    Clerk

FILED
APR 2 4 2008
NEW YORK
COUNTY CLERK'S OFFICE

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                              ) ss.:
COUNTY OF NEW YORK   )

FRANCINE TORMEY, being sworn, says:

1.      I am not a party to the action, am over 18 years of age and reside in Queens, New York.

2.      On April 17, 2008, I caused a true copy of the within **STIPULATED ORDER FOR ENTRY OF JUDGMENT AGAINST DEFENDANT PHILLIP R. BENNETT, WITH ANNEXED PROPOSED JUDGMENT AGAINST PHILLIP R. BENNETT** to be served by electronic and U.S. mail upon each defendant in this action through their counsel as follows:

| Defendant(s) | Counsel |
|---|---|
| Agoglia, John D.<br>McCarthy, Peter J. | William Fleming<br>Gage Spencer & Fleming, LLP<br>410 Park Avenue<br>New York, NY 10022<br>(212) 768-4900<br>wfleming@gagespencer.com |
| Bennett, Phillip R. | Jeffrey T. Golenbock<br>Golenbock Eisman Assor Bell &<br>Pesko LLP<br>437 Madison Avenue<br>New York, NY 10022<br>(212) 907-7373<br>jgolenbock@golenbock.com |

| | |
|---|---|
| Breitman, Leo R.<br>Gantcher, Nathan<br>Harkins, David V.<br>Jaekel, Scott L.<br>Lee, Thomas H.<br>O'Kelley, Ronald L.<br>Schoen, Scott A. | Paul A. Ferrillo<br>Weil Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY  10153<br>(212) 310-8372<br>Paul.ferrillo@weil.com |
| Cox, Edwin | Martin R. Bennett, Esq.<br>Kugle, Skelton & Bennett<br>130 E. Corsicana, Ste. 302<br>Athens, TX 75751<br>(903) 675-5151<br>mbennett@ksbpc.com |
| Dhillon, Sukhmeet<br><br>Lipoff, Eric | Neil A. Goteiner<br>Farella, Braun & Martel<br>235 Montgomery Street, 30th Floor<br>San Francisco, CA 94104<br>(415) 954-4485<br>ngoteiner@fbm.com |
| Dittmer, Thomas H. | Thomas C. Wolford<br>Neal Gerber & Eisenberg, LLP<br>2 North LaSalle Street<br>Chicago, IL  60602<br>(312) 269-5675<br>Twolford@ngelaw.com |
| Grady, Stephen | Lawrence J. Kotler<br>Duane Morris & Heckscher, LLP<br>30 South 17th Street<br>Philadelphia, PA  19103<br>(215) 979-1514<br>ljkotler@duanemorris.com |

| | |
|---|---|
| Grant, Tone | William A. Schreiner, Jr., Esq.<br>Zuckerman Spaeder LLP<br>1800 M Street, NW, Suite 1000<br>Washington, D.C. 20036<br>(202) 778-1858<br>wschreiner@zuckerman.com |
| Klejna, Dennis | Helen Kim<br>Katten Muchin Rosenman, LLP<br>2029 Century Park East, Suite 2600<br>Los Angeles, CA 90067<br>(310) 788-4525<br>Helen.kim@kattenlaw.com |
| Maggio, Santo C. | Scott E. Hershman<br>Hunton & Williams<br>200 Park Avenue, 43rd Floor<br>New York, NY 10166<br>(212) 309-1053<br>shershman@hunton.com |
| Mutterer, Frank | Janet Costello<br>Gibbons, P.C.<br>One Gateway Center<br>Newark, NJ 07102<br>973-596-4825<br>jcostello@gibbonslaw.com |
| Murphy, Joseph | John R. Jerome<br>Saul Ewing, LLP<br>245 Park Avenue<br>24th Floor<br>New York, NY 10167<br>jjerome@saul.com |

