**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
ARCH INSURANCE COMPANY,                          :
                                                 :
             Plaintiff,            :
                                                 :    No. 08-CV-5252
      v.                                         :
                                                 :    *Electronically Filed*
JOHN D. AGOGLIA, PHILLIP R. BENNETT,             :
LEO R. BEITMAN, EDWIN L. COX,                    :    **ANSWER**
SUKHMEET DHILLON, THOMAS H.                      :    **OF DEFENDANT**
DITTMER, NATHAN GANTCHER,                        :    <u>**TONE N. GRANT**</u>
STEPHEN GRADY, TONE GRANT,                       :
THOMAS HACKL, DAVID V. HARKINS,                  :
SCOTT L. JAECKEL, DENNIS A. KLEJNA,              :
THOMAS H. LEE, ERIC G. LIPOFF, SANTO             :
C. MAGGIO, PETER MCCARTHY, JOSEPH                :
MURPHY, FRANK MUTTERER, RONALD                   :
L. O'KELLEY, RICHARD N. OUTRIDGE,                :
SCOTT A. SCHOEN, WILLIAM M.                      :
SEXTON, GERALD SHERER, PHILIP                    :
SILVERMAN, AND ROBERT C. TROSTEN,                :
                                                 :
             Defendants.           :
---------------------------------------------------------- x

 

Zuckerman Spaeder LLP

1540 Broadway
Suite 1604
New York, New York 10036
Telephone:   (212) 704-9600
Facsimile:    (212) 704-4256
Email:         neisen@zuckerman.com

*Attorneys for Defendant Tone N. Grant*

1906844.1

Defendant Tone N. Grant ("Mr. Grant"), by and through his attorneys, Zuckerman Spaeder LLP, states as follows for his Answer to the First Amended Complaint for Declaratory Judgment of plaintiff Arch Insurance Company ("Arch"), dated February 21, 2008 (the "Complaint"):

1.     Admit that Arch issued an excess directors, officers, and corporate liability insurance policy to Refco, Inc. ("Refco") for the period from August 11, 2005 to August 11, 2006 (the "Arch Policy"); admit that numerous lawsuits and governmental or regulatory investigations (the "Underlying Matters") involving certain individuals insured under the Arch Policy have been instituted and various of those individuals have tendered the Underlying Matters to Arch for coverage under the Arch Policy; admit that Arch avers that the Arch Policy affords no coverage for the Defendants in connection with the Underlying Matters; and aver that Arch is not entitled to a declaration in its favor.

2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, except admit that Arch filed an action in New York Supreme Court with index number 600805/06; admit that this lawsuit was dismissed without prejudice by Justice Freedman in an opinion dated February 20, 2007, and refer to that opinion for its contents; and admit that the Arch Policy contains a limit of liability that is $10 million excess of $40 million in underlying limits.

3.     Deny the allegations contained in paragraph 3 of the Complaint, except admit that Justice Freedman dismissed Arch's first complaint in an opinion dated February 20, 2007, and refer to that opinion for its contents; and admit that Phillip R. Bennett ("Bennett"), Robert C. Trosten ("Trosten"), and Santo C. Maggio ("Maggio") have pled guilty to various criminal charges.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, except admit that Arch avers that the Court has jurisdiction over this action pursuant to the New York Declaratory Judgment Act, CPLR § 3001.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, except admit that Arch avers that the Court has *in personam* jurisdiction over Mr. Grant pursuant to CPLR §§ 301 and 302 and admit that Arch avers Mr. Grant is a former officer of Refco and that he transacted business in New York or otherwise engaged in a sufficient course of conduct in the State to make the exercise of personal jurisdiction proper.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, except admit that Arch avers that venue is appropriate pursuant to CPLR § 503.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except admit that Arch is an insurance company.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, except admit, upon information and belief, that Bennett is the former Chairman, President and CEO of Refco, and that in October 2005, Bennett was asked by the Refco Board of Directors to take a leave of absence.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, except admit, upon information and belief, that defendant Stephen Grady served as Chief Operating Officer of Refco Global Futures LLC.

