UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

ARCH INSURANCE COMPANY,                    :
                                           :
                    Plaintiff,             :
                                           :
        v.                                 :
                                           :   No. 08-CV-5252 (GEL)
JOHN D. AGOGLIA, PHILLIP R. BENNETT,       :   *Electronically Filed*
LEO R. BREITMAN, EDWIN L. COX,             :
SUKHMEET DHILLON, THOMAS H.                :
DITTMER, NATHAN GANTCHER,                  :
STEPHEN GRADY, TONE GRANT,                 :
THOMAS HACKL, DAVID V. HARKINS,            :
SCOTT L. JAECKEL, DENNIS A. KLEJNA,        :   **ANSWER OF DEFENDANT**
THOMAS H. LEE, ERIC G. LIPOFF, SANTO       :   **PHILIP SILVERMAN**
C. MAGGIO, PETER MCCARTHY, JOSEPH          :
MURPHY, FRANK MUTTERER, RICHARD            :
N. OUTRIDGE, RONALD L. O'KELLEY,           :
SCOTT A. SCHOEN, WILLIAM M. SEXTON,        :
GERALD SHERER, PHILIP SILVERMAN,           :
and ROBERT C. TROSTEN,                     :
                                           :
                    Defendants.            :
                                           :
-----------------------------------------------------------x

        Defendant Philip Silverman, by and through his attorneys, Heller Ehrman LLP, for

his answer to the First Amended Complaint (the "Complaint") of Arch Insurance

Company ("Arch"), dated February 21, 2008, states as follows:

        1.      In response to paragraph 1 of the Complaint, denies that Arch is entitled to

a declaration that the Arch Policy does not afford coverage to Mr. Silverman in

connection with those Underlying Matters to which he is a party; admits that Arch issued

the Arch Policy and that Mr. Silverman has sought coverage under that Policy.

2.      Denies the allegations of paragraph 2 of the Complaint, except admits that Arch filed this suit in state court and had filed a previous suit in state court which was dismissed by Justice Freedman in an opinion dated February 20, 2007, and refers to that opinion for the contents thereof, and admits that underlying insurers have advanced defense costs to their insureds under their policies.

3.      Denies the allegations of paragraph 3 of the Complaint, except refers to Justice Freedman's opinion for the contents thereof, and admits that Bennett, Trosten and Maggio have pled guilty to certain criminal charges asserted against them, and refers to their guilty pleas for the contents thereof.

4.      Paragraph 4 of the Complaint contains legal conclusions that do not require a response; to the extent a response is deemed necessary, Mr. Silverman admits that Arch avers that the Court has jurisdiction to resolve an actual controversy between Arch and the defendants pursuant to the New York Declaratory Judgment Act, but denies that Arch is entitled to a declaratory judgment in its favor.

5.      Paragraph 5 of the Complaint contains legal conclusions that do not require a response; to the extent a response is deemed necessary, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5, except admits that Mr. Silverman was an officer of Refco, he seeks coverage under the Arch Policy in respect of lawsuits brought against him in New York, and he does not contest personal jurisdiction as to him.

6.      Paragraph 6 of the Complaint contains legal conclusions that do not require a response; to the extent a response is deemed necessary, Mr. Silverman denies

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6, except Mr. Silverman does not contest the venue of this action.

7.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 of the Complaint, except admits upon information and belief that Arch is an insurance company.

8.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 of the Complaint, except admits that at various times Agoglia served as an officer of a Refco entity.

9.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9 of the Complaint, except admits that at various times until October 2005 Bennett was the Chairman, President and Chief Executive Officer of Refco.

10.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10 of the Complaint, except admits that at various times Breitman served as a director of Refco.

11.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11 of the Complaint.

12.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12 of the Complaint.

13.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14 of the Complaint, except admits that at various times Gantcher served as a director of Refco.

15.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15 of the Complaint, except admits that at various times Grady served as an officer of a Refco entity.

16.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16 of the Complaint, except admits that at various times Grant served as President of Refco Group Ltd., LLC.

17.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 18 of the Complaint, except admits that at various times Harkins served as a director of Refco.

19.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19 of the Complaint, except admits that at various times Jaeckel served as a director of Refco.

