UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

ARCH INSURANCE COMPANY, :
:
Plaintiff, :
:
:
v. :                No. 08-CV-5252 (GEL)
:
JOHN D. AGOGLIA, PHILLIP R. BENNETT, :
LEO R. BREITMAN, EDWIN L. COX, :
SUKHMEET DHILLON, THOMAS H. :
DITTMER, NATHAN GANTCHER, STEPHEN :
GRADY, TONE GRANT, THOMAS HACKL, :
DAVID V. HARKINS, SCOTT L. JAECKEL, :
DENNIS A. KLEJNA, THOMAS H. LEE, :
ERIC G. LIPOFF, SANTO C. MAGGIO, :
PETER MCCARTHY, JOSEPH MURPHY, :
FRANK MUTTERER, RONALD L. O'KELLEY, :
RICHARD N. OUTRIDGE, SCOTT A. :
SCHOEN, WILLIAM M. SEXTON, GERALD :
SHERER, PHILIP SILVERMAN, AND :
ROBERT C. TROSTEN, :
:
Defendants. :

---------------------------------------------------------------x

## DIRECTOR DEFENDANTS' ANSWER TO COMPLAINT
## FOR DECLARATORY JUDGMENT

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
(212) 310-8000

*Attorneys for Defendants Leo R. Breitman,
Nathan Gantcher, David V. Harkins, Scott
L. Jaeckel, Thomas H. Lee, Ronald L.
O'Kelley, and Scott A. Schoen*

Defendants Thomas H. Lee, David V. Harkins, Scott Schoen, Scott L. Jaeckel, Leo R. Breitman, Nathan Gantcher, Ronald L. O'Kelley (the "Director Defendants"), for their Answer to the Complaint for Declaratory Judgment (the "Complaint") filed by Arch Insurance Company ("Arch") respond as follows:

## INTRODUCTION

1.      Admit that Arch issued an excess directors and officers insurance policy to Refco, Inc. ("Refco")[1] with Policy Number DOX0009322-00 ("the Arch Policy") and a policy period of August 11, 2005 to August 11, 2006 (the "Arch Policy Period"), and that several legal and regulatory actions have been initiated against Phillip R. Bennett ("Bennett"), Refco's former Chief Executive Officer, and other former directors and officers of Refco (the "Underlying Matters") and that the Director Defendants have tendered for coverage under the Arch Policy; aver that no response is required to the last sentence in Paragraph 1 as it purports to describe the nature of the relief sought by the Complaint; and otherwise deny the allegations contained in Paragraph 1 of the Complaint.

2.      Admit that on or about March 9, 2006, Arch commenced a declaratory judgment action, *Arch Insurance Co. v. Bennett, et al.*, No. 600805/06 (N.Y. Sup. Ct.) (the "Arch I Action") against certain Insureds in the Supreme Court of the State of New York, County of New York (the "NY Supreme Court") seeking a declaration of no coverage under the Arch Policy, that Arch filed an amended complaint (the "Arch I

---

[1] Refco Group Ltd., LLC and Refco Inc. and their wholly owned subsidiaries and predecessors are collectively referred to herein as "Refco," unless reference to a specific Refco entity is made.  RGHI is excluded from this definition of Refco.

Complaint") on or about June 22, 2006 in the NY Supreme Court, and that the NY

Supreme Court granted the insured parties' motions to dismiss the Arch I Complaint by

Opinion and Order, dated February 20, 2007 (the "February 20, 2007 Opinion and

Order"); refer to the February 20, 2007 Opinion and Order for their true and complete

contents; aver that the allegations contained in sentences 4 and 6 of Paragraph 2

constitute legal conclusions to which no response is required (to the extent a response is

required, deny those allegations as directed to the Director Defendants); deny knowledge

or information sufficient to form a belief as to the truth of the allegations contained in

sentence 5 of this paragraph; and otherwise deny the allegations contained in Paragraph 2

of the Complaint.

