**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

|  |  |  |
|---|---|---|
| | ) | |
| **ARCH INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 08-CIV-5252 (GEL)** |
| | ) | **ECF Case** |
| **JOHN D. AGOGLIA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

_____

## INSUREDS' STATEMENT OF ADDITIONAL MATERIAL FACTS
## AND RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL
## FACTS SUBMITTED ON BEHALF OF ARCH INSURANCE COMPANY

KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone: (310) 788-4525

   -and-

575 Madison Avenue
New York, NY 10022-2585
Telephone: (212) 940-8834

*Attorneys for Defendant*
*Dennis A. Klejna*

PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036-8299
Telephone: (212) 969-3000

*Attorneys for Defendant Richard N.*
*Outridge*

FRIEDMAN & WITTENSTEIN
A Professional Corporation
600 Lexington Avenue
New York, NY 10022
Telephone: (212) 750-8700

*Attorneys for Defendants*
*William M. Sexton and Gerald M.*
*Sherer*

HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, NY 10036-6524
Telephone: (212) 832-8300

*Attorneys for Defendant Philip*
*Silverman*

GAGE SPENCER & FLEMING,
LLP
410 Park Avenue, 9th Floor
New York, New York 10022
Telephone: (212) 768-4900

*Attorneys for Defendants John D.*
*Agoglia and Peter McCarthy*

WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000

*Attorneys for Defendants Leo R.*
*Breitman, Nathan Gantcher, David*
*V. Harkins, Scott L. Jaeckel, Thomas*
*H. Lee, Ronald L. O'Kelley and*
*Scott A. Schoen*

SAUL EWING LLP
245 Park Avenue, 24th Floor
New York, New York 10167
Telephone: (212) 672-1996

*Attorneys for Defendant Joseph*
*Murphy*

Pursuant to Rule 56.1 of the Local Rules for the Southern District of New York, Defendants Dennis A. Klejna, William M. Sexton, Gerald Sherer, Joseph Murphy, Richard N. Outridge, Philip Silverman, Leo R. Breitman, Nathan Gantcher, David V. Harkins, Scott L. Jaeckel, Thomas H. Lee, Ronald L. O'Kelley and Scott A. Schoen, John D. Agoglia, and Peter McCarthy (collectively, "the Insureds") respectfully submit the following Statement of Additional Material Facts and Response to Statement of Undisputed Material Facts submitted on behalf of Arch Insurance Co. ("Arch"). Except as expressly indicated herein, the Insureds response of "Not Controverted" to any alleged fact should be construed as a response only for the purpose of responding to this motion and should not be taken as an admission of fact in any litigation other than the above-captioned action.

**A.      Response to Arch Rule 56.1 Statement**

**The Arch Policy**

　　　　1.      Arch issued an excess directors, officers and corporate liability policy to Refco, Inc. ("Refco"). The Arch Policy has a limit of liability of $10 million excess of $40 million in underlying insurance. *See* IJX 30 to Declaration of John H. Eickemeyer ("Eickemeyer Decl.").[1]

　　　　　　　　**Not Controverted for purposes of this motion.**

　　　　2.      Various other insurers issued underlying insurance policies to Refco. U.S. Specialty Insurance Company issued a primary policy with limits of $10 million excess of applicable retentions (the "Primary Policy"). *See* IJX 26 to Eickemeyer Decl.

　　　　　　　　**Not Controverted for purposes of this motion.**

---

[1] The designation "IJX" ("Insurers' Joint Exhibits") refers to those exhibits relied upon by the insurers in the actions *XL Specialty Insurance Company v. Agoglia, et al.*, No. 08-civ-3821 (GEL) (S.D.N.Y.), *Murphy, et al. v. Allied World Assurance Co. (U.S.), Inc. and Arch Ins. Co.*, No. 08-Civ-4196 (GEL), and the instant action. True and

3.      Lexington Insurance Company issued a first excess policy with limits of $7.5 million excess of $10 million (the "Lexington Policy").  *See* IJX 27 to Eickemeyer Decl.

**Not Controverted for purposes of this motion.**

4.      Axis Reinsurance Company issued a second excess policy with limits of $10 million excess of $17.5 million (the "Axis Policy").  *See* IJX 28 to Eickemeyer Decl.

**Not Controverted for purposes of this motion**

5.      Allied World Assurance Company issued a third excess policy with limits of $12.5 million excess of $27.5 million (the "AWAC Policy").  *See* IJX 29 to Eickemeyer Decl.

