John H. Eickemeyer (JE-8302)
Daniel C. Green (DG-0059)
VEDDER PRICE P.C.
1633 Broadway, 47th Floor
New York, New York 10019

Daniel J. Standish (*pro hac vice*)
Marc E. Rindner (*pro hac vice*)
Cara Tseng Duffield (*pro hac vice*)
WILEY REIN LLP
1776 K Street NW
Washington, D.C. 20006

*Attorneys for Plaintiff Arch Insurance Company*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ARCH INSURANCE COMPANY,  )<br>)<br>**Plaintiff,**  )<br>)<br>v.  )<br>)<br>JOHN D. AGOGLIA, et al.,  )<br>)<br>**Defendants.**  )<br>) | No. 08-CIV-5252 (GEL)<br>ECF Case |

**PLAINTIFF ARCH INSURANCE COMPANY'S ANSWER TO
COUNTERCLAIM OF JOHN D. AGOGLIA AND PETER MCCARTHY**

Defendant Arch Insurance Company ("Arch"), by and through its undersigned counsel, answers and responds to the Counterclaim filed by Defendants John D. Agoglia and Peter McCarthy (the "Counterclaim Plaintiffs"). Arch responds to the numbered allegations contained in the Counterclaim as follows, with the paragraph numbers corresponding to those used in the Counterclaim. Each and every allegation of the Counterclaim not specifically admitted below is denied.

1

1. Arch admits that it issued a fourth excess D&O liability policy to Refco, Inc. for the period August 11, 2005 to August 11, 2006. Arch further admits that Counterclaim Plaintiffs, as well as certain other Insureds under the Arch Policy, have been named as defendants in various criminal and civil proceedings relating to the collapse of Refco and have sought coverage under the Arch Policy for those actions. Arch otherwise denies the allegations in paragraph 1.

2. Arch admits that it has denied coverage for the Underlying Matters. Arch admits that it instituted this action seeking a declaration that the Arch Policy does not provide coverage to any of the Insureds in connection with the Underlying Matters. Arch otherwise denies the allegations in paragraph 2.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, Arch denies the allegations in paragraph 3. Arch also avers that it has no obligation to provide coverage under the Arch Policy for the Underlying Matters.

4. The allegations in paragraph 4 consist of legal conclusions to which no response is required. To the extent a response is required, Arch admits that an actual controversy exists between Arch and the Counterclaim Plaintiffs. Arch denies that Counterclaim Plaintiffs are entitled to the relief that they seek in the Counterclaim. Arch otherwise denies the allegations in paragraph 4.

5. The allegations in paragraph 5 consist of legal conclusions to which no response is required. To the extent a response is required, Arch denies the allegations in paragraph 5 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

6. The allegations in paragraph 6 consist of legal conclusions to which no response is required. To the extent a response is required, upon information and belief, Arch denies that there is complete diversity of citizenship between the Counterclaim Plaintiffs and Arch. Arch otherwise denies the allegations in paragraph 6.

7. The allegations in paragraph 7 consist of legal conclusions to which no response is required. To the extent a response is required, Arch admits the allegations in paragraph 7.

8. Arch denies the allegations in the first sentence of paragraph 8 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Upon information and belief, Arch admits the allegations in the second sentence of paragraph 8.

9. Arch denies the allegations in paragraph 9 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

10. Arch admits the allegations in paragraph 10 of the Counterclaim.

11. Arch admits the allegations in paragraph 11 of the Counterclaim and refers to the October 10, 2005 and October 11, 2005 press releases, which speak for themselves.

12. Upon information and belief, Arch admits that, on October 17, 2005, Refco Inc. and certain of its subsidiaries filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code. Arch refers to the petitions and other papers filed in the referenced bankruptcy proceedings, which speak for themselves.

13. Upon information and belief, Arch admits the allegations in paragraph 13 and refers to the third superseding indictment filed against Bennett, Trosten and Grant and the criminal information filed against Maggio, which speak for themselves.

