```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                                        :
XL SPECIALTY INSURANCE COMPANY,                         :
                                                        :
                              Plaintiff,                :
                                                        :
                 -v-                                    :        08 Civ. 3821 (GEL)
                                                        :
JOHN D. AGOGLIA et al.,                                 :
                                                        :
                              Defendants.               :
                                                        :
----------------------------------------------------------------x
                                                        :
JOSEPH MURPHY et al.                                    :
                                                        :
                              Plaintiffs,               :
                                                        :
                 -v-                                    :        08 Civ. 4196 (GEL)
                                                        :
ALLIED WORLD ASSURANCE COMPANY                          :
(U.S.), INC. and ARCH INSURANCE                         :        OPINION AND ORDER
COMPANY,                                                :
                                                        :
                              Defendants.               :
                                                        :
----------------------------------------------------------------x
                                                        :
ARCH INSURANCE COMPANY,                                 :
                                                        :
                              Plaintiff,                :
                                                        :
                 -v-                                    :        08 Civ. 5252 (GEL)
                                                        :
JOHN D. AGOGLIA et al.,                                 :
                                                        :
                              Defendants.               :
                                                        :
----------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/09

GERARD E. LYNCH, District Judge:

Various former directors & officers of Refco (collectively, "the insureds") move for reconsideration of the portion of this Court's March 2, 2009 Opinion and Order (the "Opinion") granting the motions for summary judgment of Allied World Assurance Company ("AWAC") and Arch Insurance Company ("Arch"). See XL Specialty Ins. Co. v. Agoglia, Dkt. No. 08 Civ. 3821, 2009 WL 1227485 (S.D.N.Y. Apr. 30, 2009).[1]  XL Specialty Insurance Company ("XL") moves for reconsideration of the portion of the Opinion denying its motion for summary judgment.[2]  The insureds' motion will be denied.  XL's motion will be granted, but on reconsideration, XL's motion for summary judgment is again denied.

## I.    Legal Standard

Local Civil Rule 6.3 provides that a party may submit a motion for reconsideration "setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked."  Loc. Civ. R. 6.3.  Reconsideration is appropriate "only where there is an intervening change of controlling law, newly available evidence, or the need to correct a clear error or prevent manifest injustice."  In re Salomon Winstar Litig., No. 02 Civ. 6171, 2006 WL 510526, at *1 (S.D.N.Y. Feb. 28, 2006).

---

[1] Due to a scanning error, the March 2 Opinion was originally docketed, and published to Westlaw and Lexis, with a few paragraphs of text missing from its penultimate page.  A corrected version of the Opinion was re-docketed on April 30, 2009.  As a result, the Opinion now appears on Westlaw with an April 30, 2009 file date.

[2] The insureds moving for reconsideration are Dennis Klejna, Joseph Murphy, and Philip Silverman.  The insureds opposing XL's motion for reconsideration are John Agoglia, Leo Breitman, Nathan Gantcher, David Harkins, Scott Jaeckel, Klejna, Thomas Lee, Peter McCarthy, Murphy, Ronald O'Kelley, Richard Outridge, Scott Schoen, William Sexton, Gerald Sherer and Silverman.

## II.    The Insureds' Motion

The insureds' motion for reconsideration falls short of the standard required under Local Rule 6.3. It is based alternately on arguments already rejected by this Court and on new arguments that the insureds could have raised – but did not – in their initial briefing.