| | |
|---|---|
| Outridge, Richard N. | Claire P. Gutekunst<br>Proskauer Rose, LLP<br>1585 Broadway<br>New York, NY 10036<br>(212) 969-3421<br>cgutekunst@proskauer.com |
| Sexton, William M.<br><br>Sherer, Gerald | Ivan Kline<br>Friedman & Wittenstein, P.C.<br>600 Lexington Avenue<br>New York, NY 10022<br>(212) 750-8700<br>ikline@friedmanwittenstein.com |
| Silverman, Philip | Richard Cashman<br>Heller Ehrman, LLP<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036<br>(212) 847-8796<br>Richard.cashman@hellerehrman.com |
| Trosten, Robert C. | Barbara Moses<br>Morvillo, Abramowitz, Grand, Iason<br>& Silberberg, PC<br>565 Fifth Avenue<br>New York, NY 10017<br>(212) 880-9540<br>bmoses@magislaw.com |

3.      On April 17, 2008, I caused a true copy of the within **STIPULATED ORDER FOR ENTRY OF JUDGMENT AGAINST DEFENDANT PHILLIP R. BENNETT, WITH ANNEXED PROPOSED JUDGMENT AGAINST PHILLIP R. BENNETT** to be served by U.S. mail upon Richard N. Outridge at 24 Pennbrook Drive, Lincoln University, Pennsylvania 19352.

FRANCINE TORMEY

Sworn to before me this
17th day of April, 2008

Notary Public

NANCY J. NEUBAUER
Notary Public, State of New York
No. 01NE5041602
Qualified in New York County
Commission Expires April 10, ____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

004822

ARCH INSURANCE COMPANY,                    )
                                           )
            Plaintiff,                      )        Index No.: 08/600029
                                           )        Justice Helen E. Freedman
v.                                         )
                                           )
JOHN D. AGOGLIA, PHILLIP R.                )        **NOTICE OF**
BENNETT, LEO R. BREITMAN, EDWIN            )        **DISCONTINUANCE**
L. COX, SUKHMEET DHILLON,                  )
THOMAS H. DITTMER, NATHAN                  )
GANTCHER, STEPHEN GRADY, TONE              )
GRANT, THOMAS HACKL, DAVID V.              )
HARKINS, SCOTT L. JAECKEL,                 )
DENNIS A. KLEJNA, THOMAS H. LEE,           )
ERIC G. LIPOFF, SANTO C. MAGGIO,           )
PETER MCCARTHY, JOSEPH                     )
MURPHY, FRANK MUTTERER,                    )
RICHARD N. OUTRIDGE, RONALD L.             )
O'KELLEY, SCOTT A. SCHOEN,                 )
WILLIAM M. SEXTON, GERALD                  )
SHERER, PHILIP SILVERMAN and               )
ROBERT C. TROSTEN                          )
                                           )
            Defendants.                    )
                                           )

FILED
APR 24 2008
NEW YORK
COUNTY CLERK'S OFFICE

**PLEASE TAKE NOTICE** that plaintiff Arch Insurance Company hereby voluntarily

discontinues this action without prejudice as against defendant Edwin L. Cox, pursuant to CPLR

3217.

Dated: New York, New York.
     April 23, 2008

Respectfully submitted,

VEDDER PRICE P.C.

By: _____

    John H. Eickemeyer, Esq.
    Daniel C. Green, Esq.
    1633 Broadway, 47th Floor
    New York, New York  10019
    (212) 407-7700

*Attorneys for Plaintiff*
*Arch Insurance Company*

TO:

William Flemming
Gage Spencer & Fleming, LLP
410 Park Avenue
New York, NY  10022
(212) 768-4900
*Attorneys for Defendants John D. Agoglia and Peter J. McCarthy*

Jeffrey T. Golenbock
Golenbock Eisman Assor Bell & Pesko LLP
437 Madison Avenue
New York, NY  10022
(212) 907-7373
*Attorneys for Defendant Phillip R. Bennett*