16. Admit the allegations in Paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, except admit, upon information and belief, that defendant David V. Harkins served as a director of Refco.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, except admit, upon information and belief, that defendant Scott L. Jaeckel served as a director of Refco.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, except admit, upon information and belief, that defendant Dennis A. Klejna served as Executive Vice President and General Counsel of Refco.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, except admit, upon information and belief, that defendant Thomas H. Lee served as a director of Refco.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, except admit, upon information and belief, that defendant Maggio served as President and CEO of Refco Securities, LLC and President of Refco Capital Markets, Ltd.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, except admit, upon information and belief, that defendant Joseph Murphy served as President of Refco during October and November of 2005.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

1906844.1

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, except admit, upon information and belief, that defendant Ronald L. O'Kelley served as a director of Refco.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, except admit, upon information and belief, that defendant Scott A. Schoen served as a director of Refco.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, except admit, upon information and belief, that defendant William M. Sexton served as Executive Vice President and Chief Operating Officer of Refco.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, except admit, upon information and belief, that defendant Philip Silverman served as Secretary of Refco.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, except admit, upon information and belief, that defendant Trosten served as Executive Vice President and Chief Financial Officer of Refco Group Ltd., LLC.

34. Admit that the Arch Policy is an excess directors, officers and corporate liability policy; and that it has a policy period of August 11, 2005 to August 11, 2006 and a limit of liability of $10 million excess of $40 million in underlying insurance; and otherwise refer to the Arch Policy, which speaks for itself.

1906844.1

35. Deny each and every allegation contained in paragraph 35 of the Complaint, except admit that U.S. Specialty Insurance Company ("U.S. Specialty"), Lexington Insurance Company ("Lexington"), Axis Reinsurance Company ("Axis"), and Allied World Assurance Company ("AWAC") have issued underlying insurance policies to Refco, and refer to those policies, which speak for themselves.

36. Paragraph 36 of the Complaint requires no response, because the Arch Policy speaks for itself.

37. Paragraph 37 of the Complaint requires no response, because the Arch and U.S. Specialty policies speak for themselves.

38. Paragraph 38 of the Complaint requires no response, because the Arch and U.S. Specialty policies speak for themselves.

39. Paragraph 39 of the Complaint requires no response, because the Arch and U.S. Specialty policies speak for themselves.

40. Paragraph 40 of the Complaint requires no response, because the Arch and U.S. Specialty policies speak for themselves.

41. Paragraph 41 of the Complaint requires no response, because the Arch and U.S. Specialty policies speak for themselves.

42. Paragraph 42 of the Complaint requires no response, because the AWAC Policy speaks for itself.

43. Paragraph 43 of the Complaint requires no response, because the Arch Policy speaks for itself.

44.     Paragraph 44 of the Complaint requires no response, because the Arch Policy speaks for itself.

45.     Paragraph 45 of the Complaint requires no response, because the Arch and underlying insurance policies speak for themselves.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint, except admit that defense costs have been advanced to certain Defendants under the U.S. Specialty Policy, the Lexington Policy, and the Axis Policy; and admit, upon information and belief, that the limits of the U.S. Specialty Policy, Lexington Policy, and Axis Policy have been exhausted.

47.     Admit, upon information and belief, that Refco conducted its initial public offering on August 11, 2005 and that the Arch Policy incepted on that same date.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint, and otherwise paragraph 48 of the Complaint requires no response because the October 10, 2005 press release speaks for itself.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint, and otherwise paragraph 49 of the Complaint requires no response because the October 11, 2005 press release speaks for itself.

50.     Admit, upon information and belief, that Refco and certain of its unregulated subsidiaries filed for Chapter 11 bankruptcy protection on or about October 17, 2005.

51.     Admit that, on January 16, 2007, a federal grand jury returned a third superseding indictment against Bennett, Trosten, and Mr. Grant (the "S3 Indictment"), and otherwise refer to the S3 Indictment which speaks for itself.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint, except admit, upon information and belief, that Bennett and Trosten pled guilty to various federal charges brought against them in or around February 2008.

53. Paragraph 53 of the Complaint requires no response, because the S3 Indictment speaks for itself.

54. Paragraph 54 of the Complaint requires no response, because the S3 Indictment speaks for itself.

55. Paragraph 55 of the Complaint requires no response, because the S3 Indictment speaks for itself.

56. Paragraph 56 of the Complaint requires no response, because the S3 Indictment speaks for itself.

57. Paragraph 57 of the Complaint requires no response, because the S3 Indictment speaks for itself.

58. Paragraph 58 of the Complaint requires no response, because the S3 Indictment speaks for itself.

59. Paragraph 59 of the Complaint requires no response, because the S3 Indictment speaks for itself.

60. Admit, upon information and belief, that Bennett pled guilty to various federal charges, and otherwise refer to the transcript of the February 15, 2008 hearing (the "Bennett Transcript"), which speaks for itself.