20.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 20 of the Complaint, except admits that at various times Klejna served as Executive Vice President and General Counsel of Refco.

21.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 21 of the Complaint, except admits that at various times Lee served as a director of Refco.

22.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 22 of the Complaint, except admits that at various times Lipoff served as an officer of a Refco entity.

23.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 23 of the Complaint, except admits that at various times Maggio served as an officer of a Refco entity.

24.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 24 of the Complaint, except admits that at various times McCarthy served as an officer of a Refco entity.

25.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 25 of the Complaint, except admits that at various times Murphy served as Executive Vice President of Refco and President of Refco LLC.

26.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 26 of the Complaint, except admits that at various times Mutterer served as Controller of Refco Group Ltd., LLC.

27.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 27 of the Complaint, except admits that at various times Outridge served as Chief Financial Officer of Refco Capital Management.

28.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 28 of the Complaint, except admits that at various times O'Kelley served as a director of Refco.

29.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 29 of the Complaint, except admits that at various times Schoen served as a director of Refco.

30.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 30 of the Complaint, except admits that at various times Sexton served as Executive Vice President and Chief Operating Officer of Refco.

31.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 31 of the Complaint, except admits that at various times Sherer served as Executive Vice President and Chief Financial Officer of Refco.

32.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 32 of the Complaint, except admits that Mr. Silverman served as Secretary of Refco and is a citizen of the State of New Jersey.

33.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 33 of the Complaint, except admits that at various times Trosten served as Executive Vice President and Chief Financial Officer of Refco.

34.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 34 of the Complaint, except admits that the Arch Policy is an excess directors, officers and corporate liability policy with a policy period of August 11, 2005 to August 11, 2006 and a limit of $10 million excess of $40 million in underlying insurance, and refers to the Arch Policy for the contents thereof.

35.     Denies the allegations of paragraph 35 of the Complaint, except admits that U.S. Specialty Insurance Company ("U.S. Specialty"), Lexington Insurance Company ("Lexington"), Axis Reinsurance Company ("Axis"), and Allied World Assurance Company ("AWAC") issued underlying insurance policies to Refco, and refers to these policies for the contents thereof.

36.     Denies the allegations of the first sentence of paragraph 36 of the Complaint, except admits that the Arch Policy "follows form" to the primary policy, and refers to the Arch Policy for the contents thereof; admits that the second sentence of paragraph 36 of the Complaint purports to quote from the Arch Policy, but refers to that Policy for the contents thereof.

37.     Admits that paragraph 37 of the Complaint purports to quote from the U.S. Specialty Policy, but refers to the Arch and the U.S. Specialty policies for the contents thereof.

38.     Admits that paragraph 38 of the Complaint purports to quote from the U.S. Specialty Policy, but refers to the Arch and the U.S. Specialty policies for the contents thereof.

39.     Admits that paragraph 39 of the Complaint purports to quote from the U.S. Specialty Policy, but refers to the Arch and the U.S. Specialty policies for the contents thereof.

40.     Admits that paragraph 40 of the Complaint purports to quote from the U.S. Specialty Policy, but refers to the Arch and the U.S. Specialty policies for the contents thereof.

41.     Admits that paragraph 41 of the Complaint purports to quote from the U.S. Specialty Policy, but refers to the Arch and the U.S. Specialty policies for the contents thereof.

42.     Admits that paragraph 42 of the Complaint purports to quote from the AWAC policy, but refers to the Arch and AWAC policies for the contents thereof.

43.     Admits that paragraph 43 of the Complaint purports to quote from the Arch policy, but refers to that policy for the contents thereof.

44.     Admits that paragraph 44 of the Complaint purports to quote from the Arch policy, but refers to that policy for the contents thereof.

45.     Admits that paragraph 45 of the Complaint refers to the Arch policy and refers to that policy for the contents thereof.

46.     Denies the allegations of paragraph 46 of the Complaint, except admits the allegations contained in the first and second sentences of paragraph 46 and the second and third sentences of footnote 3, and denies knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of paragraph 46.

47.     Admits, upon information and belief, the allegations of paragraph 47 of the Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 48 of the Complaint, except admits upon information and belief that Refco issued a press release on October 10, 2005 and refers to that press release for the contents thereof.