3.      Admit that Bennett, Robert C. Trosten ("Trosten"), Refco's former

Vice President and Chief Financial Officer, and Santo C. Maggio ("Maggio"), the former

Chief Executive Officer of Refco Securities and Refco Capital Markets, have pled guilty

to various federal charges; refer to the February 20, 2007 Opinion and Order for their true

and complete contents; and otherwise aver that the allegations contained in Paragraph 3

of the Complaint constitute legal conclusions to which no response is required (to the

extent a response is required, deny those allegations as directed to the Director

Defendants).

## JURISDICTION AND VENUE

4.      Admit that Arch purports to base jurisdiction over the subject

matter of this action on the statutory provision referenced in Paragraph 4 of the

Complaint; and otherwise aver that the allegations contained in Paragraph 4 of the

Complaint constitute legal conclusions to which no response is required.

5.      Admit that Arch purports to base *in personam* jurisdiction over the

Defendants on the statutory provision referenced in Paragraph 5 of the Complaint; and

otherwise aver that the allegations contained in Paragraph 5 of the Complaint constitute

legal conclusions to which no response is required.

6.      Admit that Arch purports to base venue on the statutory provision

referenced in Paragraph 6 of the Complaint; and otherwise aver that the allegations

contained in Paragraph 6 of the Complaint constitute legal conclusions to which no

response is required.

### PARTIES

7.      Admit, on information and belief, that Arch is an insurance

company that is organized and exists under the laws of the state of Missouri with its

principal place of business in New York County, New York.

8.      Deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 8 of the Complaint.

9.      Admit, on information and belief, that Bennett served as President,

Chief Executive Officer, and Chairman of Refco from September 1998, until he took a

leave of absence in October 2005, and then subsequently left the Company; and

otherwise deny the allegations contained in Paragraph 9 of the Complaint.

10.      Admit that Leo R. Breitman ("Breitman") was named to the Board

of Managers and the Audit Committee of New Refco Group Ltd., LLC ("New Refco") in

November 2004 and then in July 2005 to the Board of Directors and Audit Committee of Refco and is a citizen of Florida; and otherwise deny the allegations contained in Paragraph 10 of the Complaint.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.    Admit, on information and belief, that Thomas H. Dittmer served as Chairman of Refco and served as Chief Executive Officer of Refco until in or about October 1998; and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.    Admit that Nathan Gantcher was named to the Board of Managers and the Audit Committee of New Refco in November 2004 and then in July 2005 to the Board of Directors and Audit Committee of Refco and is a citizen of New York; and otherwise deny the allegations contained in Paragraph 14 of the Complaint.

15.    Admit, on information and belief, that Stephen Grady served as Chief Operating Officer of Refco Global Futures LLC; and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.    Admit, on information and belief, that Grant served as President of Refco until in or about September 1998; and otherwise deny knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18.    Admit that David V. Harkins served on New Refco's Board of Managers after Thomas H. Lee Equity Fund V, L.P., Thomas H. Lee Parallel Fund V, L.P. and Thomas H. Lee Equity (Cayman) Fund V, L.P., along with their affiliates and co-investors, acquired approximately 57% of the equity interests in Refco Group Ltd., LLC in August 2004 (the "August 2004 Transaction") through July 2005 and then on Refco's Board of Directors following Refco's initial public offering of its common stock on or about August 11, 2005 (the "IPO"); and otherwise deny the allegations contained in Paragraph 18 of the Complaint.

19.    Admit that Scott L. Jaeckel served on the New Refco Board of Managers following the August 2004 Transaction through July 2005, and then on the Refco Board of Directors following the IPO and is a citizen of Massachusetts; and otherwise deny the allegations contained in Paragraph 19 of the Complaint.