**Not Controverted for purposes of this motion.**

6.      In general, the Arch Policy applies in conformance with the terms and conditions of the Primary Policy and in conformance with the terms and conditions of the Arch Policy or any other underlying insurance "further limiting or restricting coverage."  Arch Policy, IJX 30, Section I.C.  The Arch Policy specifically provides that "[i]n no event shall this Policy grant broader coverage than that provided by the most restrictive policy included in the Underlying Insurance." *Id*.

**Not Controverted for purposes of this motion.**

7.      The Arch Policy contains the following provision:

> If *any* Insured as of August 11, 2005 has any knowledge of or information concerning any act, error, omission, fact, matter or circumstance that might give rise to a Claim under this Policy, the[] Insurer shall not be liable to make any payment under this Policy as a result of a Claim arising out of, based upon or

correct copies of the IJX exhibits have been filed in the XL Specialty action and are incorporated by reference into the Eickemeyer Declaration.

> attributable to any such act, error, omission, fact, matter or circumstance.

Arch Policy, IJX 30, Endorsement No. 4 (the "Arch Prior Knowledge Exclusion") (emphasis added). The inclusion of the Arch Prior Knowledge Exclusion in the Arch Policy is consistent with the binder Arch issued to Refco. *See* Ex. J to Eickemeyer Decl.

**Not Controverted for purposes of this motion.**

8.     The AWAC Policy contains the following exclusion:

> the Insurer shall not be liable for Loss in connection with any claim or claims made against the Insureds . . . alleging, arising out of, based upon, in consequence of, or attributable to facts or circumstances of which ***any*** Insured had knowledge as of inception and (i) which a reasonable person would suppose might afford valid grounds for a claim which would fall within the scope of the coverage hereunder, or (ii) which indicate the probability of any such claim.

AWAC Policy, IJX 29, Endorsement No. 3 (the "AWAC Prior Knowledge Exclusion") (emphasis added). The inclusion of the AWAC Prior Knowledge Exclusion in the AWAC Policy is consistent with the binder AWAC issued to Refco. *See* Ex. K to Eickemeyer Decl.

**Controverted. It is not controverted that the AWAC Policy, when issued in March 2006, included the AWAC Prior Knowledge Exclusion. However, the AWAC Prior Knowledge Exclusion was not contained in the Quote Confirmation or Policy Binder that AWAC issued to Refco, and there are questions of material fact as to whether AWAC, and thus Arch as well, may rely on the AWAC Prior Knowledge Exclusion. *See* Insureds Statement of Additional Material Facts and Response to Statement of Undisputed Material Fact Submitted on Behalf of Allied World Assurance Company (U.S.), Inc. ("Response to AWAC Rule 56.1 Statement") (filed simultaneously herewith in opposition to AWAC's**

3

motion for summary judgment), at Responses 13-14 and 20-21, and evidence cited to therein.

**The Underlying Matters**

9.      Refco conducted its initial public offering on August 11, 2005.  The Arch Policy and the AWAC Policy incepted the same day.  *See* IJX 29, 30 to Eickemeyer Decl.

        **Not Controverted for purposes of this motion.**

10.      On October 10, 2005, Refco issued a press release announcing that the public should not rely upon certain of Refco's financial statements included in its initial public offering registration statement and prospectus because it had been carrying an undisclosed receivable of $430 million from an entity controlled by its CEO Phillip Bennett.  *See* "Refco Announces Undisclosed Affiliate Transaction" (Oct. 10, 2005), Ex. A to Eickemeyer Decl.

        **Not Controverted that on October 10, 2005, Refco issued a press release, and refer to that press release for its true and complete contents.**

11.      On October 11, 2005, Refco issued a second press release, stating that "the Company believes that the receivable consisted in major part of uncollectible historical obligations owed by unrelated third parties to the Company, that arose as far back as at least 1998.  These obligations were transferred periodically to the entity controlled by Mr. Bennett, and the Company's books and records then reflected a receivable from that entity, rather than a receivable from the originating accounts.  The fact that the receivable was from a company controlled by Mr. Bennett was hidden at the end of quarterly and annual reporting periods."  *See* "Refco Supplements Prior Disclosure" (Oct. 11, 2005), Ex. B to Eickemeyer Decl.

4

**Not Controverted that on October 11, 2005, Refco issued a press release, and refer to that press release for its true and complete contents.**

12.    On October 17, 2005, Refco filed for Chapter 11 bankruptcy protection. *See* Voluntary Chapter 11 Petition, *In re Refco, Inc.*, No. 05-60006 (RDD) (Bankr. S.D.N.Y. Oct. 17, 2005).