14. Upon information and belief, Arch admits the allegations in paragraph 14.

3

15. Arch admits that the Counterclaim Plaintiffs have been named as defendants in the action *Kirschner v. Agoglia, et al.*, Adv. Proc. No. 07-3060 (Bankr. S.D.N.Y.), and refers to the pleadings in that action, which speak for themselves. Arch denies the remaining allegations in paragraph 15 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

16. The allegation that the Counterclaim Plaintiffs properly gave notice of the Underlying Action to Arch is a legal conclusion to which no response is required. To the extent a response is required, Arch denies the allegation. Arch admits that the Counterclaim Plaintiffs have sought coverage under the Arch Policy. Arch denies the remaining allegations in paragraph 16 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

17. Upon information and belief, Arch admits the allegations in paragraph 17.

18. Upon information and belief, Arch admits the allegations in paragraph 18.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, Arch states that the terms, conditions and exclusions of the referenced insurance policy speak for themselves and otherwise denies the allegations in paragraph 19.

20. Upon information and belief, Arch admits that U.S. Specialty has made payments totaling $10 million to or on behalf of certain individuals claiming to be insureds under the U.S. Specialty Policy. Arch denies that the limit of liability of the U.S. Specialty Policy has been exhausted by the payment of loss covered under the U.S. Specialty Policy. Arch further denies the remaining allegations in paragraph 20 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

NEWYORK/#199348.1

21. Upon information and belief, Arch admits the allegations in paragraph 21.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, Arch states that the terms, conditions and exclusions of the referenced insurance policies speak for themselves and otherwise denies the allegations in paragraph 22.

23. Upon information and belief, Arch admits that Lexington has made payments totaling $7.5 million to or on behalf of certain individuals claiming to be insureds under the Lexington Policy. Arch denies that the limit of liability of the Lexington Policy has been exhausted by the payment of loss covered under the Lexington Policy. Arch further denies the remaining allegations in paragraph 23 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

24. Upon information and belief, Arch admits the allegations in paragraph 24.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is required, Arch states that the terms, conditions and exclusions of the referenced insurance policies speak for themselves and otherwise denies the allegations in paragraph 25.

26. Upon information and belief, Arch admits that Axis was ordered by the United States Bankruptcy Court of the Southern District of New York to advance defense costs to the Insureds for certain of the Underlying Matters. Upon information and belief, Arch admits that Axis has made payments totaling $10 million to or on behalf of certain individuals claiming to be insureds under the Axis Policy. Arch denies that the limit of liability of the Axis Policy has been exhausted by the payment of loss covered under the Axis Policy.

27. Upon information and belief, Arch admits the allegations in paragraph 27.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, Arch states that the terms, conditions and exclusions of the referenced insurance policies speak for themselves and otherwise denies the allegations in paragraph 28.

29. Upon information and belief, Arch admits that AWAC was ordered by the United States Bankruptcy Court of the Southern District of New York to advance defense costs to the Insureds for certain of the Underlying Matters. Upon information and belief, Arch admits that the AWAC Policy currently is being depleted. Arch denies that the limit of liability of the AWAC Policy has been exhausted by the payment of loss covered under the AWAC Policy.

30. Arch admits that it issued the Arch Policy to Refco, Inc. Arch refers to the terms, conditions and exclusions of the Arch Policy, which speak for themselves.

31. Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is required, Arch states that the terms, conditions and exclusions of the referenced insurance policies speak for themselves and otherwise denies the allegations in paragraph 31.

32. Arch admits that certain of the Insureds have requested coverage under the Arch Policy for certain of the Underlying Actions. Arch admits that it has denied coverage for the Underlying Actions. Arch denies that it currently has any obligation to advance defense costs in connection with the Underlying Actions.

33. Arch admits that certain insureds have filed suit against AWAC and Arch in the action captioned *Murphy, et al. v. Allied World Assurance Company (U.S.), Inc.*, No. 08-4196 (GEL) (S.D.N.Y.), and refers to the first amended complaint in that action, which speaks for itself.