In their motion for reconsideration, the insureds cite case law – not cited in their summary judgment briefing – in support of the proposition that, when a policy contains both a severability provision and an exclusion triggered by the act of "any insured," either the severability provision controls or the exclusion is rendered ambiguous. (See Insureds' Mem. in Supp. of Mot. for Recons. 3-4.) But the cited cases do not interpret New York law and therefore do not constitute controlling authority. The insureds, indeed, concede that the case law is far from uniform and that various courts have held that the phrase "any insured" trumps a severability provision. (Id. 4; see also Arch's Opp'n to Insureds' Mot. for Recons. 4.) Furthermore, even if the case law adduced by the insureds were controlling precedent, the severability language in each of the insureds' newly-cited cases is distinguishable from the severability provision at issue here.[3]

---

[3] The severability language in the Primary Policy to which the AWAC and Arch Policies follow form states that "[n]o knowledge or information possessed by any Insured will be imputed to any other Insured." (Insurers' Joint Exhibit ("IJX") 26, End. No. 10.) By contrast, the provisions in the case law now cited by the insureds contain more explicit language of severability. See, e.g., Centennial Ins. Co. v. Ryder Truck Rental, Inc., 149 F.3d 378, 380 (5th Cir. 1998); W. Am. Ins. Co. v. AV&S, 145 F.3d 1224, 1226 (10th Cir. 1998) (both using the phrase "this Insurance applies . . . as if each Named Insured were the only Named Insured"); and State Farm Fire & Cas. Ins. Co. v. Keegan, 209 F.3d 767, 770 (5th Cir. 2000); Brumley v. Lee, 963 P.2d 1224, 1227 (Kan. 1998); Catholic Diocese of Dodge City v. Raymer, 840 P.2d 456, 459 (Kan. 1992); Shamban v. Worcester Ins. Co., 710 N.E.2d 627, 629 (Mass. App. Ct. 1999); Premier Ins. Co. v. Adams, 632 So.2d 1054, 1056 (Fla. Dist. Ct. App. 1994); Worcester Mut. Ins. Co. v. Marnell, 496 N.E.2d 158, 159 (Mass. 1986) (all using the phrase "[t]his insurance applies separately to each insured").

3

The insureds also argue that the Arch and AWAC policy binders did not include the text of the Prior Knowledge Exclusions (PKEs) and that Refco's broker therefore was unaware that the exclusions would include the "any insured" language. (Insureds' Mem. in Supp. of Mot. for Recons. 4-5.) That, however, is a new argument that the insureds did not raise in their initial briefing. A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue. EEOC v. Fed. Express Corp., 268 F. Supp. 2d 192, 199 (E.D.N.Y. 2003) ("Under Local Rule 6.3, a party may not advance new facts, issues or arguments not previously present to the Court" (internal quotation marks omitted)).

Finally, the insureds renew their request for discovery. In doing so, they merely repeat arguments they made in the underlying motion and provide no reason for the Court to reconsider its judgment.

## III.    XL's Motion

XL moves for reconsideration of the Court's denial of its motion for summary judgment. The Opinion distinguished XL's motion from AWAC's and Arch's in part on the basis that the AWAC and Arch PKEs were endorsements to an underlying policy, whereas XL's PKE (referred to in the XL Policy as an Inverted Representation Endorsement ("IRE")) was an endorsement to XL's own policy form. But XL notes that this distinction is not material and that, insofar as the Opinion granted summary judgment to AWAC and Arch on the basis that the language of the PKEs trumped the severability language in the underlying policy, the result should have been the same as to XL.[4]

_____

[4] The insureds argue that, as a threshold matter, XL's motion falls short of the standard for reconsideration under Local Rule 6.3 because XL has put forth a "new legal theory" that it

4

XL is correct that the Opinion should have been clearer that the XL IRE was an

endorsement.[5]  XL is also correct that the endorsement superseded conflicting provisions in the

policy form, despite the fact that the policy form was XL's own and not – as was the case with

AWAC and Arch – a separate underlying policy.  The Second Circuit has determined that, when

an endorsement "potentially conflicts" with other provisions of the policy, "the plain language of

the [endorsement] is controlling." Liberty Surplus Ins. Corp. v. Segal Co., 142 Fed. Appx. 511,

515 (2d Cir. 2005).  The New York Court of Appeals similarly held that an endorsement controls

over a policy form to the extent that the endorsement is irreconcilably inconsistent with the form.