Paul A. Ferrillo
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153
(212) 310-8372
*Attorneys for Defendants Leo R. Breitman, Nathan Gantcher, David V. Harkins,*
*Scott L. Jaekel, Thomas H.Lee, Ronald L. O'Kelley, and Scott A. Schoen*



Martin R. Bennett
Kugle Skelton & Bennett, PC
130 E. Corsicana, Ste. 302
Athens, TX 75751
(903) 675-5151
*Attorneys for Defendant Edwin Cox*

Neil A. Goteiner
Farella, Braun & Martel
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4485
*Attorneys for Defendants Sukhmeet Dillon and Eric Lipoff*

Thomas C. Wolford
Neal Gerber & Eisenberg, LLP
2 North LaSalle Street
Chicago, IL 60602
(312) 269-5675
*Attorneys for Defendant Thomas H. Dittmer*

Lawrence J. Kotler
Duane Morris & Heckscher, LLP
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1514
*Attorneys for Defendant Stephen Grady*

William A. Schreiner, Jr., Esq.
Zuckerman Spaeder LLP
1800 M Street, NW, Suite 1000
Washington, D.C. 20036
(202) 778-1858
*Attorneys for Defendant Tone Grant*

Helen Kim
Katten Muchin Rosenman, LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
(310) 788-4525
*Attorneys for Defendant Dennis Klejna*

Scott E. Hershman
Hunton & Williams
200 Park Avenue, 43rd Floor
New York, NY 10166
(212) 309-1053
*Attorneys for Defendant Santo C. Maggio*

John R. Jerome
Saul Ewing, LLP
245 Park Avenue
24th Floor
New York, NY 10167
*Attorneys for Defendant Joseph Murphy*

Janet Costello
Gibbons, P.C.
One Gateway Center
Newark, NJ 07102
973-596-4825
*Attorneys for Defendant Frank Mutterer*

Claire P. Gutekunst
Proskauer Rose, LLP
1585 Broadway
New York, NY 10036
(212) 969-3421
*Attorneys for Defendant Richard N. Outridge*

Ivan Kline
Friedman & Wittenstein, P.C.
600 Lexington Avenue
New York, NY 10022
(212) 750-8700
*Attorneys for Defendants William M. Sexton and Gerald Sherer*

Richard Cashman
Heller Ehrman, LLP
Times Square Tower
7 Times Square
New York, NY 10036
(212) 847-8796
*Attorneys for Defendant Philip Silverman*

Barbara Moses
Morvillo, Abramowitz, Grand, Iason & Silberberg, PC
565 Fifth Avenue
New York, NY 10017
(212) 880-9540
*Attorneys for Defendant Robert C. Trosten*

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                          ) ss.:
COUNTY OF NEW YORK  )

       FRANCINE TORMEY, being sworn, says:

       1.     I am not a party to the action, am over 18 years of age and reside in Queens, New York.

       2.     On April 24 2008, I caused to be served the within **NOTICE OF DISCONTINUANCE,** by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within this State, upon each defendant in this action through their counsel as follows:

| Defendant(s) | Counsel |
| --- | --- |
| Agoglia, John D.<br>McCarthy, Peter J. | William Fleming, Esq.<br>Gage Spencer & Fleming, LLP<br>410 Park Avenue<br>New York, NY 10022<br>(212) 768-4900 |
| Bennett, Phillip R. | Jeffrey T. Golenbock, Esq.<br>Golenbock Eisman Assor<br>   Bell & Pesko LLP<br>437 Madison Avenue<br>New York, NY 10022<br>(212) 907-7373 |
| Breitman, Leo R.<br>Gantcher, Nathan<br>Harkins, David V.<br>Jaekel, Scott L.<br>Lee, Thomas H.<br>O'Kelley, Ronald L.<br>Schoen, Scott A. | Paul A. Ferrillo, Esq.<br>Weil Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>(212) 310-8372 |
| Cox, Edwin | Martin R. Bennett, Esq.<br>Kugle, Skelton & Bennett<br>130 E. Corsicana, Ste. 302<br>Athens, TX 75751<br>(903) 675-5151 |