61. Admit, upon information and belief, that Bennett pled guilty to various federal charges, and otherwise refer to the Bennett Transcript, which speaks for itself.

62. Paragraph 62 of the Complaint requires no response, because the S3 Indictment speaks for itself.

63. Admit, upon information and belief, that Trosten pled guilty to various federal charges, and otherwise refer to the transcript of the February 20, 2008 hearing (the "Trosten Transcript"), which speaks for itself.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint, except admit, upon information and belief, that Trosten pled guilty to various federal charges, and refer to the Trosten Transcript, which speaks for itself.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint, except admit, upon information and belief, that Maggio pled guilty to various federal charges, and refer to the criminal information brought against Maggio (the "Maggio Information"), which speaks for itself.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint, and refer to the Maggio Information, which speaks for itself.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint, and refer to the Maggio Information, which speaks for itself.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint, except admit, upon information and

1906844.1

belief, that Maggio pled guilty to various criminal charges, and refer to the transcript of the December 19, 2007 hearing (the "Maggio Transcript"), which speaks for itself.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint, except admit, upon information and belief, that Maggio pled guilty to various federal charges, and refer to the Maggio Transcript, which speaks for itself.

70. Paragraph 70 of the Complaint requires no response, because it is a legal conclusion. To the extent a response is required, Mr. Grant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

71. Admit, upon information and belief, that various lawsuits were filed against certain of the defendants in the above-captioned action beginning on or about October 12, 2005.

72. Admit that, on or about October 12, 2005, a criminal complaint was filed against Bennett in *United States v. Bennett*, No. 05-1720 (S.D.N.Y.) (the "Bennett Criminal Complaint").

73. Refer to the Bennett Criminal Complaint for its contents; admit that an indictment against Bennett was filed on or about November 10, 2005, and refer to that document for its contents; admit that a superseding indictment and a second superseding indictment naming Bennett and Trosten were returned on or about October 24, 2006 and November 16, 2006, respectively, and refer to those documents for their contents; admit that a third superseding indictment that added Mr. Grant as a defendant was filed on or about January 16, 2007, and refer to that document for its contents; and admit that an Information against Maggio was filed in December 2007, and refer to that document for its contents.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint, except admit that Mr. Grant provided notice of the S3 Indictment to Arch.

75. Admit, upon information and belief, the allegations contained in paragraph 75 of the Complaint.

76. The allegations contained in paragraph 76 of the Complaint require no response, because the First Amended Consolidated Class Action Complaint ("FAC") and the Second Amended Consolidated Class Action Complaint ("SAC") speak for themselves, except admit that Mr. Grant is named as a defendant in the SAC.

77. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint, except admit that Mr. Grant provided notice to Arch of certain matters arising out of Mr. Grant's employment with Refco.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint.

79. The allegations contained in paragraph 79 of the Complaint require no response, because the complaints in the Derivative Litigation speak for themselves.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint, except admit, upon information and belief, that *Bawag P.S.K. v. Refco Inc., et al.*, No. 05-60006 (S.D.N.Y. Bankr.), Adv. No. 05-03161 (the "Bawag Action") names Bennett, among others, as a defendant.

1906844.1

82. The allegations contained in paragraph 82 of the Complaint require no response, because the complaint in the Bawag Action speaks for itself.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint.

84. Admit, upon information and belief, the allegations contained in paragraph 84 of the Complaint.

85. The allegations contained in paragraph 85 of the Complaint require no response, because the complaint in the THL Funds Action speaks for itself.

86. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint, except admit that Mr. Grant provided notice of the THL Funds Action to Arch.

87. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint.

89. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint.

90. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint.

91. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Complaint, and refer to the second amended complaint which speaks for itself.

1906844.1

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Complaint.

93. Admit, upon information and belief, the allegations contained in paragraph 93 of the Complaint.

94. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Complaint, and refer to the Consolidated Amended Class Action Complaint, which speaks for itself.

95. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint, except admit that Mr. Grant provided notice of this action to Arch.

96. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the Complaint, except admit, upon information and belief, that, on or about October 9, 2007, *VR Global Partners L.P., et al. v. Bennett, et al.,* Case No. 07-8686 (S.D.N.Y.) and *Capital Management Select Fund Ltd., et al. v. Bennett, et al.*, Case No. 07-8688 (S.D.N.Y.) were brought against various defendants including Mr. Grant and were consolidated with the Global Management Litigation on or around November 20, 2007.

97. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Complaint.

98. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Complaint.

99. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the Complaint.

1906844.1

100. Admit, upon information and belief, the truth of the allegations contained in paragraph 100 of the Complaint.

101. The allegations contained in paragraph 101 of the Complaint require no response, because the complaint in the Grant Thornton Litigation speaks for itself, except admit that Mr. Grant is named a defendant in the Grant Thornton Litigation.

102. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint, except admit that Mr. Grant provided notice of the Grant Thornton Litigation to Arch.

103. Admit, upon information and belief, the truth of the allegations contained in paragraph 103 of the Complaint.

104. Admit that Mr. Grant was named a defendant in the Agoglia Litigation, and otherwise refer to the complaint in the Agoglia Litigation, which speaks for itself.

105. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint, except admit that Mr. Grant provided notice of the Agoglia Litigation to Arch.

106. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Complaint.

107. The allegations in paragraph 107 of the Complaint require no response, because the complaint in the Hackl Litigation speaks for itself.

108. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Complaint.

1906844.1

109.    The allegations in paragraph 109 of the Complaint require no response, because the complaint in the Trustee/Bennett Litigation speaks for itself, except deny that Mr. Grant was named a defendant in the Trustee/Bennett Litigation.

110.    No response is required for paragraph 110 of the Complaint.

111.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Complaint.

112.    No response is required for paragraph 112 of the Complaint.

113.    Repeat and reallege each response to paragraphs 1 through 112 above.

114.    Paragraph 114 of the Complaint requires no response because it contains only a conclusion of law; to the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of the Complaint.

115.    Paragraph 115 of the Complaint requires no response because it contains only a conclusion of law; to the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 of the Complaint.

116.    Paragraph 116 of the Complaint requires no response because it contains only a conclusion of law, except admit that Arch seeks a declaration that the Arch Policy does not provide coverage for any loss arising out of the Underlying Matters, and deny that Arch is entitled to such relief.

117.    Repeat and reallege each response to paragraphs 1 through 116 above.

118.    Paragraph 118 of the Complaint requires no response because it contains only a conclusion of law; to the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the Complaint.

119. Paragraph 119 of the Complaint requires no response because it contains only a conclusion of law; to the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of the Complaint.

120. Paragraph 120 of the Complaint requires no response because it contains only a conclusion of law, except admit that Arch seeks a declaration that the Arch Policy does not provide coverage for any loss arising out of the Underlying Matters, and deny that Arch is entitled to such relief.

121. No response is required for paragraph 121 of the Complaint, except deny that the Arch Policy does not provide coverage for any loss arising out of the Underlying Matters.

### FIRST DEFENSE

122. Arch fails to state a claim against Mr. Grant upon which relief can be granted.

### SECOND DEFENSE

123. Upon information and belief, Arch's claims against Mr. Grant are barred, in whole or in part, by the doctrine of laches.

### THIRD DEFENSE

124. Upon information and belief, Arch's claims against Mr. Grant are barred, in whole or in part, by the doctrine of waiver.

### FOURTH DEFENSE

125. Upon information and belief, Arch's claims against Mr. Grant are barred, in whole or in part, by the doctrine of estoppel.

1906844.1

## FIFTH DEFENSE

126.  Upon information and belief, Arch's claims against Mr. Grant are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH DEFENSE

127.  Upon information and belief, Arch's claims against Mr. Grant are barred as a result of Arch's inequitable conduct in connection with its purported denial of coverage under the Arch Policy.

## SEVENTH DEFENSE

128.  Upon information and belief, Arch's claims against Mr. Grant are barred, in whole or in part, by the doctrines of res judicata and collateral estoppel.

1906844.1

## **JURY DEMAND**

Mr. Grant hereby demands trial by jury on all issues in the Complaint so triable.

Dated: August 4, 2008
       New York, New York

**Zuckerman Spaeder LLP**

By: s/ Norman L. Eisen

Norman L. Eisen (admitted *pro hac vice*)
1800 M St., N.W.
Suite 1000
Washington, D.C. 20036
Telephone:   (202) 778-1800
Facsimile:   (202) 822-8106

Laura E. Neish (LN-0040)
1540 Broadway
Suite 1604
New York, New York 10036
Telephone:   (212) 704-9600
Facsimile:   (212) 704-4256

*Attorneys for Defendant Tone N. Grant*