49.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 49 of the Complaint, except admits upon information and belief that Refco issued a press release on October 11, 2005 and refers to that press release for the contents thereof.

50.     Admits, upon information and belief, that Refco filed for Chapter 11 bankruptcy protection on October 17, 2005.

51.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 51 of the Complaint, except admits upon information and belief that a federal grand jury returned an indictment against Bennett, Trosten and Grant on or about January 16, 2007 (the "S3 Indictment") and refers to that indictment for the contents thereof.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint, except admits, upon information and belief, that Bennett and Trosten pled guilty in February 2008 to various federal charges brought against them.

53.     Denies the allegations of paragraph 53 of the Complaint insofar as they are intended to suggest any involvement or culpability by Mr. Silverman relating to the allegations of wrongdoing contained in that paragraph, and refers to the S3 Indictment for the contents thereof.

54.     Denies the allegations of paragraph 54 of the Complaint insofar as they are intended to suggest any involvement or culpability by Mr. Silverman relating to the allegations of wrongdoing contained in that paragraph, and refers to the S3 Indictment for the contents thereof.

55.     Denies the allegations of paragraph 55 of the Complaint insofar as they are intended to suggest any involvement or culpability by Mr. Silverman relating to the allegations of wrongdoing contained in that paragraph, and refers to the S3 Indictment for the contents thereof.

56.     Denies the allegations of paragraph 56 of the Complaint insofar as they are intended to suggest any involvement or culpability by Mr. Silverman relating to the allegations of wrongdoing contained in that paragraph, and refers to the S3 Indictment for the contents thereof.

57.     Denies the allegations of paragraph 57 of the Complaint insofar as they are intended to suggest any involvement or culpability by Mr. Silverman relating to the allegations of wrongdoing contained in that paragraph, and refers to the S3 Indictment for the contents thereof.

58.     Denies the allegations of paragraph 58 of the Complaint insofar as they are intended to suggest any involvement or culpability by Mr. Silverman relating to the

allegations of wrongdoing contained in that paragraph, and refers to the S3 Indictment for the contents thereof.

59.     Denies the allegations of paragraph 59 of the Complaint insofar as they are intended to suggest any involvement or culpability by Mr. Silverman relating to the allegations of wrongdoing contained in that paragraph, and refers to the S3 Indictment for the contents thereof.

60.     Denies the allegations of paragraph 60 of the Complaint insofar as they are intended to suggest any involvement or culpability by Mr. Silverman relating to the allegations of wrongdoing contained in that paragraph; otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 60 of the Complaint, except admits, upon information and belief, that Bennett pled guilty to various federal charges, and refers to the transcript of the February 15, 2008 hearing (the "Bennett Transcript") for the contents thereof.

61.     Denies the allegations of paragraph 61 of the Complaint insofar as they are intended to suggest any involvement or culpability by Mr. Silverman relating to the allegations of wrongdoing contained in that paragraph; otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 61 of the Complaint, except admits, upon information and belief, that Bennett pled guilty to various federal charges, and refers to the Bennett Transcript for the contents thereof.

62.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 62 of the Complaint, except refers to the S3 Indictment for the contents thereof.

63.     Denies the allegations of paragraph 63 of the Complaint insofar as they are intended to suggest any involvement or culpability by Mr. Silverman relating to the allegations of wrongdoing contained in paragraph 63 of the Complaint; otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 63 of the Complaint, except admits, upon information and belief, that Trosten pled guilty to various federal charges, and refers to the transcript of the February 20, 2008 hearing (the "Trosten Transcript") for the contents thereof.

64.     Denies the allegations of paragraph 64 of the Complaint insofar as they are intended to suggest any involvement or culpability by Mr. Silverman relating to the allegations of wrongdoing contained in paragraph 64 of the Complaint; otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 64 of the Complaint, except admits, upon information and belief, that Trosten pled guilty to various federal charges, and refers to the Trosten Transcript for the contents thereof.

65.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 65 of the Complaint, except admits, upon information and belief, that Maggio pled guilty to various federal charges, and refers to the criminal Information brought against Maggio (the "Maggio Information") for the contents thereof.