20.    Admit, on information and belief, that Dennis A. Klejna served as Executive Vice President and General Counsel of Refco Group Ltd., LLC at some time relevant to the Complaint; and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.     Admit that Thomas H. Lee served on the New Refco Board of Managers following the August 2004 Transaction through July 2005 and then on the Refco Board of Directors following the IPO and is a citizen of New York; and otherwise deny the allegations contained in Paragraph 21 of the Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.     Admit, on information and belief, that Santo Maggio served as an Executive Vice President of Refco and as President and Chief Executive Officer of Refco Securities, LLC and Refco Capital Markets, Ltd.; and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24.     Admit, on information and belief, that Peter McCarthy served as President of Refco Securities, LLC; and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25.     Admit, on information and belief, that Joseph Murphy served as President of Refco Global Futures LLC during some time relevant to the Complaint and also served as Vice President of Refco Group Ltd., LLC for some of that period; and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28.     Admit, on information and belief, that Ronald L. O'Kelley was named to the Board of Managers and the Audit Committee of New Refco in November 2004 and then in July 2005 to the Board of Directors and Audit Committee of Refco and is a citizen of Florida; and otherwise deny the allegations contained in Paragraph 28 of the Complaint.

29.     Admit that Scott A. Schoen served on the New Refco Board of Managers following the August 2004 Transaction through July 2005 and then on the Refco Board of Directors following the IPO and is a citizen of Massachusetts; and otherwise deny the allegations contained in Paragraph 29 of the Complaint.

30.     Admit, on information and belief, that William M. Sexton served as Executive Vice President and Chief Operating Officer of Refco from on or about August 2004 through at least October 11, 2005; and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31.     Admit, on information and belief, that Gerald Sherer served as Executive Vice President and Chief Financial Officer of Refco from on or about January 2005 through at least October 11, 2005; and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32.    Admit, on information and belief, that Philip Silverman served as Secretary of Refco; and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33.    Admit, on information and belief, that Trosten served as Refco's Chief Financial Officer and Executive Vice President from 2001 until his departure following the August 2004 Transaction; and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

## FACTUAL ALLEGATIONS

34.    Admit that Arch issued an excess directors and officers insurance policy to Refco, Inc. with Policy Number DOX0009322-00 and a policy period of August 11, 2005 to August 11, 2006; refer to the Arch Policy for its true and complete contents; and otherwise deny the allegations contained in Paragraph 34 of the Complaint.

35.    Admit that U.S. Specialty Insurance Company ("U.S. Specialty"), Lexington Insurance Company ("Lexington"), Axis Reinsurance Company ("Axis"), Allied World Assurance Company ("Allied World"), and Arch Insurance Company ("Arch") each issued insurance policies to Refco; refer to the U.S. Specialty, Lexington, Axis, Allied World, and Arch policies for their true and complete contents; and otherwise deny the allegations contained in Paragraph 35 of the Complaint.

36.    Refer to the Arch Policy for its true and complete contents; and otherwise aver that the allegations contained in Paragraph 36 of the Complaint constitute

8

legal conclusions to which no response is required (to the extent a response is required, deny those allegations as directed to the Director Defendants).

37.    Refer to the Arch Policy for its true and complete contents; and otherwise aver that the allegations contained in Paragraph 37 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, deny those allegations as directed to the Director Defendants).

38.    Refer to the Arch Policy for its true and complete contents; and otherwise aver that the allegations contained in Paragraph 38 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, deny those allegations as directed to the Director Defendants).

39.    Refer to the Arch Policy for its true and complete contents; and otherwise aver that the allegations contained in Paragraph 39 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, deny those allegations as directed to the Director Defendants).

40.    Refer to the Arch Policy for its true and complete contents; and otherwise aver that the allegations contained in Paragraph 40 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, deny those allegations as directed to the Director Defendants).

41.    Refer to the Arch Policy for its true and complete contents; and otherwise aver that the allegations contained in Paragraph 41 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, deny those allegations as directed to the Director Defendants).

42.    Refer to the Allied World Policy for its true and complete contents; and otherwise deny the allegations contained in Paragraph 42 of the Complaint.

43.    Refer to the Arch Policy for its true and complete contents; and otherwise deny the allegations contained in Paragraph 43 of the Complaint.