**Not Controverted for purposes of this motion.**

13.    Following Refco's October announcements, numerous lawsuits were filed against the former directors and officers of Refco.  The lawsuits include *United States v. Bennett, et al.*, No. 05-1192 (S.D.N.Y.) (the "Criminal Action"); *In re Refco, Inc. Securities Litigation*, No. 05-8626 (S.D.N.Y.) (the "Securities Litigation"); *Thomas H. Lee Equity Fund V, L.P. v. Bennett, et al.*, No. 05-9608 (S.D.N.Y.) (the "TH Lee Action"); *American Financial International Group v. Bennett et al.*, No. 05-8988 (S.D.N.Y.) (the "American Financial Action"); *In re Refco Capital Markets Ltd. Brokerage Customer Securities Litigation*, No. 06-643 (S.D.N.Y.) (the "RCM Action"); *VR Global Partners L.P. v. Bennett et al.*, No. 07-8686 (S.D.N.Y.) (the "VR Global Partners Action"); *Capital Management Select Fund Ltd. v. Bennett et al.*, No. 07-8688 (S.D.N.Y.) (the "Capital Management Action"); *Kirschner v. Thomas H. Lee Partners, L.P. et al.*, No. 07-7074 (S.D.N.Y.) (the "TH Lee Trustee Action"); *Kirschner v. Grant Thornton LLP et al.*, No. 07-11604 (S.D.N.Y.) (the "Grant Thornton Trustee Action"); *Kirschner v. Agoglia , et al.*, No. 05-60006, Adv. Pro. No. 07-3060 (Bankr. S.D.N.Y.) (the "Agoglia Action"); and *Krys, et al. v. Sugrue, et al.*, No. 08-3065 (GEL) (S.D.N.Y.), No. 08-3086 (GEL) (S.D.N.Y.) (the "Sphinx Action"). *See* IJX 1, 2, 4, 6, 7, 9, 11, 12, 14, 16, 18-19 to Eickemeyer Decl. Collectively, these actions are referenced herein as the "Underlying Matters."

**Not Controverted for purposes of this motion.**

14.      Grant is the only defendant seeking coverage under the Arch Policy for the Criminal Action.  The operative pleading is the S4 Indictment.  *See* IJX 19 to Eickemeyer Decl.

**Not Controverted for purposes of this motion.**

15.      The defendants seeking coverage under the Arch Policy for the Securities Litigation include Breitman, Gantcher, Grant, Harkins, Jaeckel, Klejna, Lee, Murphy, O'Kelley, Schoen, Sexton, Sherer, and Silverman.  The operative pleading is the second amended complaint.  *See* IJX 1 to Eickemeyer Decl.

**Not Controverted for purposes of this motion.**

16.      Grant is the only defendant seeking coverage under the Arch Policy for the T.H. Lee Action.  The initial complaint is the operative pleading.  *See* IJX 14 to Eickemeyer Decl.

**Not Controverted for purposes of this motion.**

17.      The defendants seeking coverage under the Arch Policy for the American Financial Action include Mutterer, Sexton and Sherer.  The operative pleading is the third amended complaint.  *See* IJX 2 to Eickemeyer Decl.

**Not Controverted for purposes of this motion.**

18.      The defendants seeking coverage under the Arch Policy for the RCM Action include Grant, Harkins, Jaeckel, Lee, Outridge and Schoen.  The operative pleading is the second amended complaint.  *See* IJX 6 to Eickemeyer Decl.

**Not Controverted for purposes of this motion.**

6

19.     The defendants seeking coverage under the Arch Policy for the V.R. Global Partners Action include Sexton, Murphy, Silverman, Outridge, Lee, Harkins, Jaeckel and Schoen. The initial complaint is the operative pleading. *See* IJX 16 to Eickemeyer Decl.

**Not Controverted for purposes of this motion.**

20.     The defendants seeking coverage under the Arch Policy for the Capital Management Action include Sexton, Murphy, Silverman, Outridge, Lee, Harkins, Jaeckel and Schoen. The initial complaint is the operative pleading. *See* IJX 4 to Eickemeyer Decl.

**Not Controverted for purposes of this motion.**

21.     The defendants seeking coverage under the Arch Policy for the T.H. Lee Trustee Action include Harkins, Jaeckel, Lee and Schoen. The initial complaint is the operative pleading. *See* IJX 11 to Eickemeyer Decl.

**Not Controverted for purposes of this motion.**

22.     The only defendant presently seeking coverage under the Arch Policy for the Grant Thornton Trustee Action is Grant. The initial complaint is the operative pleading. *See* IJX 9 to Eickemeyer Decl.