34. Upon information and belief, Arch admits the allegations in paragraph 34.

35. Arch admits that in various communications, including a letter dated March 9, 2006, it has taken the position that there is no coverage available under the Arch Policy for certain lawsuits and proceedings, including the Underlying Matters. Those communications speak for themselves. Arch otherwise denies the allegations in paragraph 35.

36. Arch admits that the March 9, 2006 letter sets forth several bases for denying coverage under the Arch Policy for certain lawsuits and proceedings, including some or all of the Underlying Matters. Arch refers to that letter, which speaks for itself. Arch otherwise denies the allegations in paragraph 36.

37. In response to the allegations in paragraph 37, Arch states that the referenced letter speaks for itself and otherwise denies the allegations in paragraph 37.

38. In response to the allegations in paragraph 38, Arch states that the referenced letters speak for themselves. Arch admits, however, that in each of the referenced letters it has maintained its position that there is no coverage available under the Arch Policy for some or all of the Underlying Matters.

39. Arch denies the allegations in paragraph 39.

40. Arch admits that it has denied coverage for the Underlying Matters and that it has no obligation under the Arch Policy to advance defense costs incurred in connection with the Underlying Matters.

41. Arch incorporates by reference its responses to paragraphs 1 through 40.

42. Paragraph 42 contains legal conclusions to which no response is required. To the extent that a response is required, Arch denies the allegations in paragraph 42. Arch also states that is has no obligation to provide coverage under the Arch Policy for the Underlying Matters.

43. Paragraph 43 contains legal conclusions to which no response is required. To the extent a response is required, Arch denies the allegations in paragraph 43. Arch also states that is has no obligation to provide coverage under the Arch Policy for the Underlying Matters.

44. Paragraph 44 contains legal conclusions to which no response is required. To the extent a response is required, Arch denies the allegations in paragraph 44. Arch also states that it has no obligation to provide coverage under the Arch Policy for the Underlying Matters.

45. Arch admits that all premiums for the Arch Policy have been paid. The remaining allegations in paragraph 45 consist of legal conclusions to which no response is required. To the extent that a response is required, Arch denies those allegations. Arch also states that the payment of premiums alone is not sufficient to trigger coverage under the Arch Policy for the Underlying Matters.

46. Paragraph 46 contains legal conclusions to which no response is required. To the extent that a response is required, Arch denies the allegations in paragraph 46.

47. Paragraph 47 contains legal conclusions to which no response is required. To the extent that a response is required, Arch states that the terms, conditions and exclusions of the Arch Policy speak for themselves. Arch also states that there is no coverage under the Arch Policy for the Underlying Matters.

48. Paragraph 48 contains legal conclusions to which no response is required. To the extent a response is required, Arch admits the allegations in paragraph 48.

49. Paragraph 49 contains legal conclusions to which no response is required. To the extent a response is required, Arch denies the allegations in paragraph 49. Arch further denies that Plaintiffs are entitled to the relief sought.

50. Arch incorporates by reference its responses to paragraphs 1 through 49.

51. Paragraph 51 contains legal conclusions to which no response is required. To the extent a response is required, Arch denies the allegations in paragraph 51.

52. Arch admits that it has denied coverage for the Underlying Matters. Arch denies that it has refused to make any payments that it is contractually obligated to make.

53. Paragraph 53 contains legal conclusions to which no response is required. To the extent a response is required, Arch denies the allegations in paragraph 53. Arch further denies that Plaintiffs are entitled to the relief sought.

54. Arch incorporates by reference its responses to paragraphs 1 through 53.

55. Paragraph 55 contains legal conclusions to which no response is required. To the extent a response is  required, Arch denies the allegations in paragraph 55. Arch also states that it has no obligation to provide coverage under the Arch Policy for the Underlying Matters.

56. Arch admits that it has denied coverage for the Underlying Matters under the Arch Policy. Arch denies that it has "denied its contractual obligations." Arch further denies that it has any obligation under the Arch Policy to provide coverage for the Underlying Matters. Arch otherwise denies the allegations in paragraph 56.