Birnbaum v. Jamestown Mut. Ins. Co., 298 N.Y. 305 (1948).  See also Barry Ostrager, Insurance

---

had not raised during its summary judgment briefing.  (Insureds' Opp'n to XL's Mot. for
Recons. 5.)  XL responds that the insureds discussed the issue in their opposition to XL's motion
for summary judgment and that XL "expressly incorporated, by reference, the arguments made
by the other insurers which explicitly addressed the [legal impact of the IRE as an endorsement
to XL's own policy form]."  (XL's Reply in Supp. of Mot. for Recons. 9, n. 4.)  XL's response
mischaracterizes the underlying briefings; XL's summary judgment reply incorporated by
reference *only* AWAC and Arch's briefing on the specific issue of whether the underlying
matters arose from facts, circumstances, or situations covered by Phillip Bennett's conviction.
(XL's Reply in Supp. of Mot. for Summ. J. 10 ("all of the Underlying Matters are related to and
arise from the massive company-wide fraud at Refco . . . . XL understands that AWAC and Arch
each will discuss *these matters* in more detail in their briefs and XL respectfully incorporates
*those arguments* here, by reference") (emphasis added)).  Nonetheless, the Opinion did
distinguish XL's situation from AWAC's and Arch's in part on the basis of the IRE's status as
an endorsement to XL's own policy form.  It is therefore appropriate for XL to address perceived
errors in the Court's analysis.  See Schaffer v. Soros, No. 92 Civ. 1233, 1994 WL 592891, at *1
(S.D.N.Y. Oct. 31, 1994) (on a motion for reconsideration, a court must ' determine whether any
manifest errors were made and, if so, consider the original decision in light of the concerns
raised by the moving party.")

[5] By stating that XL's "severability provision and the IRE *both* appear in the XL Policy"
(Opinion at 32) (emphasis in original), the Court did not intend to imply that the IRE was part of
the XL Policy form rather than an endorsement *attached* to XL's Policy form.  Nevertheless, by
treating the Policy and endorsement as an integrated whole, the Court failed to give sufficient
weight to the distinct effect of an endorsement under New York law.

Coverage Disputes, Vol. 1 § 1.01[a] (2008) (endorsements supersede and control conflicting printed terms).  In JCD Int'l Gem Corp. v. Evanston Ins. Co., No. 94 Civ. 5315, 1995 WL 491337, at *2 (S.D.N.Y. Aug. 17, 1995), Judge Mukasey noted that:

> Plaintiff asserts that under New York law, ambiguous terms in an insurance contract must be read in the light most favorable to the insured.  Although this is an accurate general statement of the law, it is also true, and more directly relevant to the issue here, that where typewritten endorsements and printed standard contract language are in conflict, the typewritten endorsements, which are supposed to reflect terms negotiated between the parties, should be given effect.

Although no typewriters appear to have been involved in the instant matter, the IRE – a Microsoft Word document e-mailed to Marsh by the XL underwriter as part of a specific negotiation of terms modifying the "printed standard contract language" -- functions analogously to the "typewritten endorsements" Judge Mukasey refers to in the quotation above.  (See XL's Reply in Supp. of its Mot. for Summ. J. 5-6.)  Thus, because the IRE is an endorsement to the XL Policy, the Court should have concluded that the IRE supersedes any conflicting severability provision in the XL policy form.  Reconsideration is therefore granted to the extent the Court ruled that XL's IRE did not unambiguously supersede conflicting terms in XL's own policy form; the Court's prior Opinion is modified in this respect.

Nevertheless, summary judgment must still be denied as to XL, since this modification does not affect the Court's alternative holding that further discovery is needed as to whether the IRE ever became part of the XL Policy at all.  XL offers no persuasive reason to revisit that ruling.

6

## CONCLUSION

Accordingly, the insureds' motion for reconsideration is denied. XL's motion for reconsideration is granted, but on reconsideration XL's motion for summary judgment is again denied.

SO ORDERED.

Dated: New York, New York
   May 29, 2009

              GERARD E. LYNCH
             United States District Judge

7