| Defendant(s) | Counsel |
|---|---|
| Dhillon, Sukhmeet<br>Lipoff, Eric | Neil A. Goteiner, Esq.<br>Farella, Braun & Martel<br>235 Montgomery Street, 30th Floor<br>San Francisco, CA 94104<br>(415) 954-4485 |
| Dittmer, Thomas H. | Thomas C. Wolford, Esq.<br>Neal Gerber & Eisenberg, LLP<br>2 North LaSalle Street<br>Chicago, IL 60602<br>(312) 269-5675 |
| Grady, Stephen | Lawrence J. Kotler, Esq.<br>Duane Morris & Heckscher, LLP<br>30 South 17th Street<br>Philadelphia, PA 19103<br>(215) 979-1514 |
| Grant, Tone | William A. Schreiner, Jr., Esq.<br>Zuckerman Spaeder LLP<br>1800 M Street, NW, Suite 1000<br>Washington, D.C. 20036<br>(202) 778-1858 |
| Klejna, Dennis | Helen Kim, Esq.<br>Katten Muchin Rosenman, LLP<br>2029 Century Park East, Suite 2600<br>Los Angeles, CA 90067<br>(310) 788-4525 |
| Maggio, Santo C. | Scott E. Hershman, Esq.<br>Hunton & Williams<br>200 Park Avenue, 43rd Floor<br>New York, NY 10166<br>(212) 309-1053 |

| Defendant(s) | Counsel |
|---|---|
| Mutterer, Frank | Janet Costello, Esq.<br>Gibbons, P.C.<br>One Gateway Center<br>Newark, NJ  07102<br>973-596-4825 |
| Murphy, Joseph | John R. Jerome, Esq.<br>Saul Ewing, LLP<br>245 Park Avenue<br>24th Floor<br>New York, NY  10167 |
| Outridge, Richard N. | Claire P. Gutekunst<br>Proskauer Rose, LLP<br>1585 Broadway<br>New York, NY  10036<br>(212) 969-3421 |
| Sexton, William M.<br>Sherer, Gerald | Ivan Kline, Esq.<br>Friedman & Wittenstein, P.C.<br>600 Lexington Avenue<br>New York, NY  10022<br>(212) 750-8700 |
| Silverman, Philip | Richard Cashman, Esq.<br>Heller Ehrman, LLP<br>Times Square Tower<br>7 Times Square<br>New York, NY  10036<br>(212) 847-8796 |
| Trosten, Robert C. | Barbara Moses, Esq.<br>Morvillo, Abramowitz, Grand, Iason  &<br>Silberberg, PC<br>565 Fifth Avenue<br>New York, NY  10017<br>(212) 880-9540 |

3.    On April 24 2008, I caused a true copy of the within **NOTICE OF DISCONTINUANCE** to be served by U.S. mail upon Richard N. Outridge at 24 Pennbrook Drive, Lincoln University, Pennsylvania 19352.

FRANCINE TORMEY

Sworn to before me this
24th of April, 2008

Notary Public

NANCY J. NEUBAUER
Notary Public, State of New York
No. 01NE5041602
Qualified in New York County
Commission Expires April 10, 20 11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

004901

|  |  |  |
|---|---|---|
| ARCH INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Index No.: 08/600029 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN D. AGOGLIA, *et al.*, | ) | **STIPULATION OF PARTIAL** |
| | ) | **DISCONTINUANCE WITH** |
| Defendants. | ) | **PREJUDICE** |
| | ) | |
| | ) | |
| | ) | |

Plaintiff Arch Insurance Company ("Arch") and Defendant Robert C. Trosten ("Trosten"), by and through their undersigned attorneys, jointly file this Stipulation of Partial Discontinuance with Prejudice.