66.     Denies the allegations of paragraph 66 of the Complaint insofar as they are intended to suggest any involvement or culpability by Mr. Silverman relating to the allegations of wrongdoing contained in paragraph 66 of the Complaint; otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 66 of the Complaint, and refers to the Maggio Information for the contents thereof.

67.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 67 of the Complaint, except refers to the Maggio Information for the contents thereof.

68.     Denies the allegations of paragraph 68 of the Complaint insofar as they are intended to suggest any involvement or culpability by Mr. Silverman relating to the allegations of wrongdoing contained in paragraph 68 of the Complaint; otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 68 of the Complaint, except admits, upon information and belief, that Maggio pled guilty to various federal charges, and refers to the transcript of the December 19, 2007 hearing (the "Maggio Transcript") for the contents thereof.

69.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 69 of the Complaint, except admits, upon information and belief, that Maggio pled guilty to various federal charges, and refers to the Maggio Transcript for the contents thereof.

70.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 70 of the Complaint.

71.     Admits, upon information and belief, that various lawsuits were filed against certain of the defendants beginning on or about October 12, 2005.

72.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 72 of the Complaint, except refers to the complaint filed in *United States v. Bennett*, No. 05-1720 (S.D.N.Y.) (the "Bennett Criminal Complaint") for the contents thereof.

73.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 73 of the Complaint, except refers to the Bennett Criminal Complaint, the referenced Indictments, and the Maggio Information for the contents thereof.

74.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 74 of the Complaint.

75.     Admits, upon information and belief, the allegations of paragraph 75 of the Complaint.

76.     Denies the allegations of paragraph 76 of the Complaint insofar as they are intended to suggest any involvement or culpability by Mr. Silverman relating to the allegations of wrongdoing contained in paragraph 76 of the Complaint, except admits that Mr. Silverman is named as a defendant in the Second Amended Consolidated Class Action Complaint ("SAC"), and refers to the SAC and to the First Amended Consolidated Class Action Complaint for the contents thereof.

77.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 77 of the Complaint, except admits, upon

information and belief, that notice was provided to Arch on behalf of Mr. Silverman of claims asserted against him arising out of his employment with Refco.

78.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 78 of the Complaint.

79.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 79 of the Complaint.

80.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 80 of the Complaint.

81.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 81 of the Complaint.

82.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 82 of the Complaint.

83.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 83 of the Complaint.

84.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 84 of the Complaint.

85.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 85 of the Complaint.

86.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 86 of the Complaint.

87.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 87 of the Complaint.

88.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 88 of the Complaint.

89.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 89 of the Complaint.

90.     Admits, upon information and belief, the allegations of paragraph 90 of the Complaint.

91.     Denies the allegations of paragraph 91 of the Complaint insofar as they are intended to suggest any involvement or culpability by Mr. Silverman relating to the allegations of wrongdoing contained in paragraph 91 of the Complaint; otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 91 of the Complaint, and refers to the second amended complaint for the contents thereof, and admits that Mr. Silverman originally was named as a defendant in the American Financial Action, but states that Mr. Silverman was dismissed as a defendant from that action.

92.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 92 of the Complaint, except admits, upon information and belief, that Mr. Silverman provided notice of the American Financial Action.

93.     Admits, upon information and belief, the allegations of paragraph 93 of the Complaint.

94.     Denies the allegations of paragraph 94 of the Complaint insofar as they are intended to suggest any involvement or culpability by Mr. Silverman relating to the

allegations of wrongdoing contained in paragraph 94 of the Complaint; otherwise denies

knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in paragraph 94 of the Complaint, except refers to the complaints in

the Global Management Litigation for the contents thereof, and admits that

Mr. Silverman originally was named as a defendant in the Global Management

Litigation, but states that Mr. Silverman was dismissed as a defendant from that

litigation.

95.    Denies knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations of paragraph 95 of the Complaint, except admits, upon

information and belief, that Mr. Silverman provided notice of the Global Management

Litigation to Arch.