44.    Refer to the Arch Policy for its true and complete contents; and otherwise deny the allegations contained in Paragraph 44 of the Complaint.

45.    Refer to the Arch Policy for its true and complete contents; admit that the terms of the Arch policy are implicated by this action; and otherwise deny the allegations contained in Paragraph 45 of the Complaint.

46.    Admit, on information and belief, that U.S. Specialty advanced defense costs to certain of the Defendants, on an as-incurred basis, until such time as its policy was exhausted, that Lexington advanced defense costs to certain of the Defendants, on an as-incurred basis, until such time as its policy was exhausted, that Axis advanced defense costs to certain of the Defendants, until such time as its policy was exhausted; deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in sentence 3 of Paragraph 46 of the Complaint; aver that the allegations contained in sentence 4 of Paragraph 46 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, deny those allegations as directed to the Director Defendants).

**The Events at Refco**

47.    Admit the allegations contained in Paragraph 47 of the Complaint.

48.    Admit that, on October 10, 2005, Refco issued a press release (the "October 10, 2005 Press Release"); refer to the October 10, 2005 Press Release for its true and complete contents; and otherwise deny the allegations contained in Paragraph 50 of the Complaint.

49.    Admit that, on October 11, 2005, Refco issued a press release (the "October 11, 2005 Press Release"); refer to the October 11, 2005 Press Release for its true and complete contents; and otherwise deny the allegations contained in Paragraph 51 of the Complaint.

50.    Admit the allegations contained in Paragraph 50 of the Complaint.

51.    Admit that, on January 16, 2007, a superseding indictment was returned against Bennett, Trosten, and Grant (the "January 16, 2007 Indictment"); refer to the January 16, 2007 Indictment for its true and complete contents (a copy of which Arch purports to attach to the Complaint as Exhibit F); and otherwise deny the allegations contained in Paragraph 51 of the Complaint.

52.    Admit that on February 15, 2008, Bennett pled guilty to the charges asserted against him in the January 16, 2007 Indictment and that on February 20, 2008, Trosten pled guilty to certain of the charges asserted against him in the January 16, 2007 Indictment; and otherwise deny the allegations contained in Paragraph 52 of the Complaint.

53.    Refer to the January 16, 2007 Indictment for its true and complete contents; aver that Bennett and his co-conspirators engaged in a fraudulent scheme designed to hide Refco's true financial condition; deny any involvement in, or knowledge

of, that scheme; and otherwise deny the allegations contained in Paragraph 53 of the Complaint.

54.     Refer to the January 16, 2007 Indictment for its true and complete contents; aver that Bennett and his co-conspirators engaged in a fraudulent scheme designed to hide Refco's true financial condition; deny any involvement in, or knowledge of, that scheme; and otherwise deny the allegations contained in Paragraph 54 of the Complaint.

55.     Refer to the January 16, 2007 Indictment for its true and complete contents; aver that Bennett and his co-conspirators engaged in a fraudulent scheme designed to hide Refco's true financial condition; deny any involvement in, or knowledge of, that scheme; and otherwise deny the allegations contained in Paragraph 55 of the Complaint.

56.     Refer to the January 16, 2007 Indictment for its true and complete contents; aver that Bennett and his co-conspirators engaged in a fraudulent scheme designed to hide Refco's true financial condition; deny any involvement in, or knowledge of, that scheme; and otherwise deny the allegations contained in Paragraph 56 of the Complaint.

57.     Refer to the January 16, 2007 Indictment for its true and complete contents; aver that Bennett and his co-conspirators engaged in a fraudulent scheme designed to hide Refco's true financial condition; deny any involvement in, or knowledge of, that scheme; and otherwise deny the allegations contained in Paragraph 57 of the Complaint.

58.     Refer to the January 16, 2007 Indictment for its true and complete contents; aver that Bennett and his co-conspirators engaged in a fraudulent scheme designed to hide Refco's true financial condition; deny any involvement in, or knowledge of, that scheme; and otherwise deny the allegations contained in Paragraph 58 of the Complaint.