**Not Controverted for purposes of this motion.**

23.     The defendants presently seeking coverage under the Arch Policy for the Agoglia Action include Agoglia, Dhillon, Grant, Lipoff, McCarthy, Murphy, Mutterer, and Sexton. The operative pleading is the initial complaint. *See* IJX 7 to Eickemeyer Decl.

**Not Controverted for purposes of this motion.**

7

24.     The defendants presently seeking coverage under the Arch Policy for the Sphinx Action include Grant, Klejna, Lee, Harkins, Jaeckel and Schoen.  The operative pleading is the initial complaint.  *See* IJX 12 to Eickemeyer Decl.

**Not Controverted for purposes of this motion.**

## The First Arch Coverage Action

25.     On March 9, 2006, Arch filed a declaratory judgment action in the New York Supreme Court seeking declarations that, based on the Arch and AWAC Prior Knowledge Exclusions, the Arch Policy did not afford coverage for the Underlying Matters that had then been filed, including the Criminal Action, the Securities Litigation, the T.H. Lee Action, the American Financial Action, and the RCM Action.  *See* First Amended Complaint, Ex. C to Eickemeyer Decl.

**Not Controverted for purposes of this motion.**

26.     In September 2006, Bennett filed a motion to stay the action in light of his pending criminal trial and subsequently filed a reply brief on the motion to stay.  *See* Ex. D to Eickemeyer Decl., Reply Brief in Support of Bennett Motion to Stay Action.

**Not Controverted for purposes of this motion.**

27.     In addition, a number of former Refco officers (including Grant, Klejna, Murphy, Silverman, Sexton and Sherer) moved to dismiss or stay the action and subsequently filed a reply brief on their motion.  *See* Ex. E to Eickemeyer Decl., Reply Memorandum in Support of Officer Defendants' Motion to Dismiss or Stay Amended Complaint.

**Not Controverted for purposes of this motion.**

28.    In an order dated February 20, 2007, the state court dismissed Arch's coverage action without prejudice.  *See* Feb. 20, 2007 Order, Exhibit F to Eickemeyer Decl.

**Not Controverted for purposes of this motion.**

**The Guilty Pleas**

29.    On January 16, 2007, a third superseding indictment was filed against Bennett in the Criminal Action. *See* IJX 18 to Eickemeyer Decl.

**Not Controverted for purposes of this motion.**

30.    On February 15, 2008, Bennett pleaded guilty to all charges against him in the Criminal Action as set forth in the third superseding indictment.  *See* IJX 21 to Eickemeyer Decl. The court found that Bennett's guilty plea was made voluntarily and knowingly and that there was a sufficient factual basis for the plea.  *Id.* at 20.

**Not Controverted for purposes of this motion.**

31.    On May 30, 2008 Bennett filed a sentencing memorandum in the Criminal Action.  *See* Ex. G to Eickemeyer Decl.

**Not Controverted for purposes of this motion.**

32.    On July 3, 2008, Bennett was sentenced to a prison term of sixteen years.  *See* IJX 23 to Eickemeyer Decl.

**Not Controverted for purposes of this motion.**

33.    On December 19, 2007, Maggio pleaded guilty to a four-count criminal information charging him with conspiracy, securities fraud and wire fraud.  *See* IJX 20 to Eickemeyer Decl.

**Not Controverted for purposes of this motion, but also not relevant to the present motion.**

34.     On February 20, 2008, Trosten pleaded guilty to conspiracy, money laundering and securities, wire and bank fraud.  *See* IJX 22 to Eickemeyer Decl.

**Not Controverted for purposes of this motion, but also not relevant to the present motion.**

35.     A fourth superseding indictment was filed against Tone Grant in the Criminal Action on February 26, 2008 (the "S4 Indictment").  *See* IJX 19 to Eickemeyer Decl.  On April 17, 2008, a jury found Grant guilty on all counts.  *See* IJX 24 to Eickemeyer Decl.

**Not Controverted for purposes of this motion, but also not relevant to the present motion.**

## The Present Coverage Proceedings

36.     Arch filed this action in the New York Supreme Court on January 4, 2008 and filed its first amended complaint on February 21, 2008.  *See* Ex. A to Jun. 9, 2008 Notice of Removal [Docket Entry #1].

**Not Controverted for purposes of this motion.**

37.     On April 17, 2008, Bennett stipulated to the entry of judgment against him on Counts I and II of Arch's first amended complaint.  *See* Stipulation of Judgment against Defendant Phillip R. Bennett, Ex. H to Eickemeyer Decl. Judgment was entered against Bennett on April 24, 2008.  *See* Judgment Against Phillip R. Bennett, Ex. I to Eickemeyer Decl.