57. Arch admits that all premiums for the Arch Policy have been paid. The remaining allegations in paragraph 57 contain legal conclusions to which no response is required. To the extent that a response is required, Arch denies those allegations. Arch also states that the payment of the premiums alone is not sufficient to trigger coverage under the Arch Policy for the Underlying Matters.

58. Paragraph 58 contains legal conclusions to which no response is required. To the extent that a response is required, Arch denies the allegations in paragraph 58.

9

59. Paragraph 59 contains legal conclusions to which no response is required. To the extent that a response is required, Arch states that the terms, conditions and exclusions of the Arch Policy speak for themselves. Arch also states that there is no coverage under the Arch Policy for the Underlying Matters.

60. Paragraph 60 contains legal conclusions to which no response is required. To the extent a response is required, Arch denies the allegations in paragraph 60.

61. Paragraph 61 contains legal conclusions to which no response is required. To the extent a response is required, Arch denies the allegations in paragraph 61.

62. Paragraph 62 contains legal conclusions to which no response is required. To the extent a response is required, Arch denies the allegations in paragraph 62.

63. Paragraph 63 contains legal conclusions to which no response is required. To the extent a response is required, Arch denies the allegations in paragraph 63.

The remainder of the Counterclaim constitutes Counterclaim Plaintiffs' prayer for relief to which no response is required. To the extent a response is required, Arch denies the allegations in paragraphs 1 through 6 of the prayer for relief. Arch further denies that Counterclaim Plaintiffs are entitled to any relief from Arch, including but not limited to the relief specifically sought in paragraphs 1 through 6 of the prayer for relief. Except to the extent expressly admitted in this answer, Arch denies the allegations of the Counterclaim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs fail to state a claim for which relief can be granted against Arch.

### SECOND AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims against Arch are or may be barred in whole or in part by the doctrine of unclean hands, laches, waiver, or estoppel.

## THIRD AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims against Arch are or may be barred in whole or in part because Arch has no contractual obligation to provide coverage until the **Underlying Limit** of the **Underlying Insurance** is exhausted. Section I.B of the Policy provides:

> The insurance coverage afforded by this Policy shall apply only after exhaustion of the **Underlying Limit** solely as a result of actual payment, in legal currency, under the **Underlying Insurance** in connection with **Claim(s)** and after the **Insureds** shall have paid the full amount of any applicable deductible or self insured retentions.

Arch Policy, Section I.B.

## FOURTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims against Arch are or may be barred in whole or in part to the extent the **Underlying Limit** of the **Underlying Insurance** has not been properly exhausted by payment of **Loss** covered under the **Underlying Insurance**.

## FIFTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims against Arch are or may be barred in whole or in part to the extent the coverage sought exceeds the Arch Policy's maximum limit of liability of $10 million.

## SIXTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims against Arch are barred by the Arch Prior Knowledge Exclusion, which provides:

> If any **Insured** as of August 11, 2005 has any knowledge of or information concerning any act, error, omission, fact, matter or circumstance that might give rise to a **Claim** under this Policy, the Excess Insurer shall not be liable to make any payment under this Policy as a result of a Claim arising out of, based upon or attributable to any such act, error, omission, fact, matter or circumstance.

Arch Policy, Endorsement 4.

11

### SEVENTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims against Arch are barred by the AWAC Prior Knowledge Exclusion, which provides:

> It is hereby understood and agreed that the **Insurer** shall not be liable for **Loss** in connection with any claim or claims made against the **Insureds**:
>
> > (a)   alleging, arising out of, based upon, in consequence of, or attributable to facts or circumstances of which any Insured had knowledge as of inception and (i) which a reasonable person would suppose might afford valid grounds for a claim which would fall within the scope of the coverage hereunder, or (ii) which indicate the probability of any such claim.

AWAC Policy, Endorsement 3.

### EIGHTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims against Arch are barred because Arch has a duty to advance only covered **Defense Costs**.  The Primary Policy provides:

> (1)   The Insurer will have no duty under this Policy to defend any **Claim**. . . .
>
> (2)   The Insurer will pay covered **Defense Costs** on an as-incurred basis.  If it is finally determined that any **Defense Costs** paid by the Insurer are not covered under this Policy, the **Insureds** agree to repay such non-covered **Defense Costs** to the Insurer.

U.S. Specialty Policy, Condition (D).

### NINTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims against Arch are or may be barred in whole or in part to the extent that Plaintiffs seek coverage for matters that do not constitute **"Claims** . . . for **Wrongful Acts**." U.S. Specialty Policy, Insuring Agreement (A); *id.*, Definitions (B), (P).

12

### TENTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims against Arch are or may be barred in whole or in part to the extent that Plaintiffs seek coverage for **Claims** that were not "first made during the **Policy Period.**" U.S. Specialty Policy, Insuring Agreement (A).

### ELEVENTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims against Arch are or may be barred in whole or in part to the extent that Plaintiffs seek coverage for amounts that do not constitute "**Loss.**" U.S. Specialty Policy, Definition (G), as amended by Endorsement No. 4.

### TWELFTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims against Arch are or may be barred in whole or in part to the extent that Plaintiffs are not "**Insured Persons**." U.S. Specialty Policy, Definition (F).

### THIRTEENTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims against Arch are or may be barred in whole or in part because Arch "will not be liable to make any payment of **Loss** in connection with a **Claim** . . . arising out of, based upon or attributable to the commission by any **Insured** of any criminal or deliberately fraudulent or dishonest act; provided, that this [exclusion] will apply only if there has been a final adjudication adverse to such **Insured** establishing that the **Insured** so acted." U.S. Specialty Policy, Exclusion (B).

### FOURTEENTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims against Arch are or may be barred in whole or in part because Arch "will not be liable to make any payment of **Loss** in connection with a **Claim** . . . arising out of based upon or attributable to the gaining by any **Insured** of any profit or advantage to which the **Insured** was not legally entitled; provided, that this [exclusion] will apply only if

there has been a final adjudication adverse to such **Insured** establishing that the **Insured** gained such a profit or advantage." U.S. Specialty Policy, Exclusions, Section (A).

## FIFTEENTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims against Arch are or may be barred in whole or in part by the January 14, 2005 warranty letter from Refco Group Ltd. LLC to Axis, which was signed by Bennett.

## SIXTEENTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims against Arch are or may be barred in whole or in part because Arch will not be liable to make any payment of **Loss** in connection with a **Claim**

> brought by or on behalf of, or in the name or right of, the Company, whether directly or derivatively, or any **Insured Person**, unless such **Claim** is: (1) brought and maintained independently of, and without the solicitation of, assistance or active participation of, the **Company** or any **Insured Person**, or (2) for an actual or alleged wrongful termination of employment, or (3) brought or maintained by an **Insured Person** for contribution or indemnity and directly results from another **Claim** covered under this Policy, or (4) brought and maintained by an employee of the **Company** solely to enforce his or her rights as a holder of securities issued by the **Company**; provided that this [exclusion] will not apply to **Claims** brought by a trustee in bankruptcy, receiver, conservator, rehabilitator, liquidator or other similar official duly appointed with respect to the **Company**.

U.S. Specialty Policy, Exclusion (F).

## SEVENTEENTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims against Arch are or may be barred in whole or in part by the Prior Notice Exclusion in Endorsement 2 of the Arch Policy.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims against Arch are or may be barred in whole or in part by the Pending and Prior Litigation Exclusion in Endorsement 1 of the Arch Policy.

14

### NINETEENTH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims against Arch are or may be barred in whole or in part to the extent Counterclaim Plaintiffs have failed to give Arch timely and proper notice of the Underlying Actions. U.S. Specialty Policy, Condition (B).