**WHEREAS,** certain individuals have sought coverage under the "Arch Policy" for the "Underlying Matters," as those terms are defined in the First Amended Complaint for Declaratory Judgment (the "FAC") filed by Arch on February 22, 2008;

**WHEREAS,** Trosten has acknowledged that he presently is not seeking, and will not seek in the future, coverage under the Arch Policy for the Underlying Matters or for any other demand, action, proceeding or investigation, including, but not limited to, any demand, action, proceeding or investigation based upon, arising out of, or involving the facts and circumstances underlying or alleged in any of the Underlying Matters; and

**WHEREAS,** no party to this action is an infant, incompetent or person for whom a committee has been appointed.

**NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, who have been duly authorized by Arch and Trosten to enter into this Stipulation, as follows:

1.      Trosten waives formal service of process under C.P.L.R. 308 and acknowledges service and receipt of Arch's Amended Summons and the FAC on March 3, 2008;

2.      Trosten relinquishes, waives and forever releases any and all claims that he may have had, have now or have in the future for coverage or payment under the Arch Policy for the Underlying Matters or for any other demand, action, proceeding or investigation, including, but not limited to, any matter based upon, arising out of, or involving the facts and circumstances underlying or alleged in any of the Underlying Matters;

3.      Trosten agrees that he is not now and will not ever seek coverage or payment under the Arch Policy for any demand, action, proceeding or investigation, including, but not limited to, any matter based upon, arising out of, or involving the facts and circumstances underlying or alleged in any of the Underlying Matters;

4.      Arch's causes of action asserted in the FAC are discontinued with prejudice as against Trosten only; and

5.      Each party shall bear its or his respective attorneys' fees and costs incurred in connection with this action and any other coverage litigation between the parties.

Dated: April 25, 2008

_____          _____
Barbara Moses                    John H. Eickemeyer
MORVILLO, ABRAMOWITZ, GRAND,     Daniel C. Green
  IASON & SILBERBERG, PC         VEDDER PRICE P.C.
565 Fifth Avenue                 1633 Broadway, 47th Floor
New York, New York 10017         New York, New York 10019
(212) 880-9540                   (212) 407-7700

*Counsel for Defendant Robert C. Trosten*

                                 Daniel J. Standish
                                 Marc E. Rindner
                                 Cara Tseng Duffield
                                 WILEY REIN LLP
                                 1776 K Street, N.W.
                                 Washington, D.C. 20006
                                 (202) 719-7000

                                 *Counsel for Plaintiff Arch Insurance Company*

**SO ORDERED, this _____ day of _____, 2008**

**By:** _____

-3-

## <u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK    )
                           ) ss.:
COUNTY OF NEW YORK  )

        JOHN H. EICKEMEYER, being sworn, says:

        1.     I am not a party to the action, am over 18 years of age and reside in Eastchester, New York.

        2.     On April 25 2008, I caused a true copy of the within **STIPULATION OF PARTIAL DISCONTINUANCE WITH PREJUDICE** to be served by electronic and U.S. mail upon each defendant in this action through their counsel as follows:

| Defendant(s) | Counsel |
|---|---|
| Agoglia, John D.<br>McCarthy, Peter J. | William Fleming, Esq.<br>Gage Spencer & Fleming, LLP<br>410 Park Avenue<br>New York, NY 10022<br>(212) 768-4900<br>wfleming@gagespencer.com |
| Bennett, Phillip R. | Jeffrey T. Golenbock, Esq.<br>Golenbock Eisman Assor<br>   Bell & Pesko LLP<br>437 Madison Avenue<br>New York, NY 10022<br>(212) 907-7373<br>jgolenbock@golenbock.com |
| Breitman, Leo R.<br>Gantcher, Nathan<br>Harkins, David V.<br>Jaekel, Scott L.<br>Lee, Thomas H.<br>O'Kelley, Ronald L.<br>Schoen, Scott A. | Paul A. Ferrillo, Esq.<br>Weil Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>(212) 310-8372<br>Paul.ferrillo@weil.com |
| Cox, Edwin | Martin R. Bennett, Esq.<br>Kugle, Skelton & Bennett<br>130 E. Corsicana, Ste. 302<br>Athens, TX 75751<br>(903) 675-5151<br>mbennett@ksbpc.com |