96.    Denies the allegations of paragraph 96 of the Complaint insofar as they are

intended to suggest any involvement or culpability by Mr. Silverman relating to the

allegations of wrongdoing contained in paragraph 96 of the Complaint; otherwise denies

knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations of paragraph 96 of the Complaint, except admits, upon information and belief,

that on or about October 9, 2007 *VR Global Partners L.P., et al. v. Bennett, et al.*, Case

No. 07-8686 (S.D.N.Y.) and *Capital Management Select Fund Ltd., et al. v. Bennett, et

al.*, Case No. 07-8688 (S.D.N.Y.) were brought against various defendants including

Mr. Silverman and were consolidated with the Global Management Litigation on or

around November 20, 2007, and except admits that Mr. Silverman provided notice of the

VR Global and Capital Management actions to Arch.

97.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 97 of the Complaint.

98.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 98 of the Complaint.

99.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 99 of the Complaint.

100.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 100 of the Complaint.

101.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 101 of the Complaint.

102.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 102 of the Complaint.

103.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 103 of the Complaint.

104.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 104 of the Complaint.

105.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 105 of the Complaint.

106.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 106 of the Complaint.

107.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 107 of the Complaint.

108.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 108 of the Complaint.

109.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 109 of the Complaint.

110.    No response to paragraph 110 of the Complaint is required.

111.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 111 of the Complaint.

112.    No response to paragraph 112 of the Complaint is required.

## COUNT I

113.    Mr. Silverman repeats and realleges his responses to paragraphs 1 through 112 of the Complaint above, inclusive.

114.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 114 of the Complaint.

115.    Denies the allegations of paragraph 115 of the Complaint.

116.    Admits that Arch seeks a declaration that its policy does not provide coverage for Mr. Silverman but denies that Arch is entitled to any such declaration in its favor.

## COUNT II

117.    Mr. Silverman repeats and realleges his responses to paragraphs 1 through 116 of the Complaint above, inclusive.

118.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 118 of the Complaint.

19

119.    Denies the allegations of paragraph 119 of the Complaint.

120.    Admits that Arch seeks a declaration that its policy does not provide coverage for Mr. Silverman but denies that Arch is entitled to any such declaration in its favor.

## OTHER COVERAGE DEFENSES

121.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of allegations of the first sentence of paragraph 121 of the Complaint.  Denies the allegations of the second sentence of Paragraph 121 of the Complaint.

## FIRST DEFENSE

122.    Arch fails to state a claim against Mr. Silverman upon which relief can be granted.

## SECOND DEFENSE

123.    Upon information and belief, Arch's claims against Mr. Silverman are barred, in whole or in part, by the doctrine of laches.

## THIRD DEFENSE

124.    Upon information and belief, Arch's claims against Mr. Silverman are barred, in whole or in part, by the doctrine of waiver.

## FOURTH DEFENSE

125.    Upon information and belief, Arch's claims against Mr. Silverman are barred, in whole or in part, by the doctrine of estoppel.

## FIFTH DEFENSE

126.    Upon information and belief, Arch's claims against Mr. Silverman are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH DEFENSE

127.    Upon information and belief, Arch's claims against Mr. Silverman are barred as a result of Arch's inequitable conduct in connection with its purported denial of coverage under the Arch Policy.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Philip Silverman respectfully requests entry of judgment in his favor as follows:

1.    Dismissing the Complaint with prejudice;

2.    Awarding Defendant his attorneys' fees and costs and disbursements of this action; and

3.    Granting such other and further relief as the Court may deem proper.

## JURY DEMAND

Defendant hereby demands trial by jury on all issues in the Complaint so triable.

Dated:  August 4, 2008              HELLER EHRMAN LLP
        New York, New York


                                    By _____/s/ Richard Cashman_____
                                        Lawrence J. Zweifach
                                        lawrence.zweifach@hellerehrman.com
                                        Richard Cashman
                                        richard.cashman@hellerehrman.com
                                        Eric Creizman
                                        eric.creizman@hellerehrman.com

                                        Times Square Tower
                                        7 Times Square
                                        New York, New York  10036-6524
                                        Tel.: (212) 832-8300
                                        Fax: (212) 763-7600


                                        *Attorneys for Defendant Philip Silverman*

NY 805695 v2