59.     Refer to the January 16, 2007 Indictment for its true and complete contents; aver that Bennett and his co-conspirators engaged in a fraudulent scheme designed to hide Refco's true financial condition; deny any involvement in, or knowledge of, that scheme; and otherwise deny the allegations contained in Paragraph 59 of the Complaint.

60.     Admit that on February 15, 2008, Bennett pled guilty to the charges asserted against him in the January 16, 2007 Indictment; aver that Bennett and his co-conspirators engaged in a fraudulent scheme designed to hide Refco's true financial condition; deny any involvement in, or knowledge of, that scheme; refer to the January 16, 2007 Indictment and the transcript of the February 15, 2008 hearing ("February 15, 2008 Plea Transcript") (a copy of which Arch purports to attach to the Complaint as Exhibit G ) for their true and complete contents; and otherwise deny the allegations contained in Paragraph 60 of the Complaint.

61.     Refer to the February 15, 2008 Plea Transcript for its true and complete contents; aver that Bennett and his co-conspirators engaged in a fraudulent scheme designed to hide Refco's true financial condition; deny any involvement in, or

knowledge of, that scheme; and otherwise deny the allegations contained in Paragraph 61 of the Complaint.

62.     Refer to the January 16, 2007 Indictment for its true and complete contents; aver that Bennett and his co-conspirators engaged in a fraudulent scheme designed to hide Refco's true financial condition; deny any involvement in, or knowledge of, that scheme; and otherwise deny the allegations contained in Paragraph 62 of the Complaint.

63.     Admit that on February 20, 2008, Trosten pled guilty to certain of the charges asserted against him in the January 16, 2007 Indictment; refer to the transcript of the February 20, 2008 hearing ("February 20, 2008 Plea Transcript") (a copy of which Arch purports to attach to the Complaint as Exhibit H), for its true and complete contents; aver that Bennett and his co-conspirators engaged in a fraudulent scheme designed to hide Refco's true financial condition; deny any involvement in, or knowledge of, that scheme; and otherwise deny the allegations contained in Paragraph 63 of the Complaint.

64.     Refer to the February 20, 2008 Plea Transcript for its true and complete contents; and otherwise deny the allegations contained in Paragraph 64 of the Complaint.

65.     Admit that on December 19, 2007, Maggio pled guilty to a four-count criminal information (the "Maggio Information") (a copy of which Arch purports to attach to the Complaint as Exhibit I); refer to the transcript of the December 19, 2007 hearing ("December 19, 2007 Plea Transcript") (a copy of which Arch purports to attach

to the Complaint as Exhibit J), for its true and complete contents; aver that Bennett and his co-conspirators engaged in a fraudulent scheme designed to hide Refco's true financial condition; deny any involvement in, or knowledge of, that scheme; and otherwise deny the allegations contained in Paragraph 65 of the Complaint.

66.    Refer to the documents cited for their true and complete contents; aver that Bennett and his co-conspirators engaged in a fraudulent scheme designed to hide Refco's true financial condition; deny any involvement in, or knowledge of, that scheme; and otherwise deny the allegations contained in Paragraph 66 of the Complaint.

67.    Refer to the Maggio Information for its true and complete contents; aver that Bennett and his co-conspirators engaged in a fraudulent scheme designed to hide Refco's true financial condition; deny any involvement in, or knowledge of, that scheme; and otherwise deny the allegations contained in Paragraph 67 of the Complaint.

68.    Admit that on December 19, 2007, Maggio pled guilty to the charges set forth in the Maggio Information; aver that Bennett and his co-conspirators engaged in a fraudulent scheme designed to hide Refco's true financial condition; deny any involvement in, or knowledge of, that scheme; refer to the December 19, 2007 Plea Transcript for its true and complete contents; and otherwise deny the allegations contained in Paragraph 68 of the Complaint.

69.    Refer to the December 19, 2007 Plea Transcript for its true and complete contents; and otherwise deny the allegations contained in Paragraph 69 of the Complaint.