**Not controverted for purposes of this motion, but Bennett's stipulation is not relevant  to the claims against the Insureds, or to the present motion.**

10

38.    On June 4, 2008, Eric Lipoff, one of the defendants in the action, removed the proceedings to this Court.  *See* Jun. 9, 2008 Notice of Removal [Docket Entry #1].

**Not Controverted for purposes of this motion.**

**B.    Pursuant to Local Rule 56.1(b), the Insureds respectfully submit the following Statement of Additional Material Facts.**

1.    The "non-imputation" provision of the "Full Severability" Endorsement to the U.S. Specialty Policy was not intended to be limited to matters in the Application.  *See* IJX, Ex. 26 at Endorsement No. 10; Sylwestrzak Decl. at ¶ 6.

2.    The "inverted warranty" that Marsh authorized Arch and the other excess insurers to add "if needed to bind" was intended to operate as a substitute for, and with the same effect as, the warranty that would have resulted from Bennett answering Question 12(b) in the Application.  *See* Sylwestrzak Decl. at ¶ 9.

3.    Arch never requested any modification of the non-imputation provision in Endorsement No. 10 to the U.S. Specialty Policy.  *See id.* ¶10

4.    Arch never clearly and unambiguously indicated that the Arch Prior Knowledge Exclusion would not be subject to the severability provisions of the Primary Policy.  *See id.* ¶ 10.

5.    A reasonable reading of the Arch Prior Knowledge Exclusion, in conjunction with the Full Severability Endorsement, is that it excludes coverage for an insured who had knowledge of any facts or circumstances likely to afford grounds for a claim, while maintaining coverage for insureds who had no such knowledge

6.    Arch's interpretation of the Arch Prior Knowledge Exclusion would render its Policy illusory.

7.    Insofar as Arch relies on the AWAC Prior Knowledge Exclusion, each of the

additional facts set forth in Part B of the Response to AWAC's Rule 56.1 Statement.


Dated: New York, New York
        August 8, 2008


 /s/ Helen B. Kim                           /s/ John J. Jerome
HELEN B. KIM (HK-8757)                   JOHN J. JEROME (JJ-2413)
KATTEN MUCHIN ROSENMAN LLP               TIMOTHY E. HOEFFNER
2029 Century Park East, Suite 2600       SAUL EWING LLP
Los Angeles, CA 90027                    245 Park Avenue, 24th Floor
Telephone: (310) 788-4525                New York, NY  10167
Facsimile: (310) 788-4471                Telephone:  (212) 672-1996
                                         Facsimile:  (212) 672-1920
                                         *Attorneys for Defendant*
KATTEN MUCHIN ROSENMAN LLP               *Joseph Murphy*
Philip A. Nemecek (PN-3319)
575 Madison Avenue
New York, NY  10022-2585
Telephone:      212-940-8834
Facsimile:      212-940-8776
*Attorneys for Defendant Dennis A. Klejna*


12

/s/ Michael F. Walsh
GREG A. DANILOW (GD-1621)
MICHAEL F. WALSH  (MW-8000)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
*Attorneys for Defendants Leo R. Breitman, Nathan Gantcher, David V. Harkins, Scott L. Jaeckel, Thomas H. Lee, Ronald L. O'Kelley, and Scott A. Schoen*

/s/ Ivan Kline
STUART I. FRIEDMAN (SF-9186)
IVAN KLINE (IK-9591)
FRIEDMAN & WITTENSTEIN
A Professional Corporation
600 Lexington Avenue
New York, NY  10022
Telephone:  (212) 750-8700
Facsimile:  (212) 223-8391
*Attorneys for Defendants William M. Sexton and Gerald M. Sherer*

/s/ William Fleming
WILLIAM FLEMING (WF-0411)
GAGE SPENCER & FLEMING, LLP
410 Park Avenue, 9th Floor
New York, New York 10022
Telephone:  (212) 768-4900
*Attorneys for Defendants John D. Agoglia and Peter McCarthy*

/s/ Richard Cashman
RICHARD CASHMAN (RC-4769)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, NY  10036-6524
Telephone:  (212) 832-8300
Facsimile:  (212) 763-7600
*Attorneys for Defendant Philip Silverman*

/s/ Claire P. Gutekunst
CLAIRE P. GUTEKUNST (CG-0117)
JESSICA MASTROGIOVANNI
PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
*Attorneys for Defendant Richard N. Outridge*

13