### TWENTIETH AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims against Arch are or may be barred in whole or in part to the extent Counterclaim Plaintiffs have entered into settlements in the Underlying Actions without obtaining Arch's prior written consent. U.S. Specialty Policy, Condition (B).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims against Arch are or may be barred in whole or in part to the extent that Arch is entitled to an allocation between "**Loss** covered by [the Arch Policy] and loss not covered by the [Arch Policy]" for amounts incurred in connection with the Underlying Actions. U.S. Specialty Policy, Condition (D)(3).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' claims against Arch are or may be barred in whole or in part to the extent Counterclaim Plaintiffs are insured in connection with the Underlying Actions by other valid and collectible insurance. U.S. Specialty Policy, Condition (B).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The specified coverage provided under the Policy is subject to and limited by all of its terms, conditions and exclusions. There may be other terms, conditions and exclusions of the Policy that operate to bar or limit coverage for some or all of the amounts for which Counterclaim Plaintiffs seek coverage of which Arch is presently unaware. Arch reserves its right to raise affirmatively other terms, conditions and exclusions as defenses to coverage as appropriate.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Arch incorporates by reference the allegations and causes of action asserted against Counterclaim Plaintiffs in its First Amended Complaint in this action as well as in any future amendment thereto.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Arch reserves the right to assert affirmatively any other matter that constitutes an avoidance or affirmative defense under applicable laws and rules.

WHEREFORE, Arch respectfully requests that the Court dismiss the Counterclaim with prejudice, award Arch its fees and costs, and grant Arch such other relief as the Court deems proper.

Date:  August 22, 2008

                Respectfully submitted,

By:  s/ John H. Eickemeyer
     John H. Eickemeyer (JE-8302)
     Daniel C. Green (DG-0059)
     VEDDER PRICE P.C.
     1633 Broadway, 47th Floor
     New York, NY 10019
     (212) 407-7700

     Daniel J. Standish (*pro hac vice*)
     Marc E. Rindner (*pro hac vice*)
     Cara Tseng Duffield (*pro hac vice*)
     WILEY REIN LLP
     1776 K Street, N.W.
     Washington, D.C. 20006
     (202) 719-7000

*Counsel for Plaintiff Arch Insurance Company*

## CERTIFICATE OF SERVICE

I, Daniel C. Green, hereby declare, pursuant to 28 U.S.C. 1746, under penalty of perjury, as follows:

1.  On August 22, 2008, I caused a copy of the within **Plaintiff Arch Insurance Company's Answer to Counterclaim of John D. Agoglia and Peter McCarthy** to be served upon all parties who have made appearances and are registered to receive e-notices in the above-captioned action by electronically filing same, thereby ensuring that counsel to each such party received same; and

2.  On August 22, 2008, I caused copies of the within **Plaintiff Arch Insurance Company's Answer to Counterclaim of John D. Agoglia and Peter McCarthy** to be served upon all parties who have not yet registered to receive e-notices in the above-captioned action by depositing true copies of same into the custody of the United States Postal Service, addressed to their counsel as follows:

| Party | Counsel |
| --- | --- |
| Agoglia, John D.<br>McCarthy, Peter J. | William Fleming, Esq.<br>Gage Spencer & Fleming, LLP<br>410 Park Avenue<br>New York, NY  10022<br>(212) 768-4900<br>wfleming@gagespencer.com |
| Mutterer, Frank | Janet Costello, Esq.<br>Gibbons, P.C.<br>One Gateway Center<br>Newark, NJ  07102<br>(973) 596-4825<br>jcostello@gibbonslaw.com |
| Trosten, Robert C. | Barbara Moses, Esq.<br>Morvillo, Abramowitz, Grand,<br>   Iason & Silberberg, PC<br>565 Fifth Avenue<br>New York, NY  10017<br>(212) 880-9540<br>bmoses@magislaw.com |

Dated:  August 22, 2008

s/ Daniel C. Green<br>Daniel C. Green

NEWYORK/#199348.1