| Defendant(s) | Counsel |
|---|---|
| Dhillon, Sukhmeet<br>Lipoff, Eric | Neil A. Goteiner, Esq.<br>Farella, Braun & Martel<br>235 Montgomery Street, 30th Floor<br>San Francisco, CA 94104<br>(415) 954-4485<br>ngoteiner@fbm.com |
| Dittmer, Thomas H. | Thomas C. Wolford, Esq.<br>Neal Gerber & Eisenberg, LLP<br>2 North LaSalle Street<br>Chicago, IL 60602<br>(312) 269-5675<br>Twolford@ngelaw.com |
| Grady, Stephen | Lawrence J. Kotler, Esq.<br>Duane Morris & Heckscher, LLP<br>30 South 17th Street<br>Philadelphia, PA 19103<br>(215) 979-1514<br>ljkotler@duanemorris.com |
| Grant, Tone | William A. Schreiner, Jr., Esq.<br>Zuckerman Spaeder LLP<br>1800 M Street, NW, Suite 1000<br>Washington, D.C. 20036<br>(202) 778-1858<br>wschreiner@zuckerman.com |
| Klejna, Dennis | Helen Kim, Esq.<br>Katten Muchin Rosenman, LLP<br>2029 Century Park East, Suite 2600<br>Los Angeles, CA 90067<br>(310) 788-4525<br>Helen.kim@kattenlaw.com |
| Maggio, Santo C. | Scott E. Hershman, Esq.<br>Hunton & Williams<br>200 Park Avenue, 43rd Floor<br>New York, NY 10166<br>(212) 309-1053<br>shershman@hunton.com |

| Defendant(s) | Counsel |
|---|---|
| Mutterer, Frank | Janet Costello, Esq.<br>Gibbons, P.C.<br>One Gateway Center<br>Newark, NJ  07102<br>973-596-4825<br>jcostello@gibbonslaw.com |
| Murphy, Joseph | John R. Jerome, Esq.<br>Saul Ewing, LLP<br>245 Park Avenue<br>24th Floor<br>New York, NY  10167<br>jjerome@saul.com |
| Outridge, Richard N. | Claire P. Gutekunst<br>Proskauer Rose, LLP<br>1585 Broadway<br>New York, NY  10036<br>(212) 969-3421<br>cgutekunst@proskauer.com |
| Sexton, William M.<br>Sherer, Gerald | Ivan Kline, Esq.<br>Friedman & Wittenstein, P.C.<br>600 Lexington Avenue<br>New York, NY  10022<br>(212) 750-8700<br>ikline@friedmanwittenstein.com |
| Silverman, Philip | Richard Cashman, Esq.<br>Heller Ehrman, LLP<br>Times Square Tower<br>7 Times Square<br>New York, NY  10036<br>(212) 847-8796<br>Richard.cashman@hellerehrman.com |
| Trosten, Robert C. | Barbara Moses, Esq.<br>Morvillo, Abramowitz, Grand, Iason  &<br>Silberberg, PC<br>565 Fifth Avenue<br>New York, NY  10017<br>(212) 880-9540<br>bmoses@magislaw.com |

3.     On April 25, 2008, I caused a true copy of the within **STIPULATION OF PARTIAL DISCONTINUANCE WITH PREJUDICE** to be served by U.S. mail upon Richard N. Outridge at 24 Pennbrook Drive, Lincoln University, Pennsylvania 19352.

JOHN H. EICKEMEYER

Sworn to before me this
25th day of April, 2008

Notary Public

FRANCINE TORMEY
Notary Public, State of New York
Registration No. 01TO6143179
Qualified in Queens County
Commission Expires April 3, 2010
Certificate on File in New York County