70.    Aver that the allegations contained in Paragraph 70 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, deny those allegations as directed to the Director Defendants).

**The Underlying Matters**

71.    Admit that various lawsuits have been filed against one or more of the Defendants; and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72.    Refer to the docket in *United States v. Bennett*, No. 05-1720 (S.D.N.Y.) (the "Bennett Criminal Complaint"), for the filing date; and otherwise deny the allegations contained in Paragraph 72 of the Complaint.

73.    Aver that Bennett, his co-conspirators (including, on information and belief, Robert Trosten, Tone Grant, BAWAG, and Santo Maggio) and those acting on his or their behalf, engaged in a fraudulent scheme designed to hide Refco's true financial condition; deny any involvement in, or knowledge of, that scheme; admit that Bennett, Trosten and Grant have been indicted by a federal grand jury in New York for their involvement in the fraudulent scheme; refer to the documents cited for their true and complete contents; and otherwise deny the allegations contained in Paragraph 73 of the Complaint.

74.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint.

75.    Admit that numerous putative securities fraud class action lawsuits were filed against one or more of the Defendants, all of which have been consolidated

before the Honorable Gerard E. Lynch under the caption *In re Refco, Inc. Securities Litigation* (Case No. 05-8626) (the "Securities Litigation"); refer to the Securities Litigation docket for a true and complete list of all consolidated actions and the dates of the filings of each pleading; and otherwise deny the allegations contained in Paragraph 75 of the Complaint.

76.     Refer to the First Amended Consolidated Class Action Complaint and Second Amended Consolidated Class Action Complaint for their true and complete contents and a complete list of defendants in the Securities Litigation; and otherwise deny the allegations contained in Paragraph 76 of the Complaint.

77.     Admit that the Director Defendants have tendered for coverage under the Arch Policy; and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint.

78.     Aver that the purported shareholder derivative complaints in *David Fine v. Bennett, et al.*, 05-CV-8701 (S.D.N.Y.), and *Mehta v. Bennett, et al.*, 05-CV-8748 (S.D.N.Y.) (the "Derivative Action complaints"), were dismissed for failure to prosecute on March 9, 2006 (Docket Entries Nos. 6, respectively); refer to the Derivative Action complaints for a complete list of defendants; and otherwise deny the allegations contained in Paragraph 78 of the Complaint.

79.     Refer to the Derivative Action complaints for their true and complete contents; and otherwise deny the allegations contained in Paragraph 79 of the Complaint.

80.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint.

81.    Refer to the docket and the complaint in *BAWAG P.S.K. Bank v. Refco, Inc., et al.*, 05-03161-RDD (Bankr. S.D.N.Y.) (the "BAWAG Complaint") for a complete list of defendants and for the filing date; and otherwise deny the allegations contained in Paragraph 81 of the Complaint.

82.    Refer to the BAWAG Complaint for its true and complete contents; and otherwise deny the allegations contained in Paragraph 82 of the Complaint.

83.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint.

84.    Refer to the docket in *Thomas H. Lee Equity Fund L.P., et al. v. Bennett*, et al., 05-CV-9608 (S.D.N.Y.) (the "THL Bennett Complaint"), for the filing date; refer to the THL Bennett Complaint for a complete list of defendants named in that action; and otherwise deny the allegations contained in Paragraph 84 of the Complaint.

85.    Aver that the THL Bennett Complaint alleges that Bennett, his co-conspirators and others acting on his or their behalf made material misrepresentations and omitted to disclose material facts to Thomas H. Lee Equity Fund V, L.P., Thomas H. Lee Parallel Fund V, L.P. and Thomas H. Lee Equity (Cayman) Fund V, L.P. and their representatives and affiliates, including in connection with the August 2004 Transaction and IPO; refer to the THL Bennett Complaint for its true and complete contents; and otherwise deny the allegations contained in Paragraph 85 of the Complaint.

86.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint.

87.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint.

88.    Refer to the docket in *Unovalores v. Bennett*, No. L1564-05 (Sup. Ct. of New Jersey, Somerset County, Law Division) for the filing date; refer to the complaint in that action for its true and complete contents; and otherwise deny the allegations contained in Paragraph 88 of the Complaint.

89.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint.

90.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint.

91.    Refer to the docket in *American Financial International Group v. Refco, et al.*, 05-CV-8988 (S.D.N.Y.) for the filing date; refer to the complaint in that action for its true and complete contents, including the identity of the plaintiff in that action, the nature of the action, and a complete list of defendants; and otherwise deny the allegations contained in Paragraph 91 of the Complaint.

92.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint.

93.    Refer to the docket in *Global Management Worldwide Limited v. Philip Bennett, et al., (In re Refco Capital Markets)*, 06-CV-0643 (S.D.N.Y.) for the

dates on which plaintiffs' pleadings were filed; and otherwise deny the allegations contained in Paragraph 93 of the Complaint.

94.    Refer to the complaint filed in *In re Refco Capital Markets* for its true and complete contents; and otherwise deny the allegations contained in Paragraph 94 of the Complaint.

95.    Admit that the Director Defendants have tendered for coverage under the Arch Policy; and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint.

96.    Refer to the dockets in *VR Global Partners L.P., et al. v. Bennett, et al.*, 07-CV-8686 (S.D.N.Y.) and *Capital Management Select Fund Ltd., et al. v. Bennett, et al.*, 07-CV-8688 (S.D.N.Y.) (collectively, the "RCM Securities Complaints") for the dates on which plaintiffs' pleadings were filed; admit that the RCM Securities Complaints were consolidated by order dated November 20, 2007, before the Honorable Gerard E. Lynch under the caption *In re Refco Capital Markets, Ltd. Brokerage Customer Securities Litigation*, 05-CV-643 (S.D.N.Y.); admit that the Director Defendants have tendered for coverage under the Arch Policy; refer to the RCM Securities Complaints for their true and complete contents, including a complete list of defendants; and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint.

97.    Refer to the docket in *Kirschner v. Thomas H. Lee Partners, L.P.*, 07-CV-7074 (S.D.N.Y.) for the filing date; and otherwise deny the allegations in contained in Paragraph 97 of the Complaint.

98.    Refer to the complaint in *Kirschner v. Thomas H. Lee Partners, L.P.* for its true and complete contents, including the identity of the plaintiff and a complete list of defendants; and otherwise deny the allegations contained in Paragraph 98 of the Complaint.

99.    Admit that the Director Defendants have tendered for coverage under the Arch Policy; and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint.

100.    Refer to the docket in *Kirschner v. Grant Thornton LLP, et al.*, No. 2007L008818 (Cook County, Ill.) (the "Trustee v. Grant Thornton Complaint") for the dates on which plaintiffs' pleadings were filed; and otherwise deny the allegations contained in Paragraph 100 of the Complaint.

101.    Refer to the Trustee v. Grant Thornton Complaint for its true and complete contents, including a complete list of the defendants in that action; and otherwise deny the allegations contained in Paragraph 101 of the Complaint.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint.

103.    Refer to the complaint in *Kirschner v. Agoglia, et al.*, Adv. Pro. No. 07-3060 (Bankr. S.D.N.Y.) (the "Kirschner v. Agoglia Complaint") for the filing date; and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint.

104.    Refer to the Kirschner v. Agoglia Complaint for its true and complete contents; and otherwise deny the allegations contained in Paragraph 104 of the Complaint.

105.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint.

106.    Refer to the docket in *Kirschner v. Thomas Hackl, et al.*, 07-CV-9238 (S.D.N.Y.) for the filing date; and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint.

107.    Refer to the complaint in *Kirschner v. Thomas Hackl, et al.*, 07-CV-9238 (S.D.N.Y.), for its true and complete contents; and otherwise deny the allegations contained in Paragraph 107 of the Complaint.

108.    Refer to the docket in *Kirschner v. Bennett, et al.*, Case No. 602869 (New York County, New York), for the filing date; and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Complaint.

109.    Refer to the complaint in *Kirschner v. Bennett, et al.*, 07-CV-8165 (S.D.N.Y.), for its true and complete contents; and otherwise deny the allegations contained in Paragraph 109 of the Complaint.

110.    Aver that the allegations contained in Paragraph 110 of the Complaint constitute allegations to which no response is required.

111.    Admit on information and belief that various governmental investigations related to Refco were commenced; and otherwise deny the allegations contained in Paragraph 111 of the Complaint.

112.    Aver that the allegations contained in Paragraph 112 of the Complaint constitute allegations to which no response is required.

## COUNT I

113.    Incorporate by reference each of the responses to Paragraph 1 through 112 of the Complaint as if fully set forth herein.

114.    Aver that the allegations contained in Paragraph 114 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, deny those allegations as directed to the Director Defendants).

115.    Aver that the allegations contained in Paragraph 115 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, deny those allegations as directed to the Director Defendants).

116.    Aver that Arch purports to describe the nature of the relief sought in Count I of the Complaint; and otherwise aver the allegations contained in Paragraph 116 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, deny those allegations as directed to the Director Defendants).

## COUNT II

117.    Incorporate by reference each of the responses to Paragraphs 1 through 116 of the Complaint as if fully set forth herein.

23

118.    Aver that the allegations contained in Paragraph 118 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, deny those allegations as directed to the Director Defendants).

119.    Aver that the allegations contained in Paragraph 118 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, deny those allegations as directed to the Director Defendants).

120.    Aver that Arch purports to describe the nature of the relief sought in Count II of the Complaint; and otherwise aver the allegations contained in Paragraph 120 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, deny those allegations as directed to the Director Defendants).

## OTHER COVERAGE DEFENSES

121.    Admit that various provisions of the Arch policy are implicated by this action; and otherwise aver that the allegations contained in Paragraph 121 of the Complaint constitute allegations to which no response is required (to the extent a response is required, deny those allegations as directed to the Director Defendants).

## GENERAL DENIAL

With respect to the Complaint in its entirety, the Director Defendants deny that they possessed knowledge of facts, situations and/or circumstances that might afford grounds for a Claim under the Arch Policy at or prior to the Arch Policy's inception on August 11, 2005.  The Director Defendants further deny that the knowledge of any other defendant affords Arch a basis to deny coverage to the Director Defendants under the

terms of the contract of insurance between Arch and the Insureds. Except as expressly admitted above, all allegations addressed, referring or relating in any way to the Director Defendants are denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Complaint and without admitting or suggesting that the Director Defendants bear the burden of proof on any of the following issues, as separate and independent defenses and/or affirmative defenses, the Director Defendants state as follows:

## FIRST DEFENSE

The Complaint fails to state a claim against the Director Defendants upon which relief may be granted.

## SECOND DEFENSE

The relief sought by Arch is barred, in whole or in part, by the doctrines of laches, waiver, estoppel, unclean hands and/or other related equitable doctrines.

***

WHEREFORE, the Director Defendants respectfully request entry of judgment as follows:

1.      For a judgment and decree dismissing all counts of the Complaint with prejudice; and

2.      For a judgment and decree awarding the Director Defendants their expenses and costs incurred in this action, including attorneys' fees; and

3.      For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

The Director Defendants hereby demand trial by jury on all issues in the Complaint so triable.

Dated:  August 4, 2008
        New York, New York

                        WEIL, GOTSHAL & MANGES LLP


                        s/ Michael F. Walsh
                        Greg A. Danilow
                        Michael F. Walsh
                        767 Fifth Avenue
                        New York, New York 10153
                        (212) 310-8000

                        *Attorneys for Defendants Leo R. Breitman,*
                        *Nathan Gantcher, David V. Harkins, Scott*
                        *L. Jaeckel, Thomas H. Lee, Ronald L.*
                        *O'Kelley, and Scott A